# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| POLYSCIENCES, INC. | : |  |
|  | : |  |
| Plaintiff, | : | Civil Action No. 2:20-cv-03649-PBT |
|  | : |  |
| v. | : |  |
|  | : |  |
| JOSEPH T. MASRUD, | : |  |
|  | : |  |
| Defendant. | : |  |

## PLAINTIFF POLYSCIENCES, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

Plaintiff Polysciences, Inc. ("Polysciences") objects and responds to Defendant Joseph T. Masrud's ("Masrud") First Request for Production (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      Polysciences objects to the Requests to the extent that they seek information or communications protected from discovery by privilege including, but not limited to, (a) the work-product doctrine; (b) the attorney-client privilege; (c) the privileges available under the Federal Rules of Civil Procedure and Evidence; and (d) any other applicable privileges.  The inadvertent disclosure of any material protected by privilege is not intended to be and shall not be (i) a waiver of such privilege and/or protection in whole or in part or (ii) a waiver of the right to object to the use of any such document or of the information contained therein in this or any other proceeding.

2.      Polysciences objects to the Requests to the extent they seek confidential or proprietary information or personal information regarding individuals.  Polysciences will disclose relevant discoverable, non-objectionable confidential or proprietary information that is otherwise not objectionable pursuant to the terms of the proposed protective order pending before the Court in this action.  Polysciences' production of confidential or proprietary information pursuant to

these Requests shall in no way be construed as a waiver of its rights to protect such information under any other applicable legal doctrine, including trade secret law.

3.      Polysciences objects to the Requests to the extent that they seek or purport to impose obligations other than those prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, and Polysciences responds to the Requests in accordance with those rules.

4.      Polysciences objects to each Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.

5.      Polysciences objects to the Requests to the extent that they are not reasonably limited in temporal scope.

6.      Polysciences objects to the Requests to the extent they prematurely seek expert discovery.

7.      Polysciences objects to the Request to the extent that they seek materials not in its possession, custody, or control.

8.      Polysciences objects to each of the Requests to the extent it is vague, ambiguous, unduly burdensome, vexatious, or oppressive.

9.      Polysciences objects to each of the Requests to the extent it requires Polysciences to engage in a search for information where the process of such effort would be unduly burdensome on it.

10.     Polysciences objects to each of the Requests to the extent that the discovery sought is cumulative or duplicative, or to the extent that the burden or expense of discovery sought outweighs the likely benefit.

11.     Polysciences objects to each Request to the extent that it seeks materials regarding information that is equally available to Masrud through other sources that are more convenient, less burdensome, or less expensive, or otherwise subjects Polysciences to unreasonable and undue burden and expense.

12.     Polysciences objects to each Request to the extent it requests Polysciences to identify "all" information, documents, and/or things relating to a particular subject, on the ground that such Requests are overly broad and unduly burdensome.

13.     Polysciences objects to the Requests to extent that they seek information that is not relevant to a claim or defense of any party.

14.     Polysciences objects to the Request and the instructions and definitions accompanying the Requests, to the extent they call for any legal conclusions.

15.     In these responses, whenever Polysciences employs the phrase "subject to and without waiving its objections," it is responding to the particular Request as it may be narrowed by the general and specific objections and without waiver of any objection.

16.     Polysciences' agreement to produce documents should not be construed as a statement or concession that any responsive, non-objectionable documents in fact exist or are relevant or admissible into evidence.

17.     In responding to the Requests, Polysciences expressly reserves any objections it may have to the ultimate competency, relevancy, materiality, and admissibility of its responses, and expressly reserves its right to object on any applicable ground to any additional discovery promulgated by Masrud hereafter involving or relating to the subject matter of the Requests. Polysciences' responses to the Requests are based upon a reasonable and diligent investigation by Polysciences and its counsel.   Further, no inference as to the existence if any responsive

3

information or documents should be made from the assertion of any objection to any discovery request.  Polysciences further reserves the right to amend and/or supplement these responses.

18.     Polysciences objects to the time period requested for production.  Polysciences will undertake a good-faith review of its records and will commence production in a timely manner in order to complete production in accordance with the scheduling order in this case.

19.     All General Objections are incorporated by reference in each of Polysciences' responses below, as if fully set forth in each individual Request.  The failure to repeat any given General Objection in any specific instance shall not be interpreted as a waiver of any General Objection in that answer.

### SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Polysciences objects to the definition of "Plaintiff" to the extent that it seeks discovery of documents and things or information from entities other than Polysciences, Inc.  Such a definition is overbroad, unduly burdensome, and improperly seeks to extend Polysciences' obligations beyond the requirements of the Federal Rules of Civil Procedure.

2.     Polysciences objects to producing "ESI as single-page TIFF images, accompanied by load files for internal and external metadata in Concordance.dat file format, and for images in IPRO.lpt format, extracted or OCR'ed text in .txt files, and, as specified, native files."  The parties are in the process of negotiating an agreed upon ESI protocol.  At this time, Polysciences will produce non-privileged, responsive documents in pdf form, with the exception of voluminous excel documents that will be produced natively, and will not provide any corresponding metadata.  Once there is an agreed upon protocol regarding ESI, Polysciences will produce its documents and corresponding metadata in accordance with said protocol.

4

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**    All documents that you referred to, cited, or identified in the Verified Complaint, in the Memorandum in Support of Plaintiffs Motion for a Temporary Restraining Order and Preliminary Injunction, and in the Declarations of Andrew Ott and of Leena Mol Thuruthippallil, Ph.D.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search, sufficient to show documents that Polysciences relied upon or identified in the Verified Complaint, in the Memorandum in Support of Plaintiffs Motion for a Temporary Restraining Order and Preliminary Injunction, and in the Declarations of Andrew Ott and of Leena Mol Thuruthippallil, Ph.D.  Polysciences further directs Masrud to the above-mentioned filings and their exhibits.

**REQUEST NO. 2.**    All documents that relate to, refer to, or incorporate the results of any forensic examination you conducted upon any desktop, laptop, tablet, cellular phone, or other

electronic device that Masrud used during his association (either as an employee or as a consultant) with you or that you contend contains evidence that Masrud misappropriated Polysciences' trade secrets or that Masrud breached the Confidentiality and Proprietary Agreement as alleged in the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request and actively seeks to avoid discovery of such matters.  Polysciences further objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search, sufficient to show documents that evidence Masrud's misappropriation of Polysciences' trade secrets and Masrud's breach of the Confidentiality and Proprietary Agreement.

**REQUEST NO. 3.**   All documents, internal notes, and communications (whether internal or with third parties) relating to your contention that Masrud misappropriated Polysciences' trade secrets or that Masrud breached the Confidentiality and Proprietary Agreement as alleged in the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request.  Polysciences further objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search, sufficient to show documents that evidence Masrud's misappropriation of Polysciences' trade secrets and Masrud's breach of the Confidentiality and Proprietary Agreement.

**REQUEST NO. 4.**    All documents that relate to your contention that "Mr. Masrud could not have launched his PEI Products at Serochem in a matter of months after leaving Polysciences without using his knowledge of Polysciences Trade Secrets and confidential information," as alleged in Paragraph 5 of the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request, and actively seeks to prevent discovery of same.  Polysciences objects to this Request as premature until discovery is complete and to the extent it calls for expert discovery.

Subject to and without waiving its objections, Polysciences will produce non-privileged, factual documents sufficient to evidence Polysciences' support for its allegations that Mr. Masrud could not have launched his PEI Products at Serochem in a matter of months after leaving Polysciences without using his knowledge of Polysciences Trade Secrets and confidential information.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both filings.

**REQUEST NO. 5.**    All documents that relate to your contention that Polysciences "PEI Products are difficult to reverse engineer due to the statistical nature of their properties, and thus

they become inimitable once they are used in development or production processes," as alleged in Paragraph 17 of the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences further objects to this Request as unduly burdensome to the extent it calls for documents that are a matter of public record and readily available to Masrud from some other source.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request, and actively seeks to prevent such discovery.  Polysciences objects to this Request as premature until discovery is complete and to the extent it calls for expert discovery.

Subject to and without waiving its objections, Polysciences will produce non-privileged, factual documents sufficient to evidence Polysciences' support for its allegations that PEI Products are difficult to reverse engineer due to the statistical nature of their properties, and thus they become inimitable once they are used in development or production processes.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both filings.

**REQUEST NO. 6.**   All documents that relate to the "many precautions" that Polysciences "takes to protect its valuable trade secrets and proprietary confidential information," as alleged in Paragraph 32 of the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent it seeks a legal conclusion.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request.  Polysciences objects to this Request as premature until discovery is complete and to the extent it calls for expert discovery.

Subject to and without waiving its objections, Polysciences will produce non-privileged, factual documents sufficient to evidence Polysciences' support for its allegations that Polysciences takes many precautions to protect its valuable trade secrets and proprietary confidential information.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both pleadings.

**REQUEST NO. 7.**    All documents that relate to your contention, upon information and belief, that "Serochem's products are copycat versions of Polysciences [sic] non-cGMP PEI Products," as alleged in Paragraph 66 of the Verified Complaint.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request. Polysciences objects to this Request as premature until discovery is complete and to the extent it calls for expert discovery.

Subject to and without waiving its objections, Polysciences will produce non-privileged, factual documents sufficient to evidence Polysciences' support for its allegations that Serochem's products are copycat versions of Polysciences PEI Products.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both pleadings.

11

**REQUEST NO. 8.**   All documents containing or describing the confidential information, proprietary information, or trade secrets that you contend Masrud improperly took, copied, retained, or misappropriated after the termination of his association (either as an employee or as a consultant) with Polysciences. This includes, but is not limited to, documents that Masrud was entitled to have prior to the termination of his association with Polysciences but did not return after that association terminated.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request, yet seeks to thwart discovery of same.  Polysciences objects to this Request as premature until discovery is complete.

Subject to and without waiving its objections, Polysciences will produce non-privileged, factual documents sufficient to evidence Polysciences' support that Masrud improperly took, copied, retained, or misappropriated documents containing or describing the confidential information, proprietary information, or trade secrets after the termination of his association with Polysciences.  Additionally, Polysciences directs Masrud to the following documents and things

as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both filings.

**REQUEST NO. 9.**    All documents related to Polysciences' policies, procedures, instructions, trainings, and other directives (whether formal or informal) to its employees regarding the use, storage, protection, access, handling, return, and any other form of interaction relating to any confidential information, proprietary information, or trade secrets.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request.  Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search, sufficient to show Polysciences' policies regarding the protection of its confidential information, proprietary information, and trade secrets.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint,

Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both pleadings.

**REQUEST NO. 10.**   All documents related to or referring to, specifically as it relates to or concerns Polysciences' PEI Products:

(a)      Polysciences' alleged competitive advantage derived from its confidential Information;

(b)      the alleged economic value of Polysciences' confidential information; and

(c)      the alleged harm that Polysciences has suffered by the alleged misappropriation of Polysciences confidential information.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences additionally objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences also objects to this Request to the extent Masrud is in possession of the documents and things responsive to this Request. Polysciences objects to this Request as premature until discovery is complete and to the extent it calls for expert discovery.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search,

14

sufficient to show the competitive advantage derived from Polysciences' confidential Information, the economic value of Polysciences' confidential information, and the alleged harm that Polysciences has suffered by Masrud's misappropriation of Polysciences' confidential information.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both pleadings.

**REQUEST NO. 11.**   All documents that relate to or otherwise evidence any of the harm or damages that you allege in the Complaint, or any other relief you are seeking in this Action including, but not limited to, documents reflecting Plaintiff's decrease in revenue and any documents describing the methods you used to calculate or establish the amount of such damages or relief.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences further objects to this Request as unduly burdensome to the extent it calls for documents that are a matter of public record and readily available to Masrud from some other source.  Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences further objects to this Request as premature as discovery is still ongoing.  Polysciences objects to this Request to the extent responsive documents and information may be in the possession of third parties, including

Masrud.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences further objects to this Request to the extent relevant documents and information may be the subject of expert testimony.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they can be located after a reasonable search, sufficient to show a calculation of damages and evidence of irreparable harm as apppropriate.  Additionally, Polysciences directs Masrud to the following documents and things as responsive to this Request: the Verified Complaint, Polysciences' Motion for a Temporary Restraining Order and Preliminary Injunction, and all papers submitted in support of both filings.

**REQUEST NO. 12.**  Any non-proprietary or non-confidential information (whether in the form of abandoned or expired patents or documents related to same, articles in academic or scientific journals, abstracts of articles or white papers in publicly-available journals, or otherwise) that Polysciences used in the development, design, engineering and/or manufacturing of the PEI Products or that Polysciences knows to be in the public domain that relate in any manner to PEI Products.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences further objects to this Request as vague, overly broad, and unduly burdensome to the extent it requests documents "Polysciences knows to be in the public domain that relate in any manner to PEI Products."  Polysciences objects to this Request to the extent it seeks production of documents

reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Request to the extent it seeks a legal conclusion. Polysciences further objects to this Request as unduly burdensome to the extent it calls for documents that are a matter of public record and readily available to Masrud from some other source. Polysciences objects to this Request to the extent responsive documents and information may be in the possession of third parties, including Masrud. Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences states that Polysciences PEI products were not developed, designed, engineered and/or manufactured based upon publicly available information. Therefore, Polysciences has no documents responsive to this Request.

**REQUEST NO. 13.** All documents (including without limitation batch records) sufficient to demonstrate the original recipe, methods, processes, materials and specifications for Polysciences' non-cGMP PEI Products and any changes made thereto from product inception through September 2019.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above. Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome. Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested. Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected

17

by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Request to the extent it seeks a legal conclusion.  Polysciences objects to this Request to the extent responsive documents and information may be in the possession of third parties and/or Masrud.  Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they can be located after a reasonable search, sufficient to show the development of Polysciences' non-cGMP PEI Products from inception through September 2019.

**REQUEST NO. 14.**  All documents that relate to or refer to the design, engineering and/or manufacturing of Polysciences' PEI products.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Request to the extent it seeks a legal conclusion.  Polysciences further objects to this Request as premature as discovery is still ongoing.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences further objects to this Request to the

18

extent relevant documents and information may be the subject of expert testimony.  Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they can be located after a reasonable search, sufficient to show the design, engineering, and manufacturing of Polysciences' non-cGMP PEI Products.

**REQUEST NO. 15.**  Copies of any reports prepared by any expert retained or consulted by you for purposes of this litigation, including all drafts and communications with such experts and all documents provided by any individual to any expert retained or consulted by you for use by the expert in preparing any reports.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request because it exceeds the scope of permissible expert discovery under Rule 26.  Subject to and without waiving its objections, Polysciences will produce appropriate expert materials per the applicable scheduling order.

**REQUEST NO. 16.**  All documents referred to, identified in, or upon which you relied in responding to Plaintiff's Answers to Defendant Masrud's First Set of Interrogatories to Plaintiff, or that support or relate to the assertions in Plaintiff's responses to such Interrogatories.

**RESPONSE:**

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.

19

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they exist and can be located after a reasonable search, sufficient to show Polysciences' support for its responses to Defendant Masrud's First Set of Interrogatories to Plaintiff.

Dated:  September 17, 2020

/s/ *Eric E. Reed*
Eric E. Reed
Steven J. Daroci
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com
*Attorneys for Plaintiff*
*Polysciences, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 17th day of September 2020, a copy of the

foregoing was served on all counsel of record for Defendant in the action via electronic mail to:

Homans Peck, LLC
Julianne Peck, Esq.
1500 John F. Kennedy Blvd.
2 Penn Center, Suite 520
Philadelphia, PA 19102
Phone:  (215) 868–6214
JPeck@HomansPeck.com


Date: <u>September 17, 2020</u>          By: <u>*/s/ Eric E. Reed*</u>
                                            Eric E. Reed