# Exhibit C



JULIANNE PECK
PARTNER

215-868-6214
Jpeck@HomansPeck.com

October 12, 2020

**Via Electronic Mail**

Eric Reed
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
EReed@foxrothschild.com

      Re:    Polysciences, Inc. v. Joseph T. Masrud
                Civil Action No. 20-cv-03649

Dear Eric,

      This letter is intended to address the below deficiencies in Polysciences' responses to Masrud's First Set of Interrogatories and First request for production of documents.

**General Deficiencies**

      Polysciences has left it unclear as to whether it has withheld documents based on its objections, whether it has produced all documents it agreed to produce, or whether its investigation for responsive documents was complete at the time it served its initial production.  By way of example, it does not appear that Polysciences has produced any documents responsive to Request Nos. 6, 9, 11, and 12, and its production in response to other requests appears incomplete.  Please clarify where responsive documents (or additional responsive documents) do not exist.  Otherwise, please produce all outstanding responsive documents and clarify if and why responsive documents have been withheld.

      Polysciences has not produced a privilege log.

**Specific Deficiencies**

      **Interrog Nos. 2 and 3**.  Polysciences' has failed to identify all persons with knowledge of the research and development of PEI Max and Transporter 5 (Interrog 2).  It has also failed to identify all persons with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 19, 2019 of its PEI Max and Transporter 5 products.  With respect to the

limited individuals it did identify, it failed to provide (as requested) the job title, employer or business affiliations, and last known business or home address.

Polysciences cannot both claim the violation of valuable trade secrets (that it contends it spent millions of dollars and 15 years developing), and then deprive Masrud access to those witnesses with direct knowledge about these allegations and the alleged trade secrets, including, without limitation knowledge about how the products were initially developed, manufactured, and improved over the alleged 15 years.  Polysciences' claim that these interrogatories are overbroad belies its argument that its trade secrets were disclosed to a limited number of individuals.  Nevertheless, in defense of this action Masrud is entitled to discovery from the individuals who initially researched and developed the products at issue, and at a minimum the identity of the individuals employed with Polysciences at all relevant times with the best knowledge regarding these topics.

Please identify (as that term is defined) all relevant individuals (other than Masrud and Griffin) with knowledge regarding the topics requested.

**Interrog No. 5.**  Despite the fact that Masrud has produced with specificity Serochem's research and development and manufacturing methods and procedures, Polysciences has not identified with any specificity whatsoever the confidential or trade secret information that it alleges Masrud disclosed and/or used in the manufacture of Serochem's competing products.  Such specificity is required prior to any hearing in this matter, and will be required to avoid dismissal of this action.

**Interrog No. 7**.  This request had an obvious typo.  It was intended to seek information regarding documents identified in response to Interrogatory No. 6 (not Interrogatory No. 3).  Please revise Polysciences' request accordingly.

**Interrog No. 8**.  This request had the same typo as above.  It was intended to seek the identity of all confidential and/or trade secret information (outside of the documents identified in previous responses) that Polysciences contends Masrud used, and your basis for any such claim.  This interrogatory calls for information other than documents and thus any reference to Polysciences' document production is non-responsive.  Given that Polysciences now has detailed information as to Serochem's products, Polysciences should be able to answer this interrogatory with specificity.

**Request No. 2.** Seeks all documents relating to, referring to, or incorporating the results of any forensic analyses on Masrud's devices.  While Masrud has turned over his personal devices for a forensic review that is currently in process, Polysciences has had Masrud's work laptop since September, 2019, and apparently hired KLDiscovery ontrack, LLC ("KLD") to perform a forensic analysis on Masrud's work laptop.  To date, however, no responsive documents with respect to Mr. Masrud's work laptop have been produced despite the fact that some information from KLD's analysis is referenced in Polysciences Reply brief (ECF 15).  Please produce all documents regarding KLD's analysis/forensic review.

**Request No. 13.**  Seeks all documents (including batch records) regarding the original recipe, methods, processes, materials and specifications for Polysciences' non-cGMP PEI Products and any changes made thereto through September 2019. Polysciences, however, appears to have produced only current batch records which suggests that nothing has changed from inception to date.  Please confirm that no additional responsive documents exist.  Otherwise, please produce -- *at a minimum* – responsive documents for PEI Max (24765) (and its predecessors) and the Transporter 5 (26008) products, including, but not limited to, all revisions of all batch records.

**Request No. 14**.  Seeks all documents that relate to or refer to the design, engineering and/or manufacturing of Polysciences' PEI products.  Again, very limited and only what appears to be current information was produced with respect to PEI Max (and its predecessors) and Transporter 5.  Please either confirm that no additional responsive documents exist.  Otherwise please supplement the production accordingly, including, but not limited to, responsive lab notebooks, technical files, and analytical results.

Please supplement Polysciences' discovery responses (indicating where appropriate that no additional responsive documents exist) and resolve all other deficiencies identified herein within seven (7) days (i.e. by Monday, October 19), so that we can avoid having to bring these issues to the Court's attention.

                          Respectfully yours,

                          HOMANS PECK, LLC

                          Julianne L. Peck

cc:     Cali Spota (via email)