# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH T. MASRUD, <br><br> Defendant. | Case No. 20-cv-03649-PBT |

## POLYSCIENCES, INC.'S INITIAL DISCLOSURES

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Plaintiff Polysciences, Inc. ("Polysciences" or "Plaintiff") by and through its undersigned attorneys, submit its Initial Disclosures, which may be supplemented in accordance with Fed. R. Civ. P. 26(e).

### PRELIMINARY STATEMENTS

1. Plaintiff reserves the right to supplement or amend these disclosures in the future to identify additional witnesses, documents, and information that may later become known to Plaintiff or may later become relevant to the issues raised in this proceeding. By making these initial disclosures, Plaintiff does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this proceeding.

2. Plaintiff has not completed its investigation of the facts relating to this proceeding and has not completed discovery or preparation for trial. These disclosures are without prejudice to Plaintiff, and Plaintiff expressly reserves the right to supplement, clarify, or amend these disclosures should it discover additional information at any time prior to trial. Plaintiff also expressly reserves the right to rely on any facts, documents, or other evidence that may develop or come to Plaintiff's attention subsequent to these disclosures.

1

3. By making these disclosures, Plaintiff does not waive any objections it may assert as to the discoverability, relevance, or admissibility of any documents or tangible things or the testimony, competency, or both of any witnesses. Furthermore, Plaintiff expressly reserves the right to assert any applicable privilege or protection over documents, tangible things, and other materials or proffered testimony or to designate as confidential any information that may constitute trade secrets or proprietary business information.

## INITIAL DISCLOSURES

### i. Individuals Likely to Have Discoverable Information

On information and belief, the following individuals and entities are likely to have discoverable information that Plaintiff may use to support its claims or defenses:

| Persons | Subjects of Information |
|---|---|
| **Andrew Ott**<br>Executive Vice President & Chief Operating Officer<br>Polysciences, Inc.<br><br>c/o Fox Rothschild LLP<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103 | • Polysciences' Business Operations;<br>• Polysciences' Sales and Marketing;<br>• Polysciences' Polyethylenimine ("PEI") Products;<br>• Development of Polysciences' PEI Products;<br>• Manufacturing, Production, and Quality Control Processes Relating to Polysciences' PEI Products;<br>• Polysciences' Trade Secrets and Protection Thereof;<br>• Joseph T. Masrud's Employment at Polysciences;<br>• Joseph T. Masrud's Departure from Polysciences;<br>• Irreparable Harm and Damages. |
| **Scott Knorr**<br>Vice President, Sales & Business Development | • Polysciences' Business Operations;<br>• Polysciences' Sales and Marketing; |

| | |
|---|---|
| Polysciences, Inc.<br><br>c/o Fox Rothschild LLP<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103 | • Polysciences' PEI Products;<br>• Development of Polysciences' PEI Products;<br>• Manufacturing, Production, and Quality Control Processes Relating to Polysciences' PEI Products;<br>• Polysciences' Trade Secrets and Protection Thereof;<br>• Joseph T. Masrud's Employment at Polysciences;<br>• Irreparable Harm and Damages. |
| **Leena Mol Thuruthippallil, PhD**<br>Director of Lab Products<br>Polysciences, Inc.<br><br>c/o Fox Rothschild LLP<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103 | • Polysciences' PEI Products;<br>• Development of Polysciences' PEI Products;<br>• Manufacturing, Production, and Quality Control Processes Relating to Polysciences' PEI Products;<br>• General Knowledge Relating to PEI Products;<br>• Advantages of Polysciences' PEI Products Compared to Others in the Industry. |
| **Michael Wagaman, PHD**<br>Vice President Research and Development<br><br>c/o Fox Rothschild LLP<br>2000 Market Street, 20th Floor<br>Philadelphia, PA 19103 | • Polysciences PEI Products<br>• Development of Polysciences' PEI Products;<br>• Manufacturing, Production, and Quality Control Processes Relating to Polysciences' PEI Products;<br>• General Knowledge Relating to PEI Products;<br>• Advantages of Polysciences' PEI Products Compared to Others in the Industry<br>• Serochem's PEI Products |
| **Corporate Representative**<br>Serochem LLC<br><br>c/o Homans Peck, LLC | • Serochem LLC's Business Operations;<br>• Serochem LLC's PEI Products and the Design and Development Thereof; |

3

| | |
|---|---|
| 1500 John F. Kennedy Blvd.<br>2 Penn Center, Suite 520<br>Philadelphia, PA 19102 | • Serochem LLC's Sales and Marketing;<br>• Manufacturing, Production, and Quality Control Processes Relating to Serochem LLC's PEI Products;<br>• There may be additional subjects that this witness is knowledgeable about, and Plaintiff intends to investigate those subjects in discovery. |
| **Joseph T. Masrud**<br>President<br><br>c/o Homans Peck, LLC<br>1500 John F. Kennedy Blvd.<br>2 Penn Center, Suite 520<br>Philadelphia, PA 19102 | • Serochem LLC's Business Operations;<br>• Serochem LLC's PEI Products and the Design and Development Thereof;<br>• Serochem LLC's Sales and Marketing;<br>• Manufacturing, Production, and Quality Control Processes Relating to Serochem LLC's PEI Products;<br>• Defenses to Polysciences' Allegations Asserted in the Complaint;<br>• Joseph T. Masrud's Employment at Polysciences;<br>• Joseph T. Masrud's Decision to Leave Polysciences and Events Surrounding Same;<br>• Documents Concerning Polysciences' PEI Products that Joseph T. Masrud Transferred to any Non-Polysciences Email Account, Personal Computer, External Hard Drive, or Cloud Storage;<br>• Joseph T. Masrud's Usage of Polysciences' Trade Secrets;<br>• Serochem LLC's Usage of Polysciences' Trade Secrets;<br>• There may be additional subjects that this witness is knowledgeable about, and Plaintiff intends to investigate those subjects in discovery. |

Further, Plaintiff incorporates by reference the individuals listed by Defendant Joseph T. Masrud ("Defendant" or "Mr. Masrud") in his Initial Disclosures pursuant to Fed. R. Civ. P.

4

26(a). Plaintiff reserves the right to identify additional knowledgeable persons and supplement its responses before trial based upon its continuing investigation.

### ii. Description of Documents

Subject to its continuing investigation, Plaintiff believes that it has within its possession, custody, and control, in its physical and electronic files at its Warrington, Pennsylvania principal place of business, the following categories of documents, tangible things, and electronically stored information that Plaintiff may use to support its claims or defenses:

1) Documents relating to the manufacturing, production, marketing, and sales of Polysciences' PEI Products;

2) Documents relating to the development, design, structure, function, and configuration of Polysciences' PEI Products;

3) Documents relating to Polysciences' Trade Secrets and protection thereof;

4) Plaintiff's non-privileged communications, documents, and things related to Mr. Masrud's employment at Polysciences;

5) Plaintiff's non-privileged communications, documents, and things related to Mr. Masrud's departure from Polysciences;

6) Plaintiff's non-privileged communications, documents, and things related to Serochem LLC's PEI Products;

7) Plaintiff's non-privileged communications, documents, and things related to Mr. Masrud's misappropriation of the Polysciences Trade Secrets;

8) Such other documents that Plaintiff will produce in this proceeding.

Plaintiff reserves the right to supplement or amend this document disclosure pursuant to Federal Rule of Civil Procedure 26(e) if additional categories of documents are identified. By identifying these categories of documents, Plaintiff does not admit that each and every document

is relevant, admissible and/or discoverable. Plaintiff reserves all rights with regard to the admissibility of any and all documents identified herein, and does not waive any privileges that may apply to any such documents.

### iii. Computation of Damages

Plaintiff is currently seeking a permanent injunction based on Mr. Masrud's breach of contract and misappropriation of trade secrets in violation of Pennsylvania's Uniform Trade Secrets Act and the Defend Trade Secrets Act. Plaintiff is also seeking actual damages relating to Mr. Masrud's wrongful conduct. Discovery is in its early stages and computation of damages cannot be performed at this time. Additionally, Plaintiff is seeking reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred as a result of this action. Such costs and expenses continue to accrue, and therefore a computation thereof cannot be performed at this time.

### iv. Applicable Insurance

Plaintiff is not presently aware of any insurance agreement applicable to this litigation.

**FOX ROTHSCHILD LLP**

Dated: August 21, 2020

*/s/ Eric E. Reed*
Eric E. Reed
Steven J. Daroci
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com

*Attorneys for Plaintiff*
*Polysciences, Inc.*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 21st day of August 2020, a copy of the foregoing was served on all counsel of record for Plaintiffs in the action via electronic mail to:

Homans Peck, LLC
Julianne Peck, Esq.
1500 John F. Kennedy Blvd.
2 Penn Center, Suite 520
Philadelphia, PA 19102
Phone:  (215) 868–6214
JPeck@HomansPeck.com


Date: August 21, 2020                    By: */s/ Eric E. Reed*
                                              Eric E. Reed