**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| POLYSCIENCES, INC.<br><br>  Plaintiff,<br><br>  v.<br><br>JOSEPH T. MASRUD,<br><br>  Defendant. | Civil Action No. 2:20-cv-03649-PBT |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>POLYSCIENCES' MOTION TO COMPEL DISCOVERY</u>**

This case arises from Defendant Joseph T. Masrud's ("Masrud") misappropriation of trade secrets and confidential information of his former employer, Plaintiff Polysciences, Inc. ("Plaintiff" or "Polysciences"), to compete with Polysciences through Masrud's new venture, Serochem, LLC ("Serochem"). The limited document production received from Masrud, coupled with the testing of Serochem's PEI products, has demonstrated that Serochem is selling PEI products that are nearly identical to Polysciences' PEI products, and could have only been developed by using the Polysciences trade secrets. Serochem's current website reveals that Serochem is in fact still selling PEI products that are likely nearly identical to Polysciences' PEI products, despite Masrud's interrogatory answer that Serochem is not currently selling its PEI products and has only made one sale to date.

Masrud has resisted discovery of the extent of his misappropriation throughout these proceedings, and unfortunately, the meet-and-confer process has not resolved the deficiencies in Masrud's discovery answers or document production. As pertinent to this motion, Masrud refuses to: (1) produce emails and communications relating to his departure from Polysciences; and (2) provide adequate discovery regarding the development of Serochem's polyethylenimine ("PEI")

product, which includes but is not limited to, discovery into any attempt by Masrud / Serochem to design around Polysciences' method of making PEI.

After considerable time and effort spent to meet and confer with Masrud, Polysciences has been unable to reach a resolution. Accordingly, Polysciences, respectfully moves this Court to enter an order to compel Masrud to provide documents in response to the outstanding discovery requests.

## BACKGROUND

Polysciences filed its Complaint on July 27, 2020 (Dkt. No. 1), alleging misappropriation of trade secrets and other proprietary confidential information, which Mr. Masrud obtained while employed by Polysciences, and improperly used in breach of contract to launch knock-off versions of Polysciences' PEI products. Polysciences simultaneously filed a Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 3), in which Polysciences requested a temporary restraining order and/or preliminary injunction enjoining Masrud from misappropriating the Polysciences Trade Secrets in breach of his confidentiality agreement. The parties subsequently entered into a stipulated TRO, which was later endorsed by the Court. (Dkt. No. 8).

The TRO specifically required the parties to (1) exchange written requests for production and interrogatories within 14 days of the date of the TRO; and (2) respond to any written discovery and produce responsive, non-privileged documents within thirty (30) days of the TRO. Dkt. No. 8-1 at 2. On August 18, 2020, Polysciences served its First Set of Interrogatories (**Exhibit A**) and First Set of Requests for the Production of Documents and Things (**Exhibit B**). Masrud served his objections to Polysciences' discovery requests on September 17, 2020 (**Exhibits C and D**), asserting mostly boilerplate objections. These responses were deficient in many ways. For

example, Masrud's responses improperly left it unclear as to whether Masrud had any intention of producing documents based on his objections.  Further, Masrud asserted that no responsive documents existed in response to requests that sought documents that are routinely created in the ordinary course of business.  On October 16, 2020, Polysciences sent a letter to Masrud detailing the numerous deficiencies and requesting a meet and confer.  *See* **Exhibit E**.  Counsel for Masrud responded by letter on October 22, 2020 (**Exhibit F**), and counsel for both parties met and conferred on October 8 and 26, 2020.  However, Masrud has not cured the deficiencies.

## ARGUMENT AND SPECIFIC DISCOVERY DEFICIENCIES

Federal Rule of Civil Procedure 26 states, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case.'" *United States ex rel. Bergman v. Abbott Labs.,* No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Funds v. Sanders,* 437 U.S. 340, 351 (1978)).  Rule 37 allows a party to compel discovery in accordance with the definition provided in Rule 26(b)(1).  *See generally* Fed. R. Civ. P. 37; *see also Brewer v. Berks Cnty. Sheriff*, No. 13-5763, 2015 WL 13620425, at *2 (E.D. Pa. Oct. 5, 2015) (quoting *Breslin v. Dickinson Twp.*, No. 09-1396, 2011 WL 1577840 (M.D. Pa. Apr. 26, 2011)).  Although the "moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery," once this has been met, "the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing

the information." *Wright v. City of Philadelphia*, No. 16-5020, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017).

After over a month of letter campaigns and meet and confers, Masrud has produced only a nominal amount of documents, which are improperly redacted and prevent Polysciences access to important information. Masrud is also improperly withholding the bulk of his documents or claiming that said documents, which are typically created in the ordinary course of business, do not exist. *See* Exh. F at 1-3. This is impermissible, and Masrud must produce documents responsive to Polysciences' discovery requests.

### SPECIFIC REQUESTS, ANSWERS AND OBJECTIONS AT ISSUE

Per Local Rule 26.1(b), the specific requests, answers, and objections at issue are as follows:

**Plaintiff's Interrogatories:**

**Interrogatory 7**: Identify and describe all facts, documents, test reports or other support for the statement on page 2 of Jeffery Oberman's July 16, 2020 letter to Bret Puls that Serochem's PEI Prime Powder and PEI Prime AQ "are materially different from the products that Polysciences sells and provide a significant performance benefit over Polysciences' products at a lower price point."

**Masrud's Answer**: Defendant incorporates by reference his objections and responses to Interrogatory Nos. 4 and 5 as well as information produced in response to Polysciences' First Request for Production of Documents, including without limitation SEAP testing results by Kemp Proteins.

Masrud's answer to this Interrogatory is deficient, and the objections improper. Mr. Masrud's response refers Polysciences to his responses to Interrogatories No. 4 and 5 and the

SEAP testing results by Kemp Protein, but otherwise completely fails to provide an adequate answer to this Interrogatory. Per Rule 33(d), referring to documents in response to an interrogatory is only proper for business records, and then only if the answer "may be determined by examining, auditing, compiling, abstracting, or summarizing" those records, with the burden of doing so being substantially the same for either party, and the answer specifies the records. The answer does not meet these requirements. Polysciences raised this in its deficiency notice, but the matter remains unresolved. Therefore, Masrud should fully answer Interrogatory No. 7.

**Interrogatory 10**: Identify all documents concerning the Polysciences' PEI Products that Masrud transferred to any non-Polysciences email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019.

**Masrud's Answer**: Defendant objects to this Interrogatory to the extent that it seeks information in Polysciences possession, custody, and control. Defendant further objects to this Interrogatory to the extent that it seeks information that is not relevant to either party's claims or defenses. . . . Subject to and without waiving the foregoing or general objections, Defendant incorporates his objections and responses to Interrogatory No. 8.

Again, Masrud's answer to this Interrogatory is deficient, and the objections improper. This Interrogatory requests that Mr. Masrud identify all documents concerning Polysciences' PEI Products that Masrud transferred to any non-Polysciences email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019. In response to this Interrogatory, Mr. Masrud objects that the query seeks information in Polysciences' possession, custody, or control. This is a plainly invalid objection, as the entire case is about misappropriation. Mr. Masrud also directs Polysciences to his response to Interrogatory No. 8, but does not identify any additional documents. While there *may* be responsive documents that overlap with those

5

responsive to Interrogatory No. 8, Interrogatory No. 10 requests identification of a more expansive universe of documents.  Polysciences raised this in its deficiency notice, but the matter remains unresolved.  Therefore, Mr. Masrud must identify any additional documents that are responsive to Interrogatory No. 10.

**Plaintiff's Request for Production**:

**Request for Production 2**: Documents and things concerning this Action, including communications to any third-parties.

**Masrud's Response**: Defendant objects to this request on the grounds that it is vague and ambiguous and lacks sufficient particularity. Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, that is not withing Defendant's possession, custody or control, and/or is protected by the attorney-client privilege and/or attorney work product doctrine. . . . Subject to and without waiving the foregoing or general objections, Defendant incorporates by reference his objections and responses to all Requests that contain sufficient particularity.

Masrud's answer to this Request is deficient, and the objections improper.  Mr. Masrud inappropriately objects to producing documents responsive to this Request by stating that the Request is vague, seeks irrelevant information, and seeks privileged documents.  The materials sought are plainly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract.  However, Mr. Masrud refuses to produce documents response to this Request.  Further, to the extent Mr. Masrud claims a privilege as a basis for not providing any responsive information, all communications and documents containing relevant information must nonetheless be identified and included on a privilege log.  Polysciences

raised this in its deficiency notice, but the matter remains unresolved.  Therefore, Mr. Masrud must produce documents responsive to Request No. 2.

**Request for Production 4**: All documents and things, including communications and agreements, exchanged between Defendant and/or Serochem and any customers (current or former) concerning Serochem's PEI Products.

**Masrud's Response**: Defendant objects to this request on the grounds that is overbroad and to the extent that it seeks information that is not relevant to either party's claims or defenses, is not within Defendant's possession, custody or control, and/or seeks information confidential to third-parties. . . . Subject to and without waiving the foregoing or general objections, Defendant will produce responsive communications that contain proprietary Polysciences information.

Masrud's answer to this Request is deficient, and the objections improper.  In agreeing to produce, Mr. Masrud improperly limits his production to communications that contain proprietary Polysciences information.  A key component of this dispute is Mr. Masrud's denial that Polysciences had any proprietary interests in what Mr. Masrud misappropriated.  Polysciences is entitled to *all* documents and things responsive this Request as such documents are highly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract.  Polysciences is entitled to seek documents and information related to these issues and test different theories through discovery and should not be limited to only those documents counsel deems to be related to Polysciences' proprietary information.  Further, the agreed upon proposed protective order exists to address Mr. Masrud's concerns regarding use and disclosure of such information, to the extent that he has such concerns.  Polysciences raised this in its deficiency notice, but the matter remains unresolved.  Therefore, Mr. Masrud must produce documents responsive to Request No. 4.

7

**Request for Production 5**: All documents and things, including communications, agreements, specifications, methods and protocols, exchanged between Defendant and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products.

**Masrud's Response**: Defendant objects to this request on the grounds that it is vague and ambiguous. Subject to and without waiving the foregoing or general objections no responsive documents exist.

Masrud's answer to this Request is deficient, and the objections improper. In responding to this Request, Mr. Masrud asserts that no responsive documents exist. However, it is unfathomable how no responsive documents can exist if Serochem is currently manufacturing and selling its PEI Products in the marketplace. Further, the Request is clear, not vague and ambiguous – it seeks documents and communications exchanged between Masrud and Serochem and any of Serochem's suppliers or manufactures of Serochem's PEI Products. Polysciences raised this in its deficiency notice, but the matter remains unresolved. Therefore, Mr. Masrud must produce documents responsive to Request No. 5.

**Request for Production 13**: Two (2) physical samples of each of Serochem's PEI Products.

**Masrud's Response**: Upon information and belief Polysciences has already purchased 3 samples each of Serochem's PEI Prime™ Powder (SKU: PRIME-P100-100MG) and PEI Prime™ AQ (SKU: PRIME-AQ100-5ML), and thus Defendant objects to this request on the grounds that samples are already in Defendant's possession custody or control. . . . Subject to and without waiving the foregoing objections, Serochem's products are available for purchase on Serochem's website.

8

Masrud's answer to this Request is deficient, and the objections improper.  In responding to this Request, Mr. Masrud improperly states the he will not produce any samples.  However, this Request is clearly highly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract.  Mr. Masrud claims that Serochem's PEI Products are different from those of Polysciences' and do not incorporate Polysciences' Trade Secrets.  As such, Mr. Masrud refusal to produce samples is inappropriate and made in bad faith.  Polysciences is entitled to samples of Serochem's PEI Products to test its theories relating to these issues.  Polysciences raised this in its deficiency notice, but the matter remains unresolved.  Therefore, Mr. Masrud must produce documents responsive to Request No. 13.

**Request for Production 15**: Documents and things concerning the projected sales of, revenue or profit forecasts for, or actual or projected market share for, each of Serochem's PEI Products.

**Masrud's Response**: Defendant objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses. . . . Subject to and without waiving the foregoing or general objections, no responsive documents exist.

Masrud's answer to this Request is deficient, and the objections improper.  Again, in responding to this Request, Mr. Masrud asserts that no responsive documents exist.  This is difficult to accept, as such documents are routinely created for lenders and otherwise in the ordinary course of business for internal use.  Such documents are highly responsive to at least the issue of Polysciences' damages.  Polysciences raised this in its deficiency notice, but the matter remains unresolved.  Therefore, Mr. Masrud must produce documents responsive to Request No. 15.

**Request for Production 19**: Documents and things concerning any attempt by Masrud, and/or Masrud on behalf of Serochem, to design around any of Polysciences' PEI Products.

**Masrud's Response**: Defendant objects to this request on the ground that it is vague and ambiguous and lacks sufficient specificity for response.

Masrud's answer to this Request is deficient, and the objections improper. Mr. Masrud improperly objects to producing documents based on the Request being vague and ambiguous. The Request is clear – if Mr. Masrud and/or Serochem attempted to design its products in a way that intentionally avoided Polysciences' Trade Secrets and confidential information, one would think that Mr. Masrud would want to produce such materials. Polysciences raised this in its deficiency notice and raised this issue in a meet and confer amongst counsel. However, the matter remains unresolved, and Mr. Masrud still refused to produce documents responsive to this Request. Therefore, Mr. Masrud must produce documents responsive to Request No. 15.

As seen above, there is no doubt that requested information "is relevant to [Polysciences'] claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The requested discovery is highly relevant to Polysciences' allegations that Masrud misappropriated its trade secrets in breach of his confidentiality agreement. Polysciences' discovery requests seek information located on Masrud's personal devices and accounts, including communications located thereon, that were used to commit the misappropriation of the Polysciences Trade Secrets in breach of Masrud's contract. *See, e.g.*, Exh. B. at Request Nos. 2, 4, and 5; *see also* Exh. A at Interrogatory Nos. 7 and 10. Polysciences further seeks information relating to the design, manufacturing, and distribution of Serochem's PEI products and the sales thereof. *See, e.g.*, Exh. B at Request Nos. 13 and 15; *see also* Exh. A at Interrogatory Nos. 7. The requested discovery is likely to reveal how and to what extent Masrud used Polysciences' confidential and propriety

information. Masrud simply cannot demonstrate that the requested discovery is not related to the claims and defenses in this case.

Polysciences' discovery requests are also proportional to the needs of this case. In determining the proportionality of discovery requests, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The issues at stake relate to the Polysciences Trade Secrets, which Polysciences invested great time and resources into developing. The Polysciences Trade Secrets, and issues relating thereto, are of great importance to Polysciences and this case, especially given that Masrud is using Polysciences' confidential and proprietary information to directly compete with Polysciences and is actually soliciting Polysciences' customers. Similarly, the discovery requested is proportional to the amount in controversy and the damages alleged because Polysciences will be irreparably harmed if Masrud's wrongful behavior is allowed to continue to occur.

Further, the information requested by Polysciences' discovery requests is clearly more accessible to Masrud than Polysciences since the information is contained on **Masrud's** personal devices and in **his** personal accounts. Polysciences does not have *any* access to these locations. Thus, when considering the importance of the requested discovery in resolving the issues before the Court, and whether the burden would outweigh its likely benefit, the facts squarely weigh in favor of compelling the discovery.

In addition, pursuant to Pennsylvania Rule of Civil Procedure 4003.1(a), "a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking

discovery or to the claim or defense of any other party[.]" Pa.R.C.P. 4003.1(a). As mentioned, the documents and communications sought by Plaintiff from Masrud in advance of trial are targeted at key players and key issues involved in Masrud's wrongful misappropriation of Polysciences' confidential and propriety information relating to its PEI Products. Therefore, the requested documents and communication will likely be highly probative of whether Masrud wrongfully (1) took confidential and proprietary information from Polysciences before terminating his relationship with the company and (2) used Polysciences Trade Secrets to develop Serochem's PEI products (which includes using said information to purposely design around Polysciences' PEI Products). In light of the claims and the facts known so far, Polysciences should be permitted to proceed with discovery and have access to this crucial information before it has to present its case in chief at the trial. The Court should therefore order grant Plaintiff's Motion to Compel Discovery.

## CONCLUSION

For at least the reasons stated above, Plaintiff respectfully requests that this Court grant its Motion to Compel Discovery, enter its proposed form of order, and compel Masrud to provide full and complete responses to the discovery requests and make a good faith production of responsive documents.

Dated:  November 25, 2020                 Respectfully submitted,

/s/ Eric E. Reed
Eric E. Reed
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com
*Attorneys for Plaintiff Polysciences, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the below date, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

Date: November 25, 2020              /s/ Eric E. Reed
                                     Eric E. Reed