# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH T. MASRUD, <br><br> Defendant. | Case No. 20-cv-03649-PBT |

**POLYSCIENCES, INC.'S FIRST SET OF INTERROGATORIES
TO JOSEPH T. MASRUD**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Plaintiff Polysciences, Inc. ("Polysciences") hereby requests that Defendant Joseph T. Masrud ("Masrud") answer the following first set of interrogatories (the "Interrogatories") under oath within thirty (30) days of the date of service.

**DEFINITIONS AND INSTRUCTIONS**

When used in these Interrogatories, the following terms should have the meaning herein assigned unless the context clearly requires another construction.

1. "Parties." The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. The "Polysciences Trade Secrets" means Polysciences' proprietary trade secret and confidential information as defined in the Verified Complaint, ¶ 4.

1

3. "Serochem" means the Serochem LLC and all predecessors in interest and/or affiliates or subsidiaries of Serochem LLC or its predecessors in interest and the respective owners, officers and directors of Serochem LLC and its affiliates and subsidiaries.

4. The "Confidentiality and Proprietary Agreement" means the agreement entered into by Joseph T. Masrud on January 5, 2014 and attached to the Verified Complaint as Exhibit 2.

5. "Polysciences' PEI Products" means any and all Polyethylenimine ("PEI") products offered for sale by Polysciences.

6. "Serochem's PEI Products" means the Polyethylenimine products offered for sale by Serochem, which includes but is not limited to, Serochem's PEI Prime™ Powder, Transfection Grade Linear Polyethylenimine and PEI Prime™ AQ 1 mg/mL Liquid Transfection Reagent.

7. This "Action" means the instant action brought by Polysciences against Masrud in the United States District Court for the Eastern District of Pennsylvania, 20-cv-03649-PBT.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. "Person" is defined as any natural person or any business, legal, or governmental entity or association.

11. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

12. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when

referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.     Identify (with respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14.     All/Any/Each.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     Defendant is to provide full and complete responses to the following Interrogatories after making a full inquiry and investigation into all information within its possession, custody, or control.

18.     Defendant is to quote each Interrogatory in full immediately preceding the statement of any answer, response, or objection thereto.

19.     If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Defendant's inability to answer the remainder and stating whatever information

Defendant has concerning the unanswered portions. If Defendant's response is qualified in any particular way, set forth the details of such qualifications.

20. Identify all Documents that are in Defendant's possession, custody, or control that are responsive in answering any Interrogatory.

21. For every Interrogatory objected to on the basis of privilege, answer the Interrogatory with such non-privileged information as is responsive, Identify the Person in possession of the privileged information, and provide the basis for Defendant's claim of privilege and all acts and circumstances relating thereto.

22. These Interrogatories shall be deemed continuing, and Defendant is to supplement answers to these Interrogatories according to Federal Rule of Civil Procedure 26(e). Responses require further and supplemental disclosure by Defendant whenever Defendant produces, creates, or acquires additional information or Documents covered by these Interrogatories between the time of Defendant's original response and trial.

23. Unless otherwise noted, the time period covered by these Requests is from **January 5, 2014 to date**.

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify each of Serochem's PEI Products that Serochem has made, used, sold, offered for sale, or imported from June 1, 2019 through the present. Identification of particular Serochem PEI Products sold, offered for sale, and/or imported by Serochem should specifically include part numbers, serial numbers, SKUs, and/or any other identification used by Serochem to identify such product(s) in its accounting and inventory systems.

**INTERROGATORY NO. 2.** State the total amount of unit sales, dollar sales, revenue, gross profits, and net profits in U.S. dollars for Serochem from the sale of each of the Serochem PEI Products identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 3.** Identify all persons or entities approached by Masrud or any Serochem representative to purchase, and any and all persons or entities who have purchased, contracted to purchase, or otherwise acquired from Serochem, any of the Serochem PEI Products identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 4.** Describe with specificity Serochem's "R&D process" through which it claims it "created its own PEI based transfection reagent products" and identify all "publicly available knowledge or analytical data that it obtained through publicly available means" used by Serochem to develop its PEI Products, as stated in Jeffrey Oberman's July 16, 2020 letter to Bret Puls.

**INTERROGATORY NO. 5.** Describe with particularity Serochem's manufacturing methods, production protocols, equipment parameters, product specifications, any and all raw material vendors, any and all third party manufacturers, and any and all testing labs associated with each of the Serochem PEI Products identified in response to Interrogatory No. 1. Such description shall include, but not be limited to, identifying when such development activities started and ended, identification of any attempt to design around Polysciences' PEI Products, all publications and documents referred to on Page 3 of Jeffery Oberman's July 16, 2020 letter to Bret Puls, any documents relating to such development activities, and the persons most knowledgeable about the development of each such product.

**INTERROGATORY NO. 6.** Identify all individuals involved in, and generally describe the circumstances concerning and facts relating to, Masrud and/or Serochem's decision to market and sell the Serochem PEI Products.

**INTERROGATORY NO. 7.** Identify and describe all facts, documents, test reports or other support for the statement on page 2 of Jeffery Oberman's July 16, 2020 letter to Bret Puls that Serochem's PEI Prime Powder and PEI Prime AQ "are materially different from the products that Polysciences sells and provide a significant performance benefit over Polysciences' products at a lower price point."

**INTERROGATORY NO. 8.** Identify all data and information collected or generated by Masrud, directly or indirectly from others working with Masrud, from January 2014 to present, that is in Masrud or Serochem's possession or was in Masrud or Serochem's possession after September 6, 2019 relating to Polysciences' PEI Products, Polysciences' customers or prospective customers, and/or Polysciences Trade Secrets.

**INTERROGATORY NO. 9.** Identify any and all physical or electronic locations, files, computers, laptops, electronic devices, internet and/or cloud based accounts, email accounts, hard drives, external drives and/or any other location or media that now has, or has ever had, any document, information, file, or data that is or was created, maintained, possessed, controlled or stored by Polysciences during the time Masrud was employed by and/or Masrud and/or Serochem in any manner provided services to Polysciences.  For each such source identified in response to this Interrogatory, identify each and every such document, information, file, or data by location.

**INTERROGATORY NO. 10.** Identify all documents concerning the Polysciences' PEI Products that Masrud transferred to any non-Polysciences email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019.

|  |  |
|---|---|
|  | **FOX ROTHSCHILD LLP** |
| Dated: August 18, 2020 | */s/ Eric E. Reed* |
|  | Eric E. Reed |
|  | Steven J. Daroci |
|  | 2000 Market Street, 20th Floor |
|  | Philadelphia, PA 19103 |
|  | (215) 299-2741 - direct |
|  | (215) 299-2150 - fax |
|  | EReed@foxrothschild.com |
|  |  |
|  | *Attorneys for Plaintiff* |
|  | *Polysciences, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of August 2020, a copy of the foregoing was served on all counsel of record for Plaintiffs in the action via electronic mail to:

Homans Peck, LLC
Julianne Peck, Esq.
1500 John F. Kennedy Blvd.
2 Penn Center, Suite 520
Philadelphia, PA 19102
Phone: (215) 868–6214
JPeck@HomansPeck.com

Date: August 18, 2020　　　　　　　　　　By: /s/ Eric E. Reed
　　　　　　　　　　　　　　　　　　　　　　　Eric E. Reed