# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>JOSEPH T. MASRUD,<br><br>     Defendant. | Case No. 20-cv-03649-PBT |

**POLYSCIENCES, INC.'S FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS AND THINGS TO JOSEPH T. MASRUD**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Plaintiff Polysciences, Inc. ("Polysciences") hereby requests that Defendant Joseph T. Masrud ("Masrud") produce documents, electronically stored information, and things responsive to the following requests (the "Requests") at the offices of Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, PA 19103, within thirty (30) days of the date of service.

**DEFINITIONS AND INSTRUCTIONS**

When used in these Requests, the following terms should have the meaning herein assigned unless the context clearly requires another construction.

1.  "Parties." The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2.  The "Polysciences Trade Secrets" means Polysciences' proprietary trade secret and confidential information as defined in the Verified Complaint, ¶ 4.

1

3.      "Serochem" means Serochem LLC and all predecessors in interest and/or affiliates or subsidiaries of Serochem LLC or its predecessors in interest and the respective owners, officers and directors of Serochem LLC and its affiliates and subsidiaries.

4.      The "Confidentiality and Proprietary Agreement" means the agreement entered into by Joseph T. Masrud on January 5, 2014 and attached to the Verified Complaint as Exhibit 2.

5.      "Polysciences' PEI Products" means any and all Polyethylenimine ("PEI") products offered for sale by Polysciences.

6.      "Serochem's PEI Products" means the Polyethylenimine products offered for sale by Serochem, which includes but is not limited to, Serochem's PEI Prime™ Powder, Transfection Grade Linear Polyethylenimine and PEI Prime™ AQ 1 mg/mL Liquid Transfection Reagent.

7.      This "Action" means the instant action brought by Polysciences against Masrud in the United States District Court for the Eastern District of Pennsylvania, 20-cv-03649-PBT.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10.     "Person" is defined as any natural person or any business, legal, or governmental entity or association.

11.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

12.     Identify (with respect to persons).  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when

referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.     Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14.     All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     These Requests seek the production of documents and things as of the date on which Defendant responds; however, these Requests shall be deemed continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing documents and things, Defendant becomes aware of any further document(s), thing(s), or information responsive to these Requests, Defendant is required to produce such additional documents, things, and/or information to Plaintiff promptly upon acquiring possession of such.

18.     If any document or thing is not produced on a claim of privilege or Defendant contends a document or thing is otherwise excludable from discovery, Defendant shall provide

3

Plaintiff with a privilege log that conforms with Federal Rule of Civil Procedure 26(b)(5) and this Court's local rules.

19.     If Defendant objects to any request as overly broad or unduly burdensome, Defendant shall produce those documents and/or things which are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome, respectfully.

20.     Unless otherwise noted, the time period covered by these Requests is from **January 5, 2014 to date**.

## REQUESTS FOR PRODUCTION

**Request No. 1.**     Documents and things identified or relied upon in responding to all interrogatories served on Defendant.

**Request No. 2.**     Documents and things concerning this Action, including communications to any third-parties.

**Request No. 3.**     Any report or opinion or analysis from any expert, consultant, or other source that Defendant intends to rely upon in this Action, and any documents such person considered or relied upon in preparing such report or reaching such opinion.

**Request No. 4.**     All documents and things, including communications and agreements, exchanged between Defendant and/or Serochem and any customers (current or former) concerning Serochem's PEI Products.

**Request No. 5.**     All documents and things, including communications, agreements, specifications, methods and protocols, exchanged between Defendant and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products.

4

**Request No. 6.**　　Documents sufficient to determine, on a per unit and per customer basis, Defendant and/or Serochem's sales (by unit and dollar volume), revenue, profits (gross, net, and profit after taxes) in connection with Serochem's PEI Products.

**Request No. 7.**　　Documents and things concerning the design and development of Serochem's PEI Products, including but not limited to, documents and communications concerning Masrud's decision to develop each of Serochem's PEI Products.

**Request No. 8.**　　Documents sufficient to identify the entities or persons involved in the development, design, testing, engineering, manufacturing, marketing, and sales of each of Serochem's PEI Products.

**Request No. 9.**　　Documents relating to the manufacture, including protocols and methods, of each of Serochem's PEI Products.

**Request No. 10.**　　Documents and things concerning the advertising, marketing, promotion, sale, or commercialization of any of Serochem's PEI Products.

**Request No. 11.**　　All communications between Masrud and/or Serochem and any entity or individual known or reasonably believed by Masrud to he or have been a Polysciences customer or Polysciences prospective customer.

**Request No. 12.**　　Any documents or communications referring to Polysciences or Polysciences' PEI Products or Polysciences Trade Secrets.

**Request No. 13.**　　Two (2) physical samples of each of Serochem's PEI Products.

**Request No. 14.**　　Documents and things concerning or related to any comparison of any of Serochem's PEI Products to any other product, including but not limited to Polysciences' PEI Products.

**Request No. 15.**      Documents and things concerning the projected sales of, revenue or profit forecasts for, or actual or projected market share for, each of Serochem's PEI Products.

**Request No. 16.**      Documents and things demonstrating or related to Serochem's "R&D process" through which it claims it "created its own PEI based transfection reagent products" and identify all "publicly available knowledge or analytical data that it obtained through publicly available means" used by Serochem to develop its PEI Products, as stated in Jeffrey Oberman's July 16, 2020 letter to Bret Puls.

**Request No. 17.**      Documents and things demonstrating or related to Serochem's manufacturing methods, production protocols, equipment parameters, product specifications, any and all raw material vendors, any and all third party manufacturers, and any and all testing labs associated with each of the Serochem PEI Products identified in response to Interrogatory No. 1. Such description shall include, but not be limited to, identifying when such development activities started and ended, identification of any attempt to design around Polysciences' PEI Products, all publications and documents referred to on Page 3 of Jeffery Oberman's July 16, 2020 letter to Bret Puls, any documents relating to such development activities, and the persons most knowledgeable about the development of each such product.

**Request No. 18.**      Documents and things demonstrating or relating to the statement on page 2 of Jeffery Oberman's July 16, 2020 letter to Bret Puls that Serochem's PEI Prime Powder and PEI Prime AQ "are materially different from the products that Polysciences sells and provide a significant performance benefit over Polysciences' products at a lower price point."

**Request No. 19.**      Documents and things concerning any attempt by Masrud, and/or Masrud on behalf of Serochem, to design around any of Polysciences' PEI Products.

**Request No. 20.**     All documents and things concerning information or materials concerning Polysciences and/or Polysciences' PEI Products that were available to Masrud or created, maintained or obtained by Masrud in connection with his work with Polysciences in an employment, consulting or any other capacity.

**Request No. 21.**     All documents and things concerning Polysciences' PEI Products that Masrud obtained, in hard copy or electronically from any Polysciences server, document management system, email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019, including any such document or thing Masrud kept in his or Serochem's possession, and/or transferred to any non-Polysciences server, document management system, email account, personal computer, external hard drive, or cloud storage.

**Request No. 22.**     Documents and communications concerning the Confidentiality and Proprietary Agreement.


                              **FOX ROTHSCHILD LLP**


Dated: August 18, 2020              */s/ Eric E. Reed*
                                    Eric E. Reed
                                    Steven J. Daroci
                                    2000 Market Street, 20th Floor
                                    Philadelphia, PA 19103
                                    (215) 299-2741 - direct
                                    (215) 299-2150 - fax
                                    EReed@foxrothschild.com

                                    *Attorneys for Plaintiff*
                                    *Polysciences, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 18th day of August 2020, a copy of the

foregoing was served on all counsel of record for Plaintiffs in the action via electronic mail to:

> Homans Peck, LLC
> Julianne Peck, Esq.
> 1500 John F. Kennedy Blvd.
> 2 Penn Center, Suite 520
> Philadelphia, PA 19102
> Phone:  (215) 868–6214
> JPeck@HomansPeck.com

Date: <u>August 18, 2020</u>                By: *<u>/s/ Eric E. Reed</u>*
                                                                        Eric E. Reed