# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>JOSEPH T. MASRUD,<br><br>              Defendant. | Case No. 20-cv-03649-PBT |

**DEFENDANT'S OBJECTIONS AND RESPSONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, by his undersigned attorneys, hereby responds and objects to Plaintiff's First Request for Production of Documents. The objections and responses set forth below reflect Defendant's present knowledge and the results of his investigation to date. Defendant reserves the right to amend and/or supplement his responses up to and including the time of the trial of this matter.

**I.      GENERAL OBJECTIONS**

1.      Defendant objects to the Requests to the extent they seek the disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, under Federal Rule of Civil Procedure 26(b)(4), and/or whose production would result in the disclosure of the mental impressions, conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of Defendant's counsel or other representatives of Defendant. Defendant further objects to these Requests to the extent they would require Defendant to identify on a privilege log privileged documents created on or after the date this action was filed.

1

2.      Defendant objects to the Requests and their Definitions and Instructions to the extent that they are inconsistent with or seek to impose obligations or burdens beyond those set forth in the Federal Rules of Civil Procedure, Local Rules, and/or Orders of the Court. Defendant's responses are limited to those required by the applicable procedural rules.

3.      Defendant objects to these Requests to the extent that they seek the production of his confidential information, and/or confidential or personal information regarding third parties that should not be shared with Plaintiff.  Such information will be produced, to the extent no otherwise objectionable, subject only to an appropriate confidentiality agreement and protective order.

4.      Defendant objects to these Requests to the extent that they use undefined terms, rendering the Requests vague, ambiguous, unintelligible, and/or unanswerable in their current form.  Defendant has responded to each Request as he understands and interprets it.  Some of the Requests, however, contain undefined terms or are vague, uncertain, or susceptible to numerous meanings.  Defendant reserves the right to amend or supplement these Responses in the event that he later asserts a different interpretation than that which is accepted by him.

5.      Defendant objects to the Requests to the extent they are overtly broad, unduly burdensome, and oppressive and/or encompass dates irrelevant to this action.

6.      Defendant objects to the definition of the time period of these requests.

7.      Defendant objects to these Requests to the extent that they seek documents not within Defendant's present possession, custody, or control.

8.      Defendant objects to these Requests to the extent that they seek documents that are already in Plaintiff's possession or are equally available to Plaintiff.

2

## GENERAL INSTRUCTIONS

1.      Each and every response to any of the Requests is intended to include the general objections stated above.  No response is intended to be a waiver of these objections.  Additional specific objections made in response to a particular Request is not intended to, and does not, waive these general objections.

2.      Defendant reserves the right to object at the trial to the admissibility of any of the information contained herein or any of the documents produced herewith.

3.      Defendant reserves the right to redact confidential information from the documents produced herewith.

4.      Defendant's investigation is continuing, and he reserves the right to supplement and/or amend any of the following Responses as necessary, including to supplement and/or amend his objections, up to and including the time of the trial of this matter.

## DEFINITIONS

1.      "Polysciences' Customer List" refers to all 227 entities identified on the "Polysciences TRO-2017-2019 PEI client list" provided by Polysciences to Masrud's Counsel in connection with this litigation.  By referencing this list Masrud does not admit that these entities were PEI clients of Polysciences during his tenure with Polysciences.

## REQUESTS FOR PRODUCTION

1.      **Documents and things identified or relied upon in responding to all interrogatories served on Defendant.**

RESPONSE: Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiting the foregoing or general objections, Defendant will produce documents responsive to this request.

3

2.      **Documents and things concerning this Action, including communications to any third-parties.**

RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous and lacks sufficient particularity.  Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, that is not withing Defendant's possession, custody or control, and/or is protected by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant incorporates by reference his objections and responses to all Requests that contain sufficient particularity.

3.      **Any report or opinion or analysis from any expert, consultant, or other source that Defendant intends to rely upon in this Action, and any documents such person considered or relied upon in preparing such report or reaching such opinion.**

RESPONSE: Defendant objects to this request on the grounds that it is premature, and to the extent that it seeks to impose obligations or burdens beyond those set forth in the Federal Rules of Civil Procedure, Local Rules, and/or Orders of the Court and/or seeks information protected by the work-product doctrine.

Subject to and without waiving the foregoing or general objections, Defendant will disclose any expert witness he intends to use in accordance with the Federal Rules of Civil Procedure and any Court Order.

4.      **All documents and things, including communications and agreements, exchanged between Defendant and/or Serochem and any customers (current or former) concerning Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the grounds that is overbroad and to the extent that it seeks information that is not relevant to either party's claims or defenses, is not within Defendant's possession, custody or control, and/or seeks information confidential to third-parties.

4

Subject to and without waiving the foregoing or general objections, Defendant will produce responsive communications that contain proprietary Polysciences information.

5.   **All documents and things, including communications, agreements, specifications, methods and protocols, exchanged between Defendant and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the grounds that it is vague and ambiguous.   Subject to and without waiving the foregoing or general objections no responsive documents exist.

6.   **Documents sufficient to determine, on a per unit and per customer basis, Defendant and/or Serochem's sales (by unit and dollar volume), revenue, profits (gross, net, and profit after taxes) in connection with Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome and to the extent that it seeks information that is not relevant to either party's claims or defenses.

Subject to and without waiving the foregoing or general objections Defendant will produce documents sufficient to show its sales to date.

7.   **Documents and things concerning the design and development of Serochem's PEI Products, including but not limited to, documents and communications concerning Masrud's decision to develop each of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous.   Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses or not within Defendant's possession, custody, or control.

Subject to and without waiving the foregoing or general objections Defendant incorporates its objections and responses to Request No. 16.

5

8.     **Documents sufficient to identify the entities or persons involved in the development, design, testing, engineering, manufacturing, marketing, and sales of each of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous.  Defendant further objects to this Request to the extent that it seeks information that is not relevant to either party's claims or defenses, seeks information that is not in Defendant's possession, custody, or control, and is an interrogatory that exceeds the limit of Interrogatories to which the parties agreed.

Subject to and without waiving the foregoing or general objections Defendant incorporates by reference his objections and responses to Interrogatory No. 4 and Document Request Nos. 9 and 16.

9.     **Documents relating to the manufacture, including protocols and methods, of each of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, and is not in Defendant's possession, custody, or control.

Subject to and without waiving the foregoing or general objections Defendant will produce responsive documents.

10.     **Documents and things concerning the advertising, marketing, promotion, sale, or commercialization of any of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, and is not in Defendant's possession, custody, or control.

6

Subject to and without waiving the foregoing or general objections Defendant will produce responsive documents.

**11.     All communications between Masrud and/or Serochem and any entity or individual known or reasonably believed by Masrud to he or have been a Polysciences customer or Polysciences prospective customer.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, and is not in Defendant's possession, custody, or control.

Subject to and without waiving the foregoing or general objections Defendant will produce responsive documents.

**12.     Any documents or communications referring to Polysciences or Polysciences' PEI Products or Polysciences Trade Secrets.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, vague and ambiguous, and lacks sufficient particularity.  Defendant further objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses, and is not in Defendant's possession, custody, or control.

Subject to and without waiving the foregoing or general objections Defendant incorporates by reference his objections and responses to Request Nos. 14, 20 and 21.   Any additional responsive information containing Polysciences confidential and/or trade-secret information will be identified, produced, and remediated in connection with the joint forensic protocol that the parties are presently negotiating.

**13.     Two (2) physical samples of each of Serochem's PEI Products.**

RESPONSE: Upon information and belief Polysciences has already purchased 3 samples each of Serochem's PEI Prime™ Powder (SKU: PRIME-P100-100MG) and PEI Prime™ AQ (SKU: PRIME-AQ100-5ML), and thus Defendant objects to this request on the grounds that samples are already in Defendant's possession custody or control.

Subject to and without waiving the foregoing objections, Serochem's products are available for purchase on Serochem's website.

14. **Documents and things concerning or related to any comparison of any of Serochem's PEI Products to any other product, including but not limited to Polysciences' PEI Products.**

RESPONSE: Defendant objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses.

Subject to and without waiving the foregoing or general objections Defendant will produce responsive documents to the extent that Defendant discloses confidential Polysciences information.

15. **Documents and things concerning the projected sales of, revenue or profit forecasts for, or actual or projected market share for, each of Serochem's PEI Products.**

RESPONSE: Defendant objects to this request to the extent that it seeks information that is not relevant to either party's claims or defenses.

Subject to and without waiving the foregoing or general objections, no responsive documents exist.

16. **Documents and things demonstrating or related to Serochem's "R&D process" through which it claims it "created its own PEI based transfection reagent products" and identify all "publicly available knowledge or analytical data that it obtained through publicly available means" used by Serochem to develop its PEI Products, as stated in Jeffrey Oberman's July 16, 2020 letter to Bret Puls.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome.  Defendant further objects to this Request to the extent that it seeks information that is not relevant to either party's claims or defenses, is not in Defendant's possession, custody, or control, or seeks information that is protected by the attorney client privilege and/or work product doctrine.

Subject to and without waiving the foregoing or general objections Defendant will produce responsive documents.  By way of further response, Defendant refers to the documents produced in response to Request No. 14 and the exhibits attached to his opposition to Polysciences' Motion for a Preliminary Injunction, including exhibits at attached to the Masrud Declaration filed in support thereof.

**17.    Documents and things demonstrating or related to Serochem's manufacturing methods, production protocols, equipment parameters, product specifications, any and all raw material vendors, any and all third party manufacturers, and any and all testing labs associated with each of the Serochem PEI Products identified in response to Interrogatory No. 1.  Such description shall include, but not be limited to, identifying when such development activities started and ended, identification of any attempt to design around Polysciences' PEI Products, all publications and documents referred to on Page 3 of Jeffery Oberman's July 16, 2020 letter to Bret Puls, any documents relating to such development activities, and the persons most knowledgeable about the development of each such product.**

RESPONSE: Defendant objects to this request on the ground that it is overbroad and unduly burdensome, the request as a whole is vague and ambiguous, and the term "design around" is vague and ambiguous.  Defendant further objects to this Request to the extent that it seeks information that is not relevant to either party's claims or defenses, seeks information that is not in Defendant's possession, custody, or control, seeks information protected by the attorney-client privilege and/work product doctrine, and/or is an interrogatory that exceeds the limit of Interrogatories to which the parties agreed.

Subject to and without waiving the foregoing or general objections Defendant incorporates by reference his objections and responses to Interrogatory No. 4 and Document Request Nos. 6, 9, and 16.

> **18.    Documents and things demonstrating or relating to the statement on page 2 of Jeffery Oberman's July 16, 2020 letter to Bret Puls that Serochem's PEI Prime Powder and PEI Prime AQ "are materially different from the products that Polysciences sells and provide a significant performance benefit over Polysciences' products at a lower price point."**

RESPONSE: Defendant objects to this request to the extent that it seeks information protected by the attorney client privilege and/or work product documents.

Subject to and without waiving the foregoing responses, Defendant will product responsive information.

> **19.    Documents and things concerning any attempt by Masrud, and/or Masrud on behalf of Serochem, to design around any of Polysciences' PEI Products.**

RESPONSE: Defendant objects to this request on the ground that it is vague and ambiguous and lacks sufficient specificity for response.

> **20.    All documents and things concerning information or materials concerning Polysciences and/or Polysciences' PEI Products that were available to Masrud or created, maintained or obtained by Masrud in connection with his work with Polysciences in an employment, consulting or any other capacity.**

RESPONSE: Defendant objects to this request on the ground that it seeks information in Polysciences' possession, custody and control, seeks information that is not in Defendant's possession, custody or control, is overbroad, vague and ambiguous, and lacks sufficient particularity.

Subject to and without waiving the foregoing and general objections, Defendant incorporates by reference his objections and responses to Request No. 12.

21.     **All documents and things concerning Polysciences' PEI Products that Masrud obtained, in hard copy or electronically from any Polysciences server, document management system, email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019, including any such document or thing Masrud kept in his or Serochem's possession, and/or transferred to any non-Polysciences server, document management system, email account, personal computer, external hard drive, or cloud storage.**

RESPONSE: Defendant objects to this request on the ground that it seeks information in Polysciences' possession, custody and control, seeks information that is not in Defendant's possession, custody or control, is overbroad, vague and ambiguous, lacks sufficient particularity, and seeks information that is not relevant to the parties' claims or defenses.

Subject to and without waiving the foregoing and general objections, Defendant will produce responsive information containing Polysciences' confidential and/or trade secret information, to the extent it exists, including through the joint forensic protocol that the parties are presently negotiating.

22.     **Documents and communications concerning the Confidentiality and Proprietary Agreement.**

RESPONSE: Defendant objects to this request to the extent that it seeks information protected by the attorney client privilege and/or work product documents and information that is not relevant to the parties' claims and defenses.

Subject to and without waiving the foregoing and general objections, Defendant will produce responsive information.

**HOMANS PECK LLC**

Dated: September 17, 2020      */s/ Julianne peck*
Julianne Peck
Homans Peck LLC
43 Paoli Plaza #426

11

Paoli, PA  19301
(215) 868-6214
jpeck@homanspeck.com

*Attorney for Defendant*
*Joseph Masrud.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 17th day of September 2020, a copy of the foregoing was served on all counsel of record for Plaintiff in this action via electronic mail.

Date: <u>September 17, 2020</u>          By: *<u>/s/ Julianne Peck</u>*
                                                  Julianne Peck