# EXHIBIT E



2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000 Fax (215) 299-2150
www.foxrothschild.com

ERIC E. REED
Direct No: 215.299.2741
Email: EReed@FoxRothschild.com

October 16, 2020

***VIA EMAIL* (JPECK@HOMANSPECK.COM)**
Julianne L. Peck, Esq.
Homans Peck LLC
43 Paoli Plaza #426
Paoli, PA 19301

**Re: *Polysciences, Inc. v. Joseph T. Masrud*, Civil Action No. 2:20-cv-03649-PBT**

Dear Ms. Peck:

We have reviewed Mr. Masrud's responses to Polysciences' discovery requests and have identified, and outline below, numerous deficiencies and non-responsive answers. Given that, we propose that we schedule a time to discuss these deficiencies in an effort to avoid motion practice regarding same.

Please note that we may raise additional issues with you as the matter proceeds, but we presently focus on the matters of more pressing importance.

**Deficiencies in Mr. Masrud's Responses to Document Requests:**

- **Request No. 2**: This Request seeks documents and things relating to this current action between Polysciences and Mr. Masrud, including communications to any third-parties. Mr. Masrud inappropriately objects to producing documents responsive to this Request by stating that the Request is vague, seeks irrelevant information, and seeks privileged documents. The materials sought are plainly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract. Mr. Masrud's response leaves unclear whether Mr. Masrud withheld documents based on these objection. Therefore, please confirm that Mr. Masrud is not withholding any documents based on these objections and will produce documents responsive to this Request. Further, to the extent Mr. Masrud claims a privilege as a basis for not providing any responsive






information, all communications and documents containing relevant information must nonetheless be identified and included on a privilege log. Please provide responsive non-privileged information and/or a detailed privilege log.

- **Request No. 4**: This Request seeks documents and things exchanged between Mr. Masrud and/or Serochem and any customers relating to Serochem's PEI Products. In agreeing to produce, Mr. Masrud improperly limits his production to communications that contain proprietary Polysciences information. A key component of this dispute is Mr. Masrud's denial that Polysciences had any proprietary interests in what Mr. Masrud misappropriated. Polysciences is entitled to ***all*** documents and things responsive this Request as such documents are highly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract. Polysciences is entitled to seek documents and information related to these issues and test different theories through discovery and should not be limited to only those documents counsel deems to be related to Polysciences' proprietary information. The protective order exists to address Mr. Masrud's concerns regarding use and disclosure of such information, to the extent that he has such concerns. Please confirm that Mr. Masrud is not withholding any documents and will produce all documents responsive to this Request.

- **Request No. 5**: This Request seeks documents and things exchanged between Mr. Masrud and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products. In responding to this Request, Mr. Masrud asserts that no responsive documents exist. Further, it is unfathomable how no responsive documents can exist if Serochem is currently manufacturing and selling its PEI Products in the marketplace. Therefore, please confirm that Mr. Masrud will produce documents responsive to this Request.

- **Request No. 13**: This Request seeks two physical samples of each of Serochem's PEI Products. In responding to this Request, Mr. Masrud improperly states the he will not produce any samples. However, this Request is clearly highly relevant to at least the issues of Mr. Masrud's misappropriation of Polysciences' Trade Secrets and Mr. Masrud's breach of contract. Mr. Masrud claims that Serochem's PEI Products are different from those of Polysciences' and do not incorporate Polysciences' Trade Secrets. Therefore, Mr. Masrud refusal to produce samples is inappropriate and made in bad faith. Polysciences is entitled to samples of Serochem's PEI Products to test its theories relating to these issues. Please confirm that Mr. Masrud will produce two samples of each of Serochem's PEI Products.

- **Request No. 15**: This Request seeks documents and things relating to the projected sales of, revenue or profit forecasts for, or actual projected market share for, each of Serochem's






PEI Products. Again, in responding to this Request, Mr. Masrud asserts that no responsive documents exist. This is difficult to accept, as such documents are routinely created for lenders and otherwise in the ordinary course of business for internal use. Such documents are highly responsive to at least the issue of Polysciences' damages. Mr. Masrud must produce documents responsive to this Request. Please confirm that Mr. Masrud will in fact produce documents responsive to this Request.

- **Request No. 19**: This Request seeks documents and things relating to Mr. Masrud, or Mr. Masrud on behalf of Serochem, to design around Polysciences' PEI Products. Mr. Masrud improperly objects to producing documents based on the Request being vague and ambiguous. The Request is clear – if Mr. Masrud and/or Serochem attempted to design its products in a way that intentionally avoided Polysciences' Trade Secrets and confidential information, one would think that Mr. Masrud would want to produce such materials. Mr. Masrud's response leaves unclear whether Mr. Masrud withheld documents based on these objections. Please confirm that Mr. Masrud is not withholding any documents based on these objections and will produce documents responsive to this Request. To the extent Mr. Masrud truly does not understand what is requested, Polysciences is willing to meet and confer to clarify any outstanding issues.

- **Request Nos. 7, 8, and 17**: In responding to these Requests, Mr. Masrud incorporates his objections and responses to other discovery requests, but does not specifically state whether or not he will produce documents responsive to these Requests. For example, for Request No. 7, Mr. Masrud incorporates his responses and objections to Request No. 16, and similarly, for Request Nos. 8 and 17, he incorporates his responses and objections to Interrogatory No. 4 and Request Nos. 9 and 16. Mr. Masrud's responses leave unclear whether Mr. Masrud withheld documents based on these objections. Therefore, please confirm that Mr. Masrud is not withholding any documents based on these objections and will produce documents responsive to these Requests.

- **Request No. 20**: Again, in responding to this Request, Mr. Masrud incorporates his responses and objections to his response to Request No. 12. Mr. Masrud's response leaves unclear whether Mr. Masrud withheld documents based on these objections. Therefore, please confirm that Mr. Masrud is not withholding any documents based on these objections and will produce documents responsive to this Request.

**<u>Mr. Masrud's Deficient Responses to Polysciences' Interrogatories</u>**

- **Interrogatory No. 7**: This Interrogatory seeks information relating to Mr. Masrud's assertion that Serochem's PEI Prime Powder and PEI Prime AQ "are materially different






from the products that Polysciences sells and provide a significant performance benefit over Polysciences' products at a lower price point." Mr. Masrud's response refers Polysciences to his responses to Interrogatories No. 4 and 5 and the SEAP testing results by Kemp Protein, but otherwise completely fails to provide an adequate answer to this Interrogatory. Per Rule 33(d), referring to documents in response to an interrogatory is only proper for business records, and then only if the answer "may be determined by examining, auditing, compiling, abstracting, or summarizing" those records, with the burden of doing so being substantially the same for either party, and the answer specifies the records. The answer does not meet these requirements. Please provide a complete answer to this Interrogatory.

- **Interrogatory No. 10**: This Interrogatory requests that Mr. Masrud identify all documents concerning Polysciences' PEI Products that Masrud transferred to any non-Polysciences email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019. In response to this Interrogatory, Mr. Masrud objects that the query seeks information in Polysciences' possession, custody, or control. This is a plainly invalid objection, as the entire case is about misappropriation. Mr. Masrud also directs Polysciences to his response to Interrogatory No. 8, but does not identify any additional documents. While there *may* be responsive documents that overlap with those responsive to Interrogatory No. 8, Interrogatory No. 10 requests identification of a more expansive universe of documents. Therefore, Mr. Masrud must identify any additional documents that are responsive to this Interrogatory. Please provide a complete answer to this Interrogatory.

**Mr. Masrud's Deficiencies in his Document Production**

Mr. Masrud's document production is deficient in multiple respects. First, Mr. Masrud's confidentiality designations are very inconsistent, which makes it difficult to ascertain which documents Mr. Masrud truly considers confidential. For example, MASRUD000001-MASRUD000232 are publicly available documents that Mr. Masrud has classified as "Confidential." On the opposite end of the spectrum, Mr. Masrud provides Polysciences documents, which Polysciences considers to be highly confidential, attorneys' eyes only, and Mr. Masrud only designates these documents as "Confidential." *See, e.g.*, MASRUD002155-MASRUD002161. Please treat that document accordingly, and state whether Mr. Masrud stands on his current designations or will revisit and revise his designations.

Further, documents like MASRUD000245, which is a Batch Record for PEI Prime P100 Powder, contains no confidentiality designation at all, but instead contains improper redactions of what






seems to be highly relevant information. Please provide a non-redacted version of this document and any other documents that are similarly inappropriately redacted.

* * *

We look forward to receiving Mr. Masrud's response to these issues. As mentioned above, we are available to discuss these issues by phone should you wish to do so. If we cannot resolve these disputes, Polysciences reserves all rights to file a motion to compel with the Court.

Sincerely yours,

Eric E. Reed