# EXHIBIT F



JULIANNE PECK
PARTNER

215-868-6214
Jpeck@HomansPeck.com

October 22, 2020

**Via Electronic Mail**

Eric Reed
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
EReed@foxrothschild.com

      Re:    Polysciences, Inc. v. Joseph T. Masrud
               Civil Action No. 20-cv-03649

Dear Eric,

This letter is in response to your deficiency letter dated October 16, 2020 with respect to Masrud's discovery responses.

**Masrud's Responses to Document Requests:**

**Request No. 2:** Seeks document and things concerning this action, including communications to third parties.

This request does not describe with the reasonable particularity required by Rule 34, the categories of documents it seeks, and you do not make any attempt in your deficiency letter to narrow or specify this request.  Masrud has produced all non-privileged documents in his possession, custody, and control that are both responsive to your other requests that contain sufficient particularity and that are relevant to this action.  By way of further response.  Masrud stands by his objection to producing a privilege log regarding documents created on or after the date this action was filed.

**Request No. 4:** Seeks documents exchanged between Masrud and/or Serochem and any customers related to Serochem's PEI products.  Masrud produced all documents relating to its actual sales and/or customer contracts.  Masrud did not limit his production to communications that contain proprietary Polysciences information, nor did he suggest in his response to this request that he intended to do so.  To the extent that this request seeks communications with potential customers, Masrud has limited his production to communications that disclose proprietary Polysciences information or that are directed to customers that are on Polysciences' Customer List.

Eric Reed
October 22, 2020
Page 2 of 4

**Request No. 5**: seeks documents exchanged between Masrud and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI products. This confirms that Serochem is not using any third party supplier(s) or manufacturer(s) and that no responsive documents exist.

**Request No. 13**: seeks two physical samples of each of Serochem's PEI products. Masrud objected to this request on the ground that, upon information and belief, Polysciences acquired such samples either directly or indirectly from Rutgers University or William Honnen, and thus already has (or had) these samples in its possession, custody, and control. If you confirm in writing whether Polysciences obtained Serochem samples from a third party/person, Serochem will provide two samples of each product.

**Request No. 15:** seeks documents relating to the projected sales of, revenue or profit forecasts for, or actual projected market share for, Serochem's products. This confirms, consistent with Masrud's initial response to this request, that no responsive documents exist.

**Request No. 19:** seeks documents and things relating to any attempt by Masrud to "design around" Polysciences' PEI products. In your deficiency letter you define this request to seek attempts "to design [Serochem's] products in a way that intentionally avoided Polysciences' Trade Secrets and confidential information." This confirms that all documents and communications relating to the design of Serochem's PEI products have been produced. No documents exist that concern "designing around" Polysciences' PEI products.

**Request Nos. 7** seeks documents concerning the design and development of Serochem's PEI Products, including documents concerning Masrud's decision to develop each of Serochem's PEI Products. This confirms that Masrud has produced all responsive documents in his possession, custody, and control and has not withheld any documents based on his objections.

**Request No. 8** seeks documents sufficient to identify the entities or persons involved in the development, design, testing, engineering, manufacturing, marketing and sales of each of Serochem's PEI Products. Masrud has not withheld any documents subject to his objections other than any communications with potential customers that does not disclose Polysciences' confidential information or is not directed to customers Masrud knew or reasonably believed to be a Polysciences customer.

**Request No. 17** seeks documents demonstrating or related to Serochem's manufacturing methods, production protocols, equipment parameters, product specifications, any and all raw material vendors, any and all third party manufacturers, and any all testing labs associated with Serochem's PEI Products, as well as all publications and documents referred to on Page 3 of Jeffery Oberan's July 16, 2020 letter to Bret Puls. Defendant has produced all documents relating to its R&D and manufacturing process (including testing and communications with testing labs), as well as documents sufficient to identify the

Eric Reed
October 22, 2020
Page 3 of 4

raw materials it used in the manufacture of its products. Masrud redacted references to its PEOx supplier and will reproduce these documents in unredacted form marked for Attorneys Eyes Only. Masrud objects to producing communications with the suppliers of Serochem's raw materials as these communications have no relevant to this action. He is, however, willing to produce documents that identify the suppliers of all other raw materials (i.e. in addition to the PEOx supplier) used to manufacture Serochem's PEI products if Polysciences deems the identification of these other suppliers as relevant. Please advise.

**Request No. 20:** seeks documents and communications concerning the Confidentiality and Proprietary Agreement. This confirms that Masrud has not withheld any non-privileged and responsive documents based his objection to this request.

**Masrud's Responses to Interrogatories:**

**Interrogatory No. 7:** seeks information relating to the assertion in Mr. Oberman's July 16, 2020 letter to Bret Puls that Serochem's products are materially different than Polysciences' products. This statement stemmed from the SEAP testing results of KEMP Proteins, which has been produced in this action. Any other differences that exist between Serochem's and Polysciences' products can be ascertained from the documents produced by the parties in this action and the detailed information provided by Masrud in response to Interrogatory No. 4. Masrud is in no better position than Polysciences to ascertain these differences and the burden to him in examining, auditing, compiling, abstracting or summarizing the parties' respective production is substantially the same for both parties with the exception that Polysciences produced its documents for Attorneys Eyes Only preventing his counsel from seeking Masrud's assistance in any such endeavor.

**Interrogatory No. 10:** seeks the identity of all documents concerning PEI Products that Masrud transferred to any non-Polysciences email account, personal computer, external hard drive, or cloud storage from January 2019 to October 2019.

As you know, Masrud was employed by Polysciences from January 2014, through June 26, 2019, and was a consultant for Polysciences from July 1, 2019 through September 6, 2019. Thus from January 2019 through September 6, 2019, Masrud used a Polysciences email address and a work computer issued by Polysciences. Both this work computer and Masrud's Polysciences emails are in Polysciences exclusive possession, custody, and control and thus Masrud has no access to documents that may contain information responsive to this request.

Likewise, Masrud cannot identify at this time every email he sent from his Polysciences' email address or every time he may have used a thumb drive for a presentation or other remote service for Polysciences. Those that he presently recalls are identified in response to Interrogatory No. 9.

Eric Reed
October 22, 2020
Page 4 of 4

Masrud, has produced every email during the requested time period sent from his personal and/or Serochem email addresses containing or disclosing Polysciences' confidential and/or proprietary information. Outside of any emails in Polysciences' exclusive possession or the emails Masrud produced in this action, Masrud is unaware of emails containing Polysciences' confidential information.

Finally, Masrud has voluntarily turned over his personal/Serochem electronic devices, together with any cloud-based storage sites that he used during his tenure with Polysciences for forensic review to identify and allow Polysciences to remove any confidential information that may remain in Masrud's possession. Upon my advice he is not accessing these sites or any confidential Polysciences information that may be on his computer pending this forensic review and any remedial action.

**Masrud's Alleged General Deficiencies**

Thank you for bringing to my attention certain irregularities in the production. I am working with my team to ensure that all pages are properly bates numbered and properly identified (where appropriate) as Confidential or Attorneys Eyes Only. I disagree with your assertion, however, that MASRUD-002155-MASRUD002161 (Masrud's contract negotiations with Polysciences) should have been designated Attorney's eyes only when it is a draft agreement between the parties, and was produced by Masrud. We designated this document as Confidential. Your letter fails to explain why this designation does not adequately protect Polysciences in connection with the use of this document in this litigation.

I am happy to set up a call at your earliest convenience to discuss any open issues.

                                      Respectfully yours,

                                      HOMANS PECK, LLC

                                      Julianne L. Peck

cc:      Cali Spota (via email)