UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH T. MASRUD, <br><br> Defendant. | Case No. 20-cv-03649-PBT |

**PLAINTIFF POLYSCIENCES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff, Polysciences, Inc. ("Polysciences"), by and through its undersigned counsel, moves for leave to filed an Amended Complaint against Defendant Joseph T. Masrud ("Masrud"), to join both Mathew Griffin ("Griffin") and Serochem LLC ("Serochem") as additional defendants (the "Motion"). Discovery to date revealed that both proposed additional defendants were and are complicit in the conduct that formed the basis of the original claims against Masrud, namely, the misappropriation of Polysciences' trade secrets and confidential information. A copy of Polysciences' proposed Amended Complaint is attached hereto as **Exhibit A** ("Proposed Amended Complaint")  In support, Polysciences avers as follows:

### I.      INTRODUCTION

Polysciences initially brought this action before the Court to stop the theft of its valuable trade secrets and the resultant irreparable harm to its business caused by the actions of its former employee, Mr. Masrud. *See generally* ECF 1 ("Complaint"). Polysciences is one of only three commercial entities who has consistently demonstrated the ability to provide quality Polyethylenimine ("PEI") transfection reagents for the research, development and commercial supply of biological treatments for humans. As a former employee of Polysciences who was

responsible for the development, sale, and commercialization of Polysciences PEI products, Mr. Masrud was intimately knowledgeable of Polysciences' trade secrets and proprietary confidential information, and misappropriated that intellectual property to develop competing products for his company, Serochem. Earlier this year, Mr. Masrud, through Serochem, launched two commercial products in direct competition with Polysciences – PEI Prime Powder and PEI Prime AQ.

Through the course of discovery, Polysciences learned that Mr. Griffin, a shareholder of Serochem and another former employee of Polysciences, also misappropriated Polysciences' trade secrets and other proprietary confidential information to assist with the launch of Serochem's copycat PEI products. In fact, Polysciences recently learned that it is Mr. Griffin's opinion that he, more than any other employee at Polysciences, was intimately involved with the PEI transfection products during his employment at Polysciences. Mr. Griffin, on Serochem's behalf, assisted in the research and development of Serochem's PEI products, promotes the sales of same, and works to acquire goodwill for Serochem in the marketplace. Thus, through the process of discovery, it became abundantly clear that Mr. Griffin's and Serochem's activities in the state of Pennsylvania necessitated their addition to this case as defendants.

As the request is based on discovery obtained in this matter, Polysciences timely seeks to join Mr. Griffin and Serochem to this litigation. Further, adding Mr. Griffin and Serochem to this litigation will not prejudice Mr. Masrud because the claims against Mr. Griffin and Serochem arise out of the same series of transactions and occurrences already at issue in this case. Mr. Masrud has been on notice of the possibility of adding Serochem as a defendant since the filing of this lawsuit, as Polysciences specifically identified Serochem in the pleading. Similarly, Polysciences issued a subpoena to Mr. Griffin on August 28, 2020, and counsel for Mr. Masrud has been involved in all communications with Mr. Griffin. Discovery is still in its early stages, no

depositions have occurred, and no scheduling order has yet issued. Therefore, the Court should permit Polysciences leave to amend its Complaint in this matter to join Mr. Griffin and Serochem as additional defendants pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(2).

**II.     ARGUMENT**

     **A.     Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) allows amendment to be freely granted when justice so requires. *See* Fed. R.C.P. 15(a)(2). Federal Rule of Civil Procedure 20(a)(2) permits defendants to be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R.C.P. 20(a)(2)(A)-(B).

Courts liberally grant amendments to pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). Motions to amend complaints should be freely granted in the interest of justice unless there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, (1962); *see also Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (court may deny request to amend only when the following circumstances exist: "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party"). Furthermore, "discovery often justifies a subsequent amendment to the complaint." *See Matarazarro v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 559 (E.D.N.Y. Feb. 23, 1976) (stating, "an amendment should

3

be permitted in the absence of the injection of any new issues requiring new and extensive preparation detrimental to the speedy resolution of the case and prejudicial to the defendant").

### B. Polysciences Timely Brings this Motion in Good Faith, and Mr. Masrud Will Not be Prejudiced

The Court should permit Polysciences to join Mr. Griffin and Serochem because their actions within the Commonwealth of Pennsylvania, uncovered in discovery, violate, among other things, federal and Pennsylvania trade secret law and constitute a breach of Mr. Griffin's Confidentiality & Proprietary Agreement. *See* Proposed Amended Complaint at Exhibit 3.

Each of the *Foman* factors weigh in favor of this Court allowing Polysciences leave to amend the Complaint. There has been no undue delay, bad faith, or dilatory motive in filing the Motion, as the documents and information necessary to solidify the basis of the proposed amendments came via discovery. Polysciences has had a reasonable belief that Mr. Griffin and Serochem were potential defendants in this case from the service of Mr. Masrud's initial disclosures, but preliminary discovery provided the requisite information to support adding Mr. Griffin and Serochem as defendants to this action. This discovery sufficiently apprised Polysciences of the actions that occurring in the Commonwealth of Pennsylvania on Serochem's behalf, and the extent of Mr. Griffin's involvement in same, to support the proposed amendment.[1]

Similarly, Mr. Masrud will not suffer prejudice if the Complaint is amended to add Mr. Griffin and Serochem as defendants. Prejudice involves serious impairment of a defendant's ability to present its case. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486 (3d Cir. 1990). Further, "the non-moving party must do more than merely claim prejudice." *Bechtel v. Robinson*, 886 F.2d

---

[1] Should any opposition claim delay in this filing, "[m]ere delay alone is not enough to deny leave to amend." *See Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2012 WL 4462787, at *2 (E.D. Pa. Sept. 27, 2012).

4

644, 652 (3d Cir. 1989). To state a valid claim of prejudice, Mr. Masrud must establish that he will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" had the allegations in the amended complaint been timely made. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) (citations omitted).

Mr. Masrud has been on notice of the proposed amendments to the Complaint by way of the Complaint itself and the circumstances following the service of the subpoena on Mr. Griffin. The proposed amendments involve the same facts, circumstances, and occurrences contained in Polysciences' original allegations. The proposed Amended Complaint does not raise any new claims, but rather asserts the same claims against Mr. Masrud, Mr. Griffin, and Serochem alike.

Further, discovery is in its early stages and no depositions have occurred. All parties have ample time to serve and respond to discovery, as there is no scheduling order, much less a trial date. Thus, Mr. Masrud simply cannot meet the burden required to prove prejudice because the Amended Complaint will not affect Mr. Masrud's ability to present his case at all, let alone rise to the level of serious impairment required. *See Dole*, 921 F.2d at 488 ("In order to make the required showing of prejudice, regardless of the stage of the proceedings, [defendant] is required to demonstrate that its ability to present its case would be seriously impaired were amendment allowed.").

In light of the information Polysciences learned during the exchange of preliminary discovery, illuminating Mr. Griffin's (on Serochem's behalf) misappropriation of Polysciences' trade secrets and proprietary confidential information and breach of contract, and the lack of unfair

prejudice, the Court should grant Polysciences' Motion to allow joinder of Mr. Griffin and Serochem because, in these circumstances, justice requires it.

### C. Amendment of the Complaint Would Not be Futile

Polysciences' proposed amendments are not futile, and therefore the Motion should be granted. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Holst v. Oxman*, 290 Fed. Appx. 508, 510 (3d Cir. 2008). To survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Ultimately, in deciding whether an amendment is futile, a court must take all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiffs. *Jenkins v. McKeithen*, 395 U.S. 411 (1969).

Polysciences' proposed amendments are straightforward, both factually and legally, and involve facts that were clearly known to Mr. Masrud. At the time that Polysciences initiated this action, it was not fully aware – nor could it have been aware – of the scope of Mr. Griffin and Serochem's competitive activity. Polysciences only knew that Mr. Masrud formerly worked with Mr. Griffin at Polysciences and then both commenced a working relationship at Serochem.

Polysciences was compelled to file its Complaint once Mr. Masrud, on behalf of Serochem, launched its directly competing PEI Products in mere months after leaving Polysciences. There was simply no way that Mr. Masrud, a sole proprietor with limited financial means, achieved this rapid launch of these two particular products without using his knowledge of PEI trade secrets, which include, among other things, key ingredient sourcing information, product specifications, customer lists and pricing, and manufacturing processes and procedures. It became clear that Mr. Masrud had no intention of honoring his Confidentiality & Proprietary Agreement. Polysciences

was forced to file its Complaint based on the information that was known at the time to protect its trade secrets and proprietary confidential information.  Polysciences could not have known at the time the extent of Mr. Griffin's activities that had occurred, and continued to occur, on behalf of Serochem.

Therefore, the requested amendments are not futile and rather go to the very heart of the dispute between the parties: the misappropriation of Polysciences' PEI trade secrets and proprietary confidential information and the breach of the Mr. Masrud's and Mr. Griffin's Confidentiality & Proprietary Agreements.

### III.     CONCLUSION

For the foregoing reasons, Polysciences respectfully request that this Court grant its Motion for Leave to File an Amended Complaint in the form attached to its Motion.

Dated: November 25, 2020                         Respectfully submitted,

                                                 FOX ROTHSCHILD LLP

                                                 By: /s/ Eric E. Reed
                                                     Eric E. Reed
                                                     2000 Market Street, 20th Floor
                                                     Philadelphia, PA 19103
                                                     (215) 299-2741 - direct
                                                     (215) 299-2150 - fax
                                                     EReed@foxrothschild.com

                                                 *Counsel for Plaintiff Polysciences, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the below date, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

Date: November 25, 2020            /s/ Eric E. Reed
                                                                    Eric E. Reed