# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.<br><br>                Plaintiff,<br><br>   v.<br><br>JOSEPH T. MASRUD,<br><br>                Defendant. | Civil Action No. 2:20-cv-03649-PBT |

## OPPOSITION TO DEFENDANT/COUNTER-PLAINTIFF'S
## MOTION TO COMPEL TRADE SECRET DISCOVERY

## TABLE OF CONTENTS

I. FACTUAL BACKGROUND ............................................................................................ 2

II. POLYSCIENCES SUFFICIENTLY RESPONDED TO DEFENDANT'S
DISCOVERY REQUESTS ........................................................................................... 3

    A. The Discovery Requests and Responses that are the Subject of this Motion. ........ 3

    B. Polysciences has Sufficiently Answered Interrogatory No. 5 and has
Adequately Identified its Trade Secrets with Specificity. ................................... 10

    C. Polysciences has Sufficiently Answered Interrogatory Nos. 2 and 3. .................. 11

    D. Polysciences has Produced Sufficient Documents Responsive to Request
Nos. 13 and 14. ..................................................................................................... 13

    E. Defendant Mistakenly Construes "Attorneys' Eyes Only" Information as
Meaning Only Trade Secret Information. ............................................................. 15

III. CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
   No. 07-1029, 2007 WL 4394447 (E.D. Pa. Dec. 13, 2007) ........................................................ 11

*Liberty Mut. Ins. Co. v. Gemma*,
   301 F. Supp. 3d 523 (W.D. Pa. 2018) ...................................................................................... 10

**Statutes**

28 U.S.C. § 1746 ............................................................................................................................ 13

**Other Authorities**

Fed. R. Civ. P. 26(e) ........................................................................................................................ 2

Fed. R. Civ. P. 33(d) ............................................................................................................ 6, 8, 11

Local Rule 26.1(b) .......................................................................................................................... 2

Local Rule 26.1(f) ........................................................................................................................... 2

Defendant Joseph T. Masrud ("Masrud" or "Defendant") unnecessarily and prematurely filed this Motion to Compel Trade Secret Discovery (ECF. No. 22) ("the Motion"). Contrary to the Defendant's Motion, Plaintiff, Polysciences, Inc. ("Polysciences" or "Plaintiff"), has sufficiently responded to all of Defendant's discovery requests, including specifically identifying Polysciences' trade secrets by both (1) providing a trade secret log that lists the trade secrets by document in table form (with accompanying descriptions such as a title to each document, number of pages etc.); and (2) subsequently specifically providing the bates numbers of said trade secret containing documents. At best, the Motion is brought in error based upon apparent confusion, which is not Polysciences' fault.

Polysciences has been diligently working in good faith to cure said confusion (assuming that to be the reasoning behind the filing of the Motion), and to address any alleged deficiencies, and has met and conferred with counsel for Defendant on multiple occasions regarding same. Polysciences has also repeatedly informed Masrud that its production of documents would be on a rolling basis, and that it fully intended to produce additional responsive documents that supplement Polysciences' initial document production.

Defendant hastily filed the Motion shortly before the Thanksgiving holiday, and without further attempting to confer with Polysciences, even after Polysciences responded to Defendant's alleged discovery deficiencies both on October 26, 2020 by telephone, and on October 30, 2020 by letter. Notably, the Motion **does not** include a certification of counsel that the parties, after reasonable effort were unable to resolve the dispute, as required by Local Rule 26.1(f)[1], nor could it, Polysciences was still under the impression that unnecessary motion practice, like this instant

---

[1] The Motion also does not set forth, verbatim, the relevant parts of the interrogatory or response in dispute as required by Local Rule 26.1(b).

Motion, could be easily avoided. In fact, on the day this Motion was filed, Polysciences was nearly ready to make a supplemental production[2]. Unfortunately, Masrud jumped the gun and filed this instant Motion without conferring with Polysciences, and maintains the Motion apparently without reviewing the supplemental production.

Discovery is still in its early stages, no depositions have occurred, and no scheduling order has yet issued. The Court should deny Defendant's Motion because, as explained herein, Polysciences has not only already sufficiently responded to Defendant's discovery requests, but to the extent, if any, that additional production is required, Polysciences intends on (and has represented same to counsel for Defendant) continuing to supplement its responses as additional relevant and responsive documents and information are identified, as required by the Local Rules and Federal Rules of Civil Procedure. *See,* e.g., Fed. R. Civ. P. 26(e). Plaintiff believes that instead of unnecessarily burdening the Court, the parties should continue to meet and confer on the discovery issues identified in the Motion.

I.   **FACTUAL BACKGROUND**

Polysciences filed this action to stop its former employee, Masrud, from misappropriating Polysciences' trade secrets and confidential information. *See* ECF No. 1. Masrud now directly competes with Polysciences through his new venture, Serochem, LLC ("Serochem"). Through the course of discovery, Polysciences learned that Mathew Griffin ("Griffin"), another former employee of Polysciences, was a shareholder of Serochem and that he had misappropriated Polysciences' trade secrets and other proprietary confidential information to assist with the launch of Serochem's copycat PEI products. Polysciences therefore filed a Motion for Leave to File a

---

[2] Polysciences made a supplemental production on December 4, 2020 of over 2,000 documents, which again, contained additional documents responsive to the Requests at issue in this Motion.

First Amended Complaint, to join both Griffin and Serochem as additional defendants.  ECF No. 24.

Masrud and Griffin knowingly concealed their activity at Serochem in an attempt to prevent Polysciences from learning of their scheme to recreate the PEI products that Polysciences spent years developing and now successfully produces and markets. *See, e.g.*, GRIFFIN000011 (" REDACTED .") (**Exhibit A**).  Discovery to date also confirms that Serochem's PEI products are nearly identical to Polysciences' PEI products, and these products only could have been developed by using the Polysciences Trade Secrets.  And in fact, Serochem markets its copycat PEI products as " REDACTED " and has confirmed that Serochem is " REDACTED ," one of Polysciences' most valuable products. *See* GRIFFIN000291 (**Exhibit B**).

## II. POLYSCIENCES SUFFICIENTLY RESPONDED TO DEFENDANT'S DISCOVERY REQUESTS

The Court should deny Masrud's request to compel Polysciences to supplement its responses to Defendant's Interrogatory Nos. 2, 3 and 5, and to serve "all non-privileged documents responsive to Defendant's Request Nos. 13 and 14."  As seen below, Polysciences has already sufficiently responded to Defendant's discovery requests, thus making this Motion unnecessary.

### A. The Discovery Requests and Responses that are the Subject of this Motion.

Although Defendant failed to comply with the Local Rules of this Court, Plaintiff reproduces Defendant's relevant discovery requests and Plaintiff's responses thereto below verbatim. The discussion of each item follows in Section II.B. below.

**INTERROGATORY NO. 2**:  Identify each person with knowledge of Polysciences' research and development of its PEI Max MW 40,000 HCE [sic] salt (PN 24765).

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person with knowledge of Polysciences' research and development of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."

Subject to and without waiving its objections, Polysciences responds as follows: Polysciences identifies Andrew Ott, Scott Knorr, Samir Zavari, and Jeff DePinto Ph.D. as persons with knowledge or information relating research and development of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products. Further, the PEI Max and Transporter 5 products were themselves based upon earlier Polysciences PEI products developed by Drs. Parasaren and Halpern at Polysciences. Polysciences also directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 3:** Identify each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."

Subject to and without waiving its objections, Polysciences responds as follows: See answer to Interrogatory 2. Further, Polysciences directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 5**: Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing processes, pricing strategies, and any other "Trade Secrets" referenced in the Complaint that Plaintiff contends Defendant used in the manufacture and/or sale of Serochem's "PEI Prime Powder, Transfection Grade Linear Polyethylenimine" and/or "PEI Prime AQ 1 mg/mL Liquid Transfection Reagent" products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory because it is a contention interrogatory and is premature until discovery on this issue is complete. Polysciences objects to this Interrogatory to the extent it calls for expert discovery. Polysciences objects to this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 1, 2, 3, 4, 7, and 8. Polysciences incorporates by reference its Responses to Request for Production Nos. 1, 2, 3, 4, 7, and 8.

Subject to and without waiving its objections, Polysciences responds as follows: Polysciences believes Masrud has misappropriated at least the Polysciences Trade Secrets identified in response to Interrogatory No. 4. Pursuant to Fed. R. Civ. P. 33(d), Polysciences further directs Masrud to the Verified Complaint, the Cease and Desist letter sent to Masrud c/o Serochem LLC on July 8, 2020, and Polysciences' forthcoming documents produced in response

to Request for Production Nos. 1, 2, 3, 4, 7, and 8. Discovery is ongoing. Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

For the Courts convenience, Defendant's Interrogatory No. 4 and Polysciences' Answer, incorporated in Plaintiff's Answer to Interrogatory No. 5, is included here:

**INTERROGATORY NO. 4**: Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing programs, manufacturing processes, transfection efficiency, quality of products, customer pricing strategy, and all other "Trade Secrets" generally referenced in Paragraphs 25, 28, 42, 73, and 74 of the Complaint.

**ANSWER**:

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete and to the extent that it calls for expert discovery. Polysciences objects to this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 3, 6, 8, 10, 13, and 14. Polysciences incorporates by reference its Responses to Request for Production Nos. 3, 6, 8, 10, 13, and 14.

Subject to and without waiving its objections, Polysciences responds as follows: Polysciences' Trade Secrets include at least the following: step-by-step, detailed manufacturing

instructions outlining raw materials, process parameters, and other procedures to synthesize the PEI products, prepare the solution, and package the materials; design of the PEI chemistry, including molecular weight, molecular structure, product form , and process and compounds used to create the desired pH of the solution; key raw material supplier data and specifications; sourcing of novel and rare supply materials; internal test procedures and methods to determine key material characteristics; identification and selection of third party laboratories for testing of sterility, mycoplasma, heavy metals and endotoxin; identification and selection of third party testing partners to determine transfection efficiency, expression, and cell viability; selection of specific sterile filtering process parameters to avoid techniques that could adversely impact polymer properties; strategy to pursue development for improved solubility; the neutralization process and compounds used to produce the desired pH; customer lists including customer specific pricing and product specifications, customer contacts, product pricing and cost details and strategy, margins, competitive strategy and product positioning, and sales history for top PEI products and future forecasts; and receipt of confidential information from customers for specific product-related projects.

      Further, Polysciences directs Masrud to the document produced as Attorneys' Eyes Only to Masrud on August 27, 2020.[3] Pursuant to Fed. R. Civ. P. 33(d), Polysciences also refers Masrud to Polysciences' forthcoming documents produced in response to Request for Production Nos. 3, 6, 8, 10, 13, and 14, which documents set forth in detail the Polysciences Trade Secrets and speak

---

[3] Polysciences notes that this document, produced by Polysciences on August 27, 2020, was a detailed log of the Polysciences Trade Secrets (the "Trade Secrets Log") (**Exhibit C**). In the Trade Secrets Log, Polysciences identified each relevant document by name, listed the number of pages each document contained, and provided a description of each file. After making its first document production, Polysciences subsequently identified to Masrud each document listed on the log by bates number as well.

for themselves and are produced subject to the confidentiality order and the understanding that the order's terms will be honored even before the order's entry. Discovery is ongoing. Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**REQUEST NO. 13.** All documents (including without limitation batch records) sufficient to demonstrate the original recipe, methods, processes, materials and specifications for Polysciences' non-cGMP PEI Products and any changes made thereto from product inception through September 2019.

**RESPONSE**:

Polysciences incorporates all of its General Objections as set out above. Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome. Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested. Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Request to the extent it seeks a legal conclusion. Polysciences objects to this Request to the extent responsive documents and information may be in the possession of third parties and/or Masrud. Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they can be located after a reasonable search, sufficient to show the development of Polysciences' non-cGMP PEI Products from inception through September 2019.

**REQUEST NO. 14**.  All documents that relate to or refer to the design, engineering and/or manufacturing of Polysciences' PEI products.

**RESPONSE**:

Polysciences incorporates all of its General Objections as set out above.  Polysciences objects to this Request to the extent that it calls for "all" documents and things as overly broad and unduly burdensome.  Unless otherwise stated, documents that are representative and which provide a full disclosure shall be produced when "all" documents are requested.  Polysciences objects to this Request to the extent it seeks production of documents reflecting analyses by or communication with Polysciences' attorneys and calls for the production of documents protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Request to the extent it seeks a legal conclusion.  Polysciences further objects to this Request as premature as discovery is still ongoing.  Polysciences objects to this Request to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences further objects to this Request to the extent relevant documents and information may be the subject of expert testimony.  Polysciences objects to this Request to the extent it seeks information that is neither relevant to any claim or defense at issue in this action nor, even if minimally relevant, proportional to the needs of the case with respect to the cognizable claims that have actually been pleaded.

Subject to and without waiving its objections, Polysciences will produce responsive non-privileged documents, to the extent they can be located after a reasonable search, sufficient to show the design, engineering, and manufacturing of Polysciences' non-cGMP PEI Products.

### B. Polysciences has Sufficiently Answered Interrogatory No. 5 and has Adequately Identified its Trade Secrets with Specificity.

Interrogatory No. 5 asks Polysciences to "[d]escribe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing processes, pricing strategies, and any other 'Trade Secrets' referenced in the Complaint that Plaintiff contends Defendant used in the manufacture and/or sale of Serochem's 'PEI Prime Powder, Transfection Grade Linear Polyethylenimine' and/or 'PEI Prime AQ 1 mg/mL Liquid Transfection Reagent' products." In responding to this Interrogatory, and as further explained in a letter sent on behalf of counsel for Polysciences to counsel for Mr. Masrud on October 30, 2020 (the "October 30th Letter") (**Exhibit D**):

> Polysciences correctly referred Masrud to its answer to Interrogatory No. 4, where it provided a detailed list of what it considers its confidential information and trade secrets that Mr. Masrud misappropriated. Polysciences also referred Mr. Masrud to documents produced in response to Mr. Masrud's Request for Production Nos. 1, 2, 3, 4, 7, and 8.

Exhibit D at p. 3. The list provided by Plaintiff in response to Interrogatory No. 4 alone sufficiently identifies the Polysciences Trade Secrets with the required specificity. *See, e.g.*, *Liberty Mut. Ins. Co. v. Gemma*, 301 F. Supp. 3d 523, 541 (W.D. Pa. 2018) (finding trade secrets properly identified where plaintiff "identified separate categories of documents containing trade secrets that it alleges were misappropriated by Defendants, and has further identified the type of information contained within each category, such as confidential information pertaining to customers."); *see also Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447, at *8 (E.D. Pa. Dec. 13, 2007) ("Plaintiff identified the trade secrets as relating to, 'information concerning the development, marketing and sale of Ideal's Aero 4000 motion controller, customer communications and other property.' Plaintiff further alleged that the Ideal Emails contained trade secret and confidential business information and other property 'including proprietary

development specifications for Ideal's AERO 4000, pricing data, marketing information, product bid information, and customer communications.' This constitutes adequate identification of the trade secret material for pleading purposes.") (internal citations omitted).

Polysciences did not stop there. Rather, under Fed. R. Civ. P. 33(d), Polysciences is allowed to answer an interrogatory by referring Masrud to documents if the answer can be "determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information)." Polysciences did precisely that. To help Defendant identify the documents to be reviewed and separate confidential information from actual trade secret information, Polysciences first provided Defendant with the Trade Secrets Log. As seen in the Trade Secrets Log, Polysciences provides descriptions that identify with specificity what it considers to be the Polysciences Trade Secrets. *See generally* Exhibit C. To leave little doubt as to what the Polysciences Trade Secrets are, Polysciences then *also* referred Defendant to a list of bates-stamped documents as documents containing its trade secrets, which directly corresponded to the Trade Secrets Log. Exhibit D at p. 3. Therefore, Polysciences more than sufficiently responded to Interrogatory No. 5.

### C. Polysciences has Sufficiently Answered Interrogatory Nos. 2 and 3.

Interrogatory No. 2 asks Polysciences to "[i]dentify each person with knowledge of Polysciences' research and development of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products." Similarly, Interrogatory No. 3 asks for the identification of "each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products." In Polysciences' initial answer (**Exhibit E**), Polysciences identified

11

Andrew Ott, Scott Knorr, Samir Zavari, and Jeff DePinto Ph. D. as relevant individuals, and then also referred Masrud to Polysciences' Initial Disclosures. Exhibit E at pp. 5-6.

After receiving Masrud's alleged deficiencies as to these two Interrogatories, Polysciences explained in the October 30th Letter that "Polysciences previously identified Andrew Ott (Executive Vice President and Chief Operating Officer), Scott Knorr (Vice President, Sales and Business Development), Samir Zavari (Principal Chemist), and Jeff DePinto Ph.D. (Director of Sales for Polysciences subsidiary Bangs Laboratories). Their titles are as noted." Exhibit D pp. 2-3. However, to the extent that Masrud felt this was an inadequate identification, Polysciences additionally identified the following individuals, who were previously identified in Polysciences' Initial Disclosures (and therefore incorporated by reference in its original interrogatory responses): Leena Mol Thuruthippallil, Ph.D. (Director of Lab Products), Michael Wagaman, Ph.D. (Vice President Research and Development), Joseph Masrud, and Mathew Griffin[4]. *See id*. As explained in the letter, "[t]hese are the responsive individuals for the present formulations of the referenced products. Several Polysciences personnel directly or indirectly contribute to research and development to some extent, but the primary contributors to the current products are as noted." *Id*. at p. 3.

Despite Defendant's protestations otherwise, Polysciences is **not** withholding names of individuals. In fact, upon learning of additional responsive individuals, Polysciences promptly supplemented its responses to include the following names: Tom Opie, Ph.D. (retired), Sadik Elshani, Ph.D., Dave Templer, Ph.D. (retired), and Bob Gleim, Ph.D. (retired). Discovery is

---

[4] Polysciences recently learned that it is Mr. Griffin's opinion that he, more than any other employee at Polysciences, was intimately involved with the PEI transfection products during his employment at Polysciences. Therefore, Polysciences was not able to previously identify Mr. Griffin in its original answer, and instead, did so in its supplementation.

ongoing, and Polysciences has always maintained that it would supplement its answers as appropriate in accordance with Fed. R. Civ. P. 26 (e). While there may be many employees who work in the general Lab Products division, there are only a handful of individuals with relevant knowledge as to the products listed therein, and Polysciences has disclosed said individuals to Masrud. Furthermore, Polysciences answers and supplemental answers to the Interrogatories are accompanied by a verification signed by Polysciences Executive Vice President and Chief Operating Officer, Andrew Ott, under penalty of perjury, stating,

> I am authorized to make this verification on behalf of Polysciences, Inc. As provided for in 28 U.S.C. § 1746, I verify under penalty of perjury that the facts contained in the foregoing verified interrogatory responses are true and correct to the best of my knowledge, information, and belief.

Thus, Polysciences has met its burden of responding to Interrogatory Nos. 2 and 3.

**D. Polysciences has Produced Sufficient Documents Responsive to Request Nos. 13 and 14.**

Defendant, at best, misunderstands, and at worst, disregards Plaintiff's Responses to Request Nos. 13 and 14. In response to Defendant's request that Polysciences confirm that it has produced all requested documents or that no additional responsive documents exist, Polysciences, in the October 30th Letter, clearly stated:

> Polysciences is not currently withholding documents based on its objections. Polysciences' document production is not complete, particularly in light of Mr. Masrud's issuance of a second set of document requests. For these requests, and to the extent that Polysciences finds additional documents responsive to the prior requests, Polysciences will produce the responsive documents or identify that it will not based on its objections.

*See* Exhibit D at p. 1-2. Polysciences could not have been clearer: it is **not** withholding documents, and it intended to produce additional documents. From the outset of discovery, Polysciences has represented to Masrud that its production would occur on a rolling basis and it would supplement its production with additional responsive non-privileged documents, to the extent they exist and

13

can be located after a reasonable search.  In fact, as seen from the supplemental production made on December 4, 2020, Polysciences is continuing to produce responsive documents on a rolling basis per its representation.  Thus, this Motion was completely unnecessary as additional responsive documents, to the extent they exist, will continue to be produced as they are located.

Even before Polysciences' supplemental production, Polysciences has already produced adequate documents responsive to Request Nos. 13 and 14.  Although the Motion complains that "Polysciences, produced little more -- 2,296 pages, most of which have little to no relevance to this case," and provides documents relating to Polysciences Good Manufacturing Products ("GMP") PEI Products as an example, this only serves to highlight Defendant's confusion as to the contents of Polysciences' document production.  Memorandum of Law in Support of Motion (ECF No. 22-1) ("Memo. ISO Motion") at pp. 2-3.  Polysciences produced documents that it identified as containing trade secret information.  Because discovery is ongoing and Masrud himself is stonewalling his own production, Polysciences cannot fully ascertain exactly *which* documents Masrud has stolen and misappropriated.  Therefore, Polysciences provided a broad universe of documents that it knows Masrud had access to and potentially could have inappropriately taken.  This shows that Polysciences is not deficient in its production, but rather went above and beyond to provide Defendant with the information he seeks.

Further, contrary to Defendant's assertions, documents relating to Polysciences' GMP PEI Products are **<u>highly</u>** relevant to this action.  As stated above, Polysciences seeks an injunction against Masrud to prevent him from misappropriating the Polysciences Trade Secrets.  Although Serochem is currently only selling non-GMP PEI products, as learned through the course of discovery thus far, Masrud and Griffin have made it very clear that Serochem intends to launch a GMP PEI product in the near future.  Documents relating to Polysciences' GMP PEI Products are

14

clearly relevant as they evidence trade secret information that Masrud had access to and will highly likely misappropriate in the near future, which again further underscores Polysciences' reasoning for seeking an injunction.  Thus, Defendant's arguments are unfounded and highlight his misunderstanding of not only Plaintiff's document production, but the key issues of the case.

Finally, Plaintiff also notes that in a good faith attempt to rectify Defendant's confusion, Polysciences identified, by Bates numbers, example documents responsive to these Requests.  *See* Exhibit D at pp. 1-2.  Plaintiff was under no obligation to do, as identification *exceeds* its obligations under Federal Rule of Civil Procedure 34, which only requires a party to **produce** "electronically stored information instead of permitting inspection," not specifically identify **which** documents are responsive to the Requests.  However, Polysciences has at all times acted in good faith to resolve any discovery issues with Defendant, which again makes Defendant's filling of the Motion so dumbfounding.

### E. Defendant Mistakenly Construes "Attorneys' Eyes Only" Information as Meaning Only Trade Secret Information.

As what seems to be a common trend underlying this Motion, Defendant appears to be confused as to what the designation "Attorneys' Eyes Only" ("AEO") means.  Defendant seems to think that if a document is marked "AEO," Polysciences considers that document to contain Polysciences Trade Secret information.  *See, e.g.*, Memo ISO Motion at p. 5.  In fact, Defendant mistakenly identifies to the Court Polysciences Website pages, Griffin's Personnel File, and a letter from Fox Rothschild to Griffin, as Polysciences' trade secrets.  *Id*. at pp. 5-6.  Defendant fails to understand that while all trade secret information is AEO, **not all** AEO documents contain trade secret information.  The stipulated Proposed Protective Order allows any party to designate as AEO:

15

any information, document, or thing, or portion of any document or thing that contains highly sensitive business **or personal information**, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

(**Exhibit F**), at ¶2 (emphasis added).  Thus, Griffin's personnel records, for example, while they do not contain any of the Polysciences Trade Secrets, still contain **personal information** that may cause him significant harm if not adequately protected.  Therefore, while these documents are properly designated as "AEO," it does not mean Polysciences is claiming them as a trade secret.

This again just highlights the fact that (1) this Motion was premature; (2) this Motion was completely unwarranted; and (2) Defendant's complaints stem not from any actual deficiencies on Polysciences' behalf, but rather from Defendant's own confusion and failure to understand the nature of Polysciences' production.

### III.   CONCLUSION

For at least the forgoing reasons, Plaintiff respectfully requests that the Defendant's Motion to Compel Trade Secret Discovery be denied.

Dated:  December 8, 2020                     Respectfully submitted,

*/s/ Eric E. Reed*
Eric E. Reed
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com
*Attorneys for Plaintiff Polysciences, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the below date, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.


Date: December 8, 2020            */s/ Eric E. Reed*
                                   Eric E. Reed