# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH T. MASRUD,<br><br>    Defendant. | Civil Action No. 2:20-cv-03649-PBT |

**PLAINTIFF POLYSCIENCES, INC.'S ANSWERS AND
OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

  Plaintiff Polysciences, Inc. ("Polysciences") answers and objects to Defendant Joseph T. Masrud's ("Masrud") First Set of Interrogatories ("Interrogatories") as follows:

### GENERAL OBJECTIONS

  1. Polysciences objects to the Interrogatories to the extent that they seek information or communications protected from discovery by privilege including, but not limited to, (a) the work-product doctrine; (b) the attorney-client privilege; (c) the privileges available under the Federal Rules of Civil Procedure and Evidence; and (d) any other applicable privileges. The inadvertent disclosure of any material protected by privilege is not intended to be and shall not be (i) a waiver of such privilege and/or protection in whole or in part or (ii) a waiver of the right to object to the use of any such document or of the information contained therein in this or any other proceeding.

  2. Polysciences objects to the Interrogatories to the extent they seek confidential or proprietary information or personal information regarding individuals. Polysciences will disclose relevant discoverable, non-objectionable confidential or proprietary information that is otherwise not objectionable pursuant to the terms of the proposed protective order pending before the Court

in this action. Polysciences' production of confidential or proprietary information pursuant to these Interrogatories shall in no way be construed as a waiver of its rights to protect such information under any other applicable legal doctrine, including trade secret law.

3. Polysciences objects to the Interrogatories to the extent that they seek or purport to impose obligations other than those prescribed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, and Polysciences responds to the Interrogatories in accordance with those rules.

4. Polysciences objects to each Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.

5. Polysciences objects to the Interrogatories to the extent that they are not reasonably limited in temporal scope.

6. Polysciences objects to the Interrogatories to the extent they call for any legal conclusions.

7. Polysciences objects to the Interrogatories to the extent they prematurely seek expert discovery.

8. Polysciences objects to each Interrogatory as compound to the extent it contains multiple subparts or attempts to improperly combine multiple parts into one Interrogatory.

9. Polysciences objects to the Interrogatories to the extent that they seek materials not in its possession, custody, or control.

10. Polysciences objects to each of the Interrogatories to the extent it is vague, ambiguous, unduly burdensome, vexatious, or oppressive.

11. Polysciences objects to each of the Interrogatories to the extent it requires Polysciences to engage in a search for information where the process of such effort would be unduly burdensome on it.

12. Polysciences objects to each of the Interrogatories to the extent that the discovery sought is cumulative or duplicative, or to the extent that the burden or expense of discovery sought outweighs the likely benefit.

13. Polysciences objects to each of the Interrogatories to the extent that they seek materials regarding information that is equally available to Masrud through other sources that are more convenient, less burdensome, or less expensive, or otherwise subjects Polysciences to unreasonable and undue burden and expense.

14. Polysciences' agreement to respond to a particular Interrogatory should not be construed to mean that it has documents and things in its possession, custody, or control. Additionally, the fact that Polysciences has answered an Interrogatory is not to be construed as a waiver by Polysciences of any objection to that Interrogatory, including any and all General Objections.

15. Polysciences will respond to these Interrogatories with its current knowledge and reserves the right to supplement its answers if any additional information is identified at a later time and to make any additional objections that may become apparent should information forming the basis of such objections arise at a later time. Polysciences also reserves the right to make use of, or introduce at any hearing or trial, any information not known or thought to be responsive at the time of its answer.

16. In these Responses, whenever Polysciences employs the phrase "subject to and without waiving its objections," it is responding to the particular Interrogatory as it may be narrowed by the general and specific objections and without waiver of any objection.

17. All General Objections are incorporated by reference in each of Polysciences' Responses below, as if fully set forth in each individual Interrogatory. The failure to repeat any given General Objection in any specific instance shall not be interpreted as a waiver of any General Objection in that answer.

## SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Polysciences objects to the definition of "Plaintiff" to the extent that it seeks discovery of documents and things or information from entities other than Polysciences, Inc. Such a definition is overbroad, unduly burdensome, and improperly seeks to extend Polysciences' obligations beyond the requirements of the Federal Rules of Civil Procedure.

2. Polysciences objects to producing "ESI in its native file format without alteration or deletion of any associated information, e.g., metadata." Polysciences further objects to producing "ESI as single-page TIFF images, accompanied by load files for internal and external metadata in Concordance.dat file format, and for images in IPRO.lpt format, extracted or OCR'ed text in .txt files, and, as specified, native files." The parties are in the process of negotiating an agreed upon ESI protocol. At this time, Polysciences will produce non-privileged, responsive documents in pdf form, with the exception of voluminous excel documents that will be produced natively, and will not provide any corresponding metadata. Once there is an agreed upon protocol regarding ESI, Polysciences will produce its documents and corresponding metadata in accordance with said protocol.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person Plaintiff believes has knowledge or information concerning the allegations and/or defenses set forth in the pleadings.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person Plaintiff believes has knowledge or information concerning the allegations and/or defenses set forth in the pleadings."

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences identifies Joseph Masrud and Mathew Griffin of Serochem and any other persons identified by Masrud as having relevant knowledge. Polysciences also identifies Andrew Ott, Scott Knorr, Leena Mol Thuruthippallil, PhD, and Michael Wagaman PhD of Polysciences as persons with knowledge or information relating to the allegations and/or defenses set forth in the pleadings. Further, Polysciences directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 2:** Identify each person with knowledge of Polysciences' research and development of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person with knowledge of Polysciences' research and development of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences identifies Andrew Ott, Scott Knorr, Samir Zavari, and Jeff DePinto Ph. D. as persons with knowledge or information relating research and development of its PEI Max, MW

5

40,000 HCE salt (PN 24765) and Transporter 5 products. Further, the PEI Max and Transporter 5 products were themselves based upon earlier Polysciences PEI products developed by Drs. Parasaren and Halpern at Polysciences. Polysciences also directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 3:** Identify each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."

Subject to and without waiving its objections, Polysciences responds as follows:

See answer to Interrogatory 2. Further, Polysciences directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 4:** Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing programs, manufacturing processes, transfection efficiency, quality of products, customer pricing strategy, and all other "Trade Secrets" generally referenced in Paragraphs 25, 28, 42, 73, and 74 of the Complaint.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete and to the extent that it calls for expert discovery. Polysciences objects to

6

this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 3, 6, 8, 10, 13, and 14. Polysciences incorporates by reference its Responses to Request for Production Nos. 3, 6, 8, 10, 13, and 14.

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences' Trade Secrets include at least the following: step-by-step, detailed manufacturing instructions outlining raw materials, process parameters, and other procedures to synthesize the PEI products, prepare the solution, and package the materials; design of the PEI chemistry, including molecular weight, molecular structure, product form, and process and compounds used to create the desired pH of the solution; key raw material supplier data and specifications; sourcing of novel and rare supply materials; internal test procedures and methods to determine key material characteristics; identification and selection of third party laboratories for testing of sterility, mycoplasma, heavy metals and endotoxin; identification and selection of third party testing partners to determine transfection efficiency, expression, and cell viability; selection of specific sterile filtering process parameters to avoid techniques that could adversely impact polymer properties; strategy to pursue development for improved solubility; the neutralization process and compounds used to produce the desired pH; customer lists including customer specific pricing and product specifications, customer contacts, product pricing and cost details and strategy, margins, competitive strategy and product positioning, and sales history for top PEI

products and future forecasts; and receipt of confidential information from customers for specific product-related projects.

Further, Polysciences directs Masrud to the document produced as Attorneys' Eyes Only to Masrud on August 27, 2020.  Pursuant to Fed. R. Civ. P. 33(d), Polysciences also refers Masrud to Polysciences' forthcoming documents produced in response to Request for Production Nos. 3, 6, 8, 10, 13, and 14, which documents set forth in detail the Polysciences Trade Secrets and speak for themselves and are produced subject to the confidentiality order and the understanding that the order's terms will be honored even before the order's entry.  Discovery is ongoing.  Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 5:** Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing processes, pricing strategies, and any other "Trade Secrets" referenced in the Complaint that Plaintiff contends Defendant used in the manufacture and/or sale of Serochem's "PEI Prime Powder, Transfection Grade Linear Polyethylenimine" and/or "PEI Prime AQ 1 mg/mL Liquid Transfection Reagent" products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above.  Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Interrogatory because it is a contention interrogatory and is premature until discovery on this issue is complete.  Polysciences objects to this Interrogatory to the extent it calls for expert discovery.  Polysciences objects to this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party.  Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is

already in Masrud's possession.  Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 1, 2, 3, 4, 7, and 8. Polysciences incorporates by reference its Responses to Request for Production Nos. 1, 2, 3, 4, 7, and 8.

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences believes Masrud has misappropriated at least the Polysciences Trade Secrets identified in response to Interrogatory No. 4.  Pursuant to Fed. R. Civ. P. 33(d), Polysciences further directs Masrud to the Verified Complaint, the Cease and Desist letter sent to Masrud c/o Serochem LLC on July 8, 2020, and Polysciences' forthcoming documents produced in response to Request for Production Nos. 1, 2, 3, 4, 7, and 8.  Discovery is ongoing.  Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 6:** Identify every document containing confidential, proprietary, and/or trade secret information belonging to Plaintiff that you contend Defendant was and/or is in possession of and/or accessed.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above.  Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine.  Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete.  Polysciences objects to this Interrogatory to the extent it calls for expert discovery.  Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession.  In fact, Polysciences believes that documents responsive to this Interrogatory are in Masrud's possession and will be identified after proper forensic analysis is performed.  Polysciences objects to this Interrogatory as duplicative of

9

information requested in at least Masrud's Request for Production Nos. 1, 2, 3, 4, 7, and 8. Polysciences incorporates by reference its Responses to Request for Production Nos. 1, 2, 3, 4, 7, and 8. Polysciences further objects to this Interrogatory as duplicative of information requested in Integratory No. 5 and incorporates by reference its Response to Interrogatory No. 5.

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences believes Masrud has misappropriated and/or is in possession of and/or has accessed and/or used information from at least the documents referenced in the Verified Complaint and the foregoing responses to Interrogatories 4 and 5 and documents produced in response to Request for Production Nos. 1, 2, 3, 4, 7, and 8. Pursuant to Fed. R. Civ. P. 33(d), Polysciences further directs Masrud to the Verified Complaint, the Cease and Desist letter sent to Masrud c/o Serochem LLC on July 8, 2020, and Polysciences' forthcoming documents produced in response to Request for Production Nos. 1, 2, 3, 4, 7, and 8. Discovery is ongoing, and Polysciences believes that documents responsive to this Interrogatory are in Masrud's possession and will be identified after proper forensic analysis is performed. Therefore, Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 7:** For each document identified in response to Interrogatory No. 3, provide the following information: (a) the date(s) you allege Defendant accessed the document; (b) what information in the document you consider to be confidential, proprietary, or a trade secret; (c) your basis for claiming the information is confidential, proprietary, or a trade secret; (d) what, if any, efforts Plaintiff has undertaken and undertakes to preserve the confidential, proprietary, or trade secret nature of the information identified; and (e) the value and development costs of the confidential, proprietary, and trade-secret information identified.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as unanswerable as currently written, and because it exceeds the Court's Order

limiting interrogatories to 10 including subparts.  Interrogatory No. 3 seeks the **identities** of individuals "with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."  Interrogatory No. 3 therefore does not request the identification of any **documents**.  In addition, the Interrogatory seeks information that a competent forensic examination would reveal while Mr. Masrud actively opposes such an examination.

Notwithstanding and subject to these objections, and to the extent that this Interrogatory purports to seek information relating to Interrogatory No. 4, Polysciences states that Mr. Masrud had continuous access to Polysciences' confidential and trade secret information, including but not limited to that identified in response to Interrogatory No. 4, since at least as early as 2016 through 2019.  In response to the remainder of the Interrogatory, which improperly obtains multiple subparts, pursuant to Fed. R. Civ. P. 33(d), Polysciences further directs Masrud to the Verified Complaint, the Cease and Desist letter sent to Masrud c/o Serochem LLC on July 8, 2020, and Polysciences' forthcoming documents produced in response to Request for Production Nos. 1, 6, 8, 9, 10, 13, and 14.  Discovery is ongoing.  Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 8:** Identify all information (other than in documents identified in response to Interrogatory No. 3) that you contend Defendant is in possession of that is confidential, proprietary, and/or trade secret information belonging to Plaintiff. For each piece of information identified, provide the following information: (a) your basis for claiming that the information is confidential, proprietary, and/or trade secret information belonging to Plaintiff; (b) what, if any, efforts Plaintiff has undertaken and undertakes to preserve the confidential, proprietary, or trade secret nature of the information identified; and (c) the value and development cost of the information identified in response to this Interrogatory.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory because it exceeds the Court's Order limiting interrogatories to 10 including subparts. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete. Polysciences objects to this Interrogatory to the extent it calls for expert discovery. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. In addition, the Interrogatory seeks information that a competent forensic examination would reveal while Mr. Masrud actively opposes such an examination.

Polysciences objects to this Interrogatory as unduly burdensome and vague to the extent it calls for a lengthy narrative of all confidential information and the efforts Polysciences has taken to preserve the confidentiality of the Polysciences Confidential Information, and the calculation of the value and development costs of same. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 1, 2, 3, 4, 6, 7, 8, and 9. Polysciences incorporates by reference its Responses to Request for Production Nos. 1, 2, 3, 4, 6, 7, 8, and 9. Polysciences further objects to this Interrogatory as duplicative of information requested in Integratory Nos. 5 and 6 and incorporates by reference its Response to Interrogatory Nos. 5 and 6.

Subject to and without waiving its objections, Polysciences responds as follows: Polysciences has identified in its document production an extensive list of confidential information that Masrud had continuous access to during his tenure at Polysciences. Masrud has actual knowledge of, and/or has documents in his possession relating to, Polysciences' confidential

information and has used same in his development of the Serochem PEI products. In addition to the list, Polysciences' document production also includes the specific confidential information itself in voluminous documents (in excess of 1400 pages), which speak for themselves and detail the confidential information.

As to Subpoints a-c of this Interrogatory; Polysciences states that:

a) The information identified by Polysciences as "confidential" is not in the public domain and has always been maintained by Polysciences in confidence. While certain aspects may be in the public domain (e.g. the molecular weight of a particular PEI product) the information as organized, collected, developed, maintained, and used by Polysciences has always been kept confidential. These detailed and comprehensive secrets provide Polysciences with a strong competitive advantage in the marketplace, as demonstrated by its substantial and highly profitable sales of PEI products.

b) As demonstrated in Polysciences' document production, Polysciences has maintained the confidentiality of its confidential information through numerous methods, which includes but is not limited to requiring its employees and others with access to confidential information to sign appropriate confidentiality agreements; password protecting access to confidential information stored electronically; and restricting access to the most valuable confidential information to only senior leaders and employees whose job necessitate access to the information. The various efforts Polysciences has undertaken to maintain the confidentiality of these documents are further demonstrated in Polysciences' document production, which again includes, but is not limited to the institution of this Action to prevent the taking and use of Polysciences' confidential information by Mr. Masrud.

c) Polysciences' investment in the confidential information identified in Polysciences' document production is estimated to be well into the millions of dollars, which occurred over a period of approximately 15 years from the launch of the PEI product line.  More importantly, the value of Polysciences' confidential information is reflected in the magnitude of Polysciences' PEI Product sales and growth, as well as the profitability of Polysciences' PEI Product line.  Evidence relating to this is demonstrated in Polysciences' document production and will be further detailed in an expert report at the appropriate time.

Discovery is ongoing.  Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

Dated:  September 17, 2020

/s/ *Eric E. Reed*
Eric E. Reed
Steven J. Daroci
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com
*Attorneys for Plaintiff*
*Polysciences, Inc.*

## VERIFICATION

I, Andrew Ott, hereby represent that I am Executive Vice President and Chief Operating Officer at Polysciences, Inc., and I am authorized to make this verification on behalf of Polysciences, Inc. As provided for in 28 U.S.C. § 1746, I verify under penalty of perjury that the facts contained in the foregoing verified interrogatory responses are true and correct to the best of my knowledge, information, and belief.

Dated: September 17, 2020

POLYSCIENCES, INC.

By: _____
Andrew Ott
Executive Vice President

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of September 2020, a copy of the foregoing was served on all counsel of record for Defendant in the action via electronic mail to:

Homans Peck, LLC
Julianne Peck, Esq.
1500 John F. Kennedy Blvd.
2 Penn Center, Suite 520
Philadelphia, PA 19102
Phone:  (215) 868–6214
JPeck@HomansPeck.com


Date: <u>September 17, 2020</u>       By: <u>*/s/ Eric E. Reed*</u>
                                            Eric E. Reed