IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., : | |
| : | |
| Plaintiff/Counter-Defendant, : | Civil Action No. 2:20-cv-03649-PBT |
| : | |
| v. : | |
| : | |
| JOSEPH T. MASRUD, : | |
| : | |
| Defendant/Counter-Plaintiff. : | |

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO COMPEL TRADE SECRET DISCOVERY**

**INTRODUCTION**

Serochem has produced the entirely of its R&D and manufacturing records - yet Polysciences' refuses to identify the specific trade secrets it contends were misappropriated. In an effort to avoid an Order compelling it to comply with its discovery obligations, Polysciences misrepresents its burden and the parties' respective conduct to date, and suggests – merely because Masrud's counsel inadvertently failed to attach a certificate of counsel as required by Local Rule 26.1(f) – that Masrud's Motion is premature.

A certificate of counsel is attached hereto as **Exhibit "A."** Masrud met and conferred with Polysciences by letters dated October 12, 2020 and October 23, 2020, and via a telephone conference on October 30, 2020, between Ms. Peck and Mr. Reed. Notably, in neither Polysciences' October 23 letter, nor during the October 30, 2020 telephone conference, did Polysciences offer any additional discovery relevant to this motion. Instead, it took the position

that it had already met and/or "exceeded" its discovery obligations.  Masrud Motion, Exhibit "E" (October 30, 2020 letter from Mr. Reed to Ms. Peck).[1]

Finally, Polysciences never offered a "rolling production" (as it now suggests) during the meet and confer process, and it is disingenuous for it to now suggest that it did.  Rather, Polysciences informed Masrud on November 12, 2020, that it would be producing documents responsive to Masrud's Second Request for production of documents (*which are not the subject of this Motion*) on a rolling basis.  **Exhibit "B"** (November 12, 2020 email from Cali Spota to Ms. Peck).  It then produced documents responsive to Masrud's *second* request for production on December 4, 2020.  The December 4 production did not cure the deficiencies raised in Masrud's Motion with respect to Masrurd's first request for production.  Moreover, an alleged "rolling production" does not explain why Polysciences' responses to the discovery requests at issue remain deficient *four months* after the requests were served under an expedited discovery order.

For the reasons set forth herein, Polysciences' responses remain deficient, and Masrud's Motion should be granted.

**INTERROGATORY NO. 5**

Masrud did not file this Motion based on "confusion" over which documents contain Polysciences' alleged trade secrets (although that remains unclear).  Rather, he filed this Motion over confusion as to which trade secrets he is alleged of misappropriating.  Even in response to this Motion, Polysciences makes no effort to clarify this confusion.  Rather, it continues to rely on its blanket allegation that Masrud misappropriated *all* of its alleged trade secrets, and its

---

[1] Polysciences also asserts that Masrud did not comply with Local Rule 26.1(b).  However, Masrud attached to his Motion at Exhibits "A" and "B" full copies of Polysciences Answer to Masrud's First Set of Interrogatories and First Request for Production, which contain verbatim, the relevant interrogatories, requests, and responses.

contention that because it has generally characterized its trade secrets, it has satisfied its discovery burden.[2]  In support of this contention, it cites *Liberty Mut. Ins. Co. v. Gemma*, 301 F. Supp. 3d 523 (W.D. Pa. 2018) and *Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447 (E.D. Pa. Dec. 13, 2007).  Neither of these cases, however, are on point.  In both cases, the courts denied defendants' respective motions to dismiss on the pleadings, holding that the plaintiffs adequately specified the trade secrets at issue for notice pleading purposes.  *Liberty*, 301 F. Supp. 3d at 540-541; *Aerosmith*, 2007 WL 4394447 at *8.  Masrud did not file a motion to dismiss.  He filed a motion to compel discovery.

While a trade secret misappropriation claim need not be pled with particularity in federal court,  Polysciences must ultimately prove that it owns a trade secret that Masrud misappropriated, and it must identify ***early on and with reasonable particularity*** the alleged trade secrets that Masrud misappropriated.  *See, e.g.*, *Synygy, Inc. v. ZS Associates, Inc. et al.*, 2013 WL 3716518, at *5 (E.D. Pa. July 15, 2013) (granting defendants' motion to compel specific identification of the trade secrets plaintiff contends they misappropriated as defendant should not have to guess at what they are); *Hill v. Best Med. Int'l, Inc.*, No. CIV.A 09-1194, 2010 WL 2546023, at *4 (W.D. Pa. June 24, 2010) (granting defendant's motion to compel, requiring plaintiff to fully describe with "reasonable particularity" the trade secrets that plaintiff alleges defendant and its employees misappropriated prior to seeking discovery from defendant).

---

[2] It bears repeating that in response to Interrogatory No. 5, Polysciences directed Masrud to its response to Interrogatory No. 4 in which (after generally categorizing its alleged trade secret information) it directs Masrud to the documents Polysciences produced on August 27, 2020 designated as Attorneys' Eyes Only.  Masrud Motion, Exhibit A, p. 8.  The August 27, 2020 AEO production consists of 1,689 pages.  Contrary to Polysciences' confusing argument on the last page of its Opposition Brief, Masrud does not mistakenly construe "Attorneys' Eyes Only" information.  Rather, he seeks a proper response to Interrogatory No. 5.

Courts generally require a trade secret plaintiff to identify the alleged misappropriated trade secrets with "reasonable particularity" before discovery from the defendant begins. *See, e.g.*, *Hill,* 2010 WL 2546023, at *4, citing *Engelhard Corp. v. Savin Corp.*, 505 A.2d 33 (Del. Ch. 1986) (emphasis added) (noting that in a trade secret misappropriation claim, "plaintiff will normally be required *first* to identify with reasonable particularity the matter which it claims constitutes a trade secret, *before* it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets"); *Vesta Corp. v. Amdocs Mgmt. Ltd.,* 147 F. Supp. 3d 1147, 1154 (D. Or. 2015) (granting defendant's motion for protective order to excuse it from responding to plaintiff's discovery requests as to confidential information until plaintiff met burden of disclosing trade secrets with reasonable particularity); *BioD, LLC v. Amnio Tech., LLC,* No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *6 (D. Ariz. Aug. 6, 2014) (denying plaintiffs' motion to compel while granting defendants' motion for a protective order, the court underscored that "Defendants do not have to respond to any of plaintiffs' discovery requests that would involve defendants disclosing proprietary or confidential information until plaintiffs have identified their trade secrets with more specificity," as required by the "reasonable particularity" standard).

The "reasonable particularity" standard requires a description of the alleged misappropriated trade secrets that both (a) puts a defendant on notice of the nature of the plaintiff's claims, and (b) enables defendant to determine the relevance of any requested discovery of its trade secrets. *Hill,* 2010 WL 2546023, at *4, citing *Engelhard Corp. v. Savin Corp.*, 505 A.2d 33 (Del. Ch. 1986) (emphasis added). Despite the lack of any such description from Polysciences, Masrud has permitted Polysciences its broad fishing expedition and produced the entirely of its R&D and manufacturing records as well as detailed interrogatory responses

summarizing those records and its processes.  As such, Polysciences has *everything* that it needs to assess whether and how Serochem used Polysciences alleged trade secrets in the development and manufacture of its products.  Despite this fact, Polysciences refuses to provide the specificity that Masrud seeks in his interrogatories so that Masrud can adequately prepare his defense and focus his remaining discovery efforts on issues that are relevant to Polysciences' claims.

Directing Masrud to the myriad of documents that contain its alleged trade secrets in response to Interrogatory No. 5 does not satisfy the "reasonable particularity" standard, does not satisfy Polysciences' good faith discovery obligations, and does not satisfy Rule 33.  Rule 33(d) provides an option to produce business records in response to an interrogatory *if* the answer to an interrogatory may be determined by "examining, auditing, compiling, abstracting, or summarizing" those records, *and* the burden of deriving the answer will be substantially the same for either party.  Even if Masrud had the right to examine Polysciences production (which he does not given that Polysciences has designated the entirety of its alleged confidential information and trade secrets as "Attorneys' Eyes Only"), no such examination would identify for him the information requested in Interrogatory No. 5 as only Polysciences can explain its claims and identify with specificity the alleged trade secrets it claims Masrud misappropriated.  Moreover, suggesting that Masrud be forced to "guess" after culling through Polysciences' production (which he cannot do at this time due to the AEO designations) is a blatant attempt by Polysciences to shift its burden of specifying its claims to Masrud.

**INTERROGATORY NOS. 2 AND 3**

As set forth In Masrud's Motion, Polysciences has resisted disclosing individuals with knowledge about Polysciences' initial development of the products at issue.  For example, it

initially disclosed only individuals who were "primary contributors" for the "present formulations of the referenced products." Masrud Motion, Exhibit "D" p.p. 2-3.

In its December 8, 2020 response to this Motion, Polysciences claims that it was not withholding names and that "upon learning of additional responsive individuals, [it] promptly supplemented its response" to include four additional names: Tom Opie, Ph.D. (retired), Sadik Elshani, Ph.D., Dave Templer, Ph.D. (retired, and Bob Gleim, Ph.D. (retired). In truth, Polysciences did not supplement its interrogatory responses prior to Masrud's motion. It had not even supplemented its response on or prior to December 8 when it represented to the Court that Masrud's motion was unwarranted.

**Polysciences supplemented its interrogatory responses for the first time on December 14, 2020**, -- 20 days days after Masrud's filed his Motion, 7 days after it represented to the Court that it had already "promptly" done so -- and only after Masrud was forced to request that it do so based on its representation to the Court. **Exhibit "C"** (December 13 and 14 email exchange between Ms. Peck and Cali Spota, together with Polysciences' First Supplemental Answers and Objections to Defendant's First Set of Interrogatories dated December 14, 2020). Even worse, Polysciences admits that it has been working with these individuals on this case! See **Exhibit "D"** (December 15, 2020 email from Ms. Spota to Ms. Peck explaining why Masrud cannot directly contact these newly identified individuals). This begs the question as to why it took so long for Polysciences to identify them and whether there are more individuals – with whom Fox Rothschild is not working – who are responsive to these interrogatories.

It is disingenuous for Polysciences to withhold relevant witnesses until forced by a motion to compel based on the excuse that its "investigation" is ongoing. Masrud should not

6

have had to wait *four months* for these names -- particularly when they were obviously known to Polysciences' from the inception of this case -- and Polysciences cannot credibly dispute that had Masrud not filed the within Motion, he would still be waiting. It remains unclear as to whether all responsive individuals have been named as Polysciences continues to claim that discovery is ongoing.

## DOCUMENT REQUEST NOS. 13 AND 14

These requests seek documents relating to the initial development of Polysciences' products, including its PEI Max (Product No. 24765), or any changes made to its products over the years. Polysciences has not produced any documents regarding the initial development of PEI Max (Product No. 24765) and Transporter 5 (the two products at issue in this case). Instead, it claims its production is rolling. However, Masrud should not have to wait four months for the production of documents responsive to "expedited discovery." The failure of Polysciences to produce this highly relevant information to date warrants an Order to compel, particularly when Polysciences continues to fail to confirm that it even intends to produce this information.

## CONCLUSION

For the reasons set forth herein, and in Masrud's Memorandum of Law, Defendant Joseph T. Masrud respectfully requests that the Court grant his motion to compel.

Dated: December 15, 2020                HOMANS PECK LLC

/s/ Julianne L. Peck
Julianne L. Peck, Esquire
43 Paoli Plaza #426
Paoli, PA 19301
Telephone: (215) 868-6214
jpeck@homanspeck.com

*Attorney for Defendant*
*Joseph T. Masrud*