UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH T. MASRUD,<br><br>        Defendant. | Civil Case No. 20-cv-03649-PBT |

**MATHEW GRIFFIN'S MEMORANDUM IN OPPOSITION TO POLYSCIENCES'**
**MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

# **TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 1

II. GRIFFIN HAS ADEQUATELY COMPLIED WITH THE SUBPOENA ................................ 3

III. THERE IS NO BASIS FOR POLYSCIENCES' TO COMPEL FORENSICS ........................ 9

IV. POLYSCIENCES HAS NOT CONFERRED IN GOOD FAITH .......................................... 12

V. CONCLUSION ................................................................................................................. 14

## **TABLE OF AUTHORITIES**

Cases

*Bayer AG v. Betachem, Inc.,*
   173 F.3d 188, 191 (3d Cir. 1999) ............................................................................................ 3
*Disability Right Council v. Washington Metro. Transit Auth.,*
   242 F.R.D. 139, 145-46 (D.D.C.2007) ..................................................................................... 9
*Frank v. Honeywell Int'l, Inc.,*
   No. 15-00172, 2015 U.S. Dist. LEXIS 106453, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 12, 2015) ........................................................................................................................................ 3
*Hubbard v. Potter,*
   247 F.R.D. 27,29-30 (D.D.C.2008) .......................................................................................... 9
*In re Domestic Drywall Antitrust Litigation,*
   300 F.R.D. 234, 238 (E.D. Pa. 2014) ....................................................................................... 3
*John B. v. Goetz,*
   531 F.3d 448, 460-61 (6th Cir. 2008) ................................................................................. 9, 11
*Kidwiler v. Progressive Palverde Ins.,*
   192 F.R.D. 193, 196-97 (N.D.W.Va.2000) ............................................................................ 12
*Treppel V. Biovail Corp.,*
   249 F.R.D. 111, 117 (S.D.N.Y.2008) ....................................................................................... 9

Other Authorities

Sedona Conference, Sedona Principles, Third Edition, 19 Sedona Conf.J at 131 (Principle 7) ..... 9

Rules

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 3
Fed. R. Civ. P. 26(b)(2)(C). .......................................................................................................... 4
Fed. R. Civ. P. 26(c)(1) ................................................................................................................. 3
Fed. R. Civ. P. 37(a)(1) ............................................................................................................... 12
Fed. R. Civ. P. 37(a)(3)(B) ........................................................................................................... 9
Fed. R. Civ. P. 37(a)(4) ................................................................................................................. 9
Local Rule 26.1(f) ....................................................................................................................... 12

Plaintiff Polysciences ("Plaintiff" or "Polysciences) has filed a Motion to Compel Compliance with Subpoena ("Motion") after Non-Party Mathew Griffin ("Griffin") has properly objected to and produced all relevant and responsive documents in his sole possession, custody or control for their Subpoena to Produce Documents ("Subpoena"). Griffin has further attempted to facilitate access to his computer and cloud accounts so that Polysciences can know, beyond all reasonable doubt, that their confidential information was not, and will never be, misappropriated by Griffin. However, despite Griffin's efforts to provide Polysciences appropriate discovery, Polysciences' counsel has acted in bad faith towards Griffin, been unresponsive, and now brings this unnecessary Motion before the Court after ignoring Griffin for a month. Accordingly, Griffin respectfully asks the court to deny Polysciences' Motion.

## I. BACKGROUND

Griffin was employed at Polysciences from August 3, 2015 until August 30, 2019. Declaration of Griffin (Attached herein as **Exhibit "1"**), ¶3,6. Griffin resigned from Polysciences on August 9, 2019 after accepting an employment offer with significantly higher compensation from a non-competing company Greene Tweed in Kulpsville, PA. *Id.* ¶5. After learning of Griffin's resignation, Masrud asked Griffin to help Serochem in his free time. *Id.* ¶13.

On July 27, 2020 Polysciences filed a complaint against Joseph T. Masrud ("Masrud") for trade secret misappropriation and breach of contract because Serochem, Masrud's company, was selling competing PEI transfection reagents. On August 28, 2020, Polysciences served a vague, overly broad, and highly irrelevant Subpoena for Document Production on Griffin's attorney. The Subpoena is attached herein as **Exhibit "A"**. The Subpoena was unreasonably duplicative in that it seeks *virtually identical* information to the discovery requests from Masrud. *Compare* Ex. A with ECF No. 23-4 (Exhibit B of Polysciences' Motion to Compel Discovery).

1

As a result of Polysciences' Subpoena, Griffin's limited financial resources were depleted and Griffin promptly informed Polysciences he would be proceeding without an attorney on September 21, 2020. Declr Griffin ¶20. Griffin served his initial objections and production on Polysciences on September 25, 2020. Griffin's initial responses and objections are attached herein as **Exhibit "B"**.

Polysciences sent an initial deficiency letter on October 7, 2020, attached herein as **Exhibit "C"**. In response, Griffin disclosed withheld documents on October 13, 2020. *See* Page 1 of Exhibit E of Polysciences' Motion. Polysciences' October 16, 2020 response letter did not mention or seek any production of the withheld documents. Letter from Polysciences' counsel attached herein as **Exhibit "D"**. Griffin and Polysciences' counsel had a meet and confer on October 20, 2020, where the parties discussed forensics, but following this meeting Polysciences' counsel did not further seek the production of any documents. Griffin a provided a follow-up letter on October 21, 2020 committing to produce a supplemental production the following week. **Exhibit "E"**. On October 22, 2020 Polysciences' counsel sent a letter demanding, for the first time, the immediate production of irrelevant and duplicative documents **Exhibit "F"**.

Griffin produced the promised supplemental documents on October 26, 2020, a fact that Polysciences' omits in its Motion. Letter detailing supplemental production attached herein on **Exhibit "G"**. Email to Polysciences' counsel with production and letter attached herein as **Exhibit "H"**. Polysciences has not claimed any deficiencies to Griffin's supplemental production until filing their Motion. Declr. Griffin ¶25. However, Polysciences has since used documents contained within the production as an exhibit. *See* ECF No. 31 at 6.

2

Polysciences moved to add Griffin as a defendant on November 25, 2020. *See* ECF No. 24. Thereafter, and despite already having all relevant and responsive documents in Griffin's sole possession, Polysciences filed a Motion to Compel Compliance with Subpoena on December 3, 2020.

## II. GRIFFIN HAS ADEQUATELY COMPLIED WITH THE SUBPOENA

Parties may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

"Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." *In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) (quoting *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999)); *Frank v. Honeywell Int'l, Inc.*, No. 15-00172, 2015 U.S. Dist. LEXIS 106453, 2015 WL 4770965, at *4 (E.D. Pa. Aug. 12, 2015) (stating that "[c]ourts have significant discretion when resolving discovery disputes"). Discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Moreover, the courts must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

3

obtain the information by discovery in the action; (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Griffin has already produced all relevant and responsive documents in his sole possession, custody, or control for all of Polysciences' requests. Griffin's production to date includes, without limitation:

- All relevant and responsive text messages between Griffin, Masrud and Serochem's Chemist.

- All relevant and responsive physical and electronic notes related to Serochem in Griffin's sole possession, custody, or control.

- All responsive items from Griffin's day planners from January 2019 to August 2019 (Griffin's last eight months of employment at Polysciences).

- All emails and attachments from or to Polysciences' email servers in Griffin's possession.

Despite Polysciences' claim that Griffin has improperly redacted many documents in his production, Griffin has only redacted Serochem's PEOx supplier information as a trade secret and irrelevant personal items from his text messages and day planners. Regardless, Griffin understands that Masrud has since disclosed Serochem's PEOx supplier to Polysciences' counsel, so there is now no relevant and responsive information being withheld from Polysciences because of Griffin's redactions.

Much of Polysciences' Subpoena served on Griffin is highly duplicative in that it is *virtually identical* in what it sought from and what was produced by Masrud. Compare Ex. A with ECF No. 23-4. Griffin should not have to provide purely a duplicative production of Serochem's documents that Polysciences has already obtained from Masrud. Griffin has

produced all additional responsive documents that were in his sole possession, custody, or control, and no basis exists to grant Polysciences' Motion.

**Request No. 10** seeks production of "All Documents and things concerning or relating to any comparison of any of Serochem's PEI Products to any other product, including but not limited to Polysciences' PEI Products."

Griffin properly objected to this request on the grounds of relevance. Polysciences has not articulated how comparisons that do not involve the use or disclosure of Polysciences confidential information are relevant to any party's claims or defenses, which is about misappropriation of confidential and/or trade secret information. Nevertheless, *and despite Polysciences' assertion to the contrary*, Griffin has produced responsive documents for this request in the form of text messages between him and Masrud. Masrud has already produced all additional documents responsive to this request.

**Request No. 11** seeks "All documents and things concerning any attempt by you, and/or Serochem to develop or create a product containing PEI."

Griffin properly objected to this request on the grounds it is duplicative with the discovery production Masrud has already provided. Masrud has already produced all the development and manufacturing records for Serochem's PEI transfection reagents for Polysciences. *See* Page 2 of ECF No. 34. In addition, Griffin has produced hundreds of text messages between himself, Masrud and Serochem's chemist detailing Serochem's development efforts. Masrud's Interrogatory No. 4 Answer also lays out all Serochem's development steps in detail. *See* Page 6-10 of ECF No. 23-5. Griffin's supplemental production further included relevant and responsive electronic notes in his sole possession. No additional responsive documents exist.

**Request No. 12** seeks "All documents and things concerning information or materials concerning Polysciences and/or Polysciences' PEI Products that were available to you or created, maintained or obtained by you in connection with his work with Polysciences in an employment, consulting or any other capacity."

Griffin properly objected to this request on the grounds of relevance to the extent that it is asking for any information other than Polysciences' confidential information in Griffin's possession, custody, or control. As part of Griffin's supplemental production, Griffin produced all emails from or to Polysciences email servers in his possession, some of which refer to Polysciences' PEI transfection reagents. As stated before, Griffin does not have any further responsive and relevant documents in his possession, custody, or control. Page 6 of Ex. E and Declr. Griffin ¶23.

**Request No. 13** seeks production of "All documents and things reflecting or referring to any meetings you had with any persons at Polysciences from 2015 to present, including, without limitation any meeting notes, communications between you and any persons at Polysciences."

Griffin properly objected to this request on the grounds of relevance to the extent that it seeks information that is not Polysciences' confidential information. Notwithstanding, Griffin has produced responsive documents to this request, namely images from his planner from January 2019 to August 2019 (Griffin's last eight months of employment at Polysciences). To date, Polysciences has ignored Griffin's October 23, 2020 email, accepting Polyscience's offer to produce his day planner images if Polysciences will reimburse Griffin to independently have them scanned and Griffin can redact his private personal information before production.  See email to Eric E. Reed dated October 23, 2020 attached as **Exhibit "I"**.  Polysciences' never

6

responded. Declr. Griffin ¶24. Griffin does not have further responsive and relevant documents in his sole possession, custody, or control.

**Request No. 14** seeks production of "All documents and things concerning Polysciences' PEI Products in you's [sic] possession, in hard copy or electronic version including, without limitation, any and all documents obtained from any Polysciences server, document management system, email account, personal computer, external hard drive, cloud storage."

Griffin properly objected this request on the grounds of relevance to the extent that it seeks any information other than Polysciences' confidential information in Griffin's possession, custody, or control. Griffin has already produced all emails from or to Polysciences email servers that are in his possession, some of which refer to Polysciences' PEI transfection reagents. Griffin does not have any further responsive and relevant documents in his possession, custody, or control. Declr. Griffin ¶23.

**Request No. 15** seeks production of "All documents and things concerning Polysciences customers, including, without limitation, any and all customer lists, contact names, transaction records and communication."

Griffin properly objected to this request on the grounds of relevance to the extent that it seeks information other than Polysciences' confidential information in Griffin's possession, custody or control. As stated before, Griffin does not have any relevant, responsive documents to this request in his possession, custody, or control. Page 8 of Ex. E. Declr. Griffin ¶23.

**Request No. 16** seeks production of "All documents and things containing information obtained from or supplied by Polysciences and downloaded to drop box or any other data storage retrieval system including personal computers, external hard drives or data storage devices."

7

Griffin properly objected to this request on the grounds of relevance to the extent that it seeks any information other than Polysciences' confidential information in Griffin's possession, custody, or control. Griffin has already produced all of the emails from or to Polysciences' servers in his possession. Griffin does not have any further relevant and responsive documents in his possession, custody, or control. Declr. Griffin ¶23.

Strangely, Polysciences contends that "Mr. Griffin further inappropriately objects to producing documents responsive to this Request because such documents can be alternatively obtained from Mr. Masrud." Motion at Page 21. *Griffin makes no such objection.* See Exhibit B at Page 18-19.

**Request No. 19** seeks production of "All PEI product formulations, PEI test data or PEI product performance information."

Griffin properly objected to this request on the grounds of relevance to the extent it seeks information other than Serochem's product formulations *or* confidential Polysciences information in Griffin's possession. Further, Griffin properly objected to the purely duplicative production of Serochem's information that Masrud has already produced. Masrud has already produced all of Serochem's manufacturing, testing, and performance records related to its PEI transfection reagents as part of discovery. In supplemental production, Griffin has produced relevant and responsive electronic notes in his sole possession. Griffin does not have further relevant and responsive documents in his sole possession, custody, or control. All other responsive and relevant information has been produced by Masrud.

As set forth above, for each request Griffin has properly objected to and produced all relevant and responsive documents in his sole possession, custody, or control for each one of Polysciences' requests. Griffin should not be compelled to produce the exact same, duplicative

8

information that Masrud has already produced. Accordingly, Griffin respectfully asks the court to deny Polysciences Motion to compel any further responses to Requests No. 10, 11, 12, 13, 14, 15, 16 and 19.

### III. THERE IS NO BASIS FOR POLYSCIENCES TO COMPEL FORENSICS

If a producing party does not provide adequate response to a request for Electronically Stored Information ("ESI"), the requesting party may move to compel adequate production for ESI. *See* Fed. R. Civ. P. 37(a)(3)(B), Fed. R. Civ. P. 37(a)(4); *see, e.g., Treppel V. Biovail Corp.,* 249 F.R.D. 111, 117 (S.D.N.Y.2008) (plaintiff moved to compel production of backup tapes.) To obtain relief, the requesting party must show (1) a reasonable basis (i.e., beyond mere speculation) that there likely is other ESI or there was ESI and it has been destroyed, (2) the responding party's steps to produce or preserve relevant ESI were inadequate, and (3) additional efforts by the responding party to produce relevant ESI are warranted. *See Sedona Conference,* Sedona Principles, Third Edition, 19 Sedona Conf.J at 131 (Principle 7); *see,* e.g., *Hubbard v. Potter,* 247 F.R.D. 27, 29-30 (D.D.C.2008) (motion to compel denied when Plaintiff only alleged theoretical possibility that there was more ESI); *Disability Right Council v. Washington Metro. Transit Auth.,* 242 F.R.D. 139, 145-46 (D.D.C.2007) (motion to compel granted when Plaintiff showed Defendant did not properly instruct employees to retain relevant ESI and did nothing to stop automatic destruction of e-mails); *see also John B. v. Goetz,* 531 F.3d 448, 460-61 (6th Cir. 2008) (mere skepticism that party has not produced all relevant information is not sufficient to warrant drastic electronic-discovery measures; when there was no evidence that defendants intentionally destroyed relevant ESI in past or would refuse to preserve and produce relevant ESI in the future, court abused its discretion by ordering forensic imaging). Polysciences fails to

9

satisfy *any* of the elements required to compel Griffin's compliance with their requests for mirror imaging and forensics of Griffin's personal devices.

Polysciences offers no supportable basis that there likely is other ESI in Griffin's possession. Within their Motion, Polysciences only offers misleading arguments and incredulity. Polysciences' disingenuously claims *twice* that Griffin has admitted additional confidential ESI likely exists. "Griffin has clearly admitted that his personal computer likely still contains Polysciences' confidential and proprietary information." Motion at Page 6. "Griffin has admitted that his personal computer likely still contains Polysciences' confidential and proprietary information." Motion at Page 9. ***These contentions are baseless***. Polysciences refers to Griffin's October 13, 2020 letter, where Griffin simply acknowledged the theoretical basis by which such information exists. Since then, and only because of Polysciences' consistent refusal to work in good faith with Griffin to facilitate forensics, Griffin independently performed searches for any confidential Polysciences ESI. Declr. Griffin ¶23. Griffin was able to determine after a reasonable search that no Polysciences' confidential information exists on his devices and cloud storage accounts. *Id.* Griffin has located confidential Polysciences ESI as emails from/to Polysciences' servers, which he has since produced in full for Polysciences. *Id.*

Likely to create a basis where none exists, Polysciences also misleadingly claims in their Motion that "Griffin left Polysciences to join Masrud at his directly competing start-up business." Motion at Page 3. This contention is disingenuous. Griffin left Polysciences when he received an offer with significantly higher compensation from Greene Tweed. Declr. Griffin ¶5. Griffin's last day at Polysciences was August 30, 2019. *Id.* ¶6. There was no intent to develop a PEI transfection reagent until after *Polysciences* ended their relationship with Masrud, on

10

September 6, 2019. *Id.* ¶15. By the time Griffin and Masrud had any intent to develop a PEI transfection reagent, Griffin had no access to Polysciences' confidential ESI.

Similarly, Polysciences has put forth specious "evidence of wrongdoing" by Griffin in past filings. ECF No. 15. *See* Exhibit A and Exhibit B of ECF No 15. These emails, which **_very curiously_** do not show the receiving email address, are actually showing internal Polysciences emails occurring for Polysciences' benefit, and not a nefarious diversion of Polysciences' confidential information to external personal emails as Polysciences' implies. Declr. Griffin ¶11-12.

Polysciences offers no reasonable claims that Griffin's efforts to produce and preserve relevant ESI were inadequate. Polysciences has only expressed incredulity without any supporting evidence. Skepticism that all relevant ESI was not produced does not justify a forensic inspection. *John B.,* 531 F.3d at 460.

Finally, Polysciences offers no basis that further production of ESI is even warranted. After obtaining all relevant and responsive documents from Masrud and Griffin, Polysciences continues to evade specifying any information that they are claiming was misappropriated. Given this, it is unclear what good-faith basis Polysciences has to now demand invasive imaging and forensics of Griffin's personal devices.

In addition to lacking the basis to compel forensics of Griffin's personal devices, Polysciences has attempted to impose an unreasonably vague, irrelevant and burdensome forensic protocol on Griffin rather than work with Griffin to search his personal laptop for Polysciences' ESI with reasonability specificity. The forensic efforts between Polysciences and Masrud have completely stalled since October due the poor design of the protocol, and yet Polysciences claims that Griffin should agree to this same protocol. ECF No. 34 at 1.

11

Polysciences cannot reasonably compel forensic access to Griffin's devices when there isn't even a viable protocol.

Further, as Polysciences acknowledges, Griffin has expressed reasonable concerns to Polysciences' counsel that Polysciences could obtain and disclose confidential information to the harm of Griffin, Griffin's current employer, or Serochem. While it is true that there is a Protective Order in place between the parties, and moreover Griffin has agreed to it, Polysciences' has already violated this order *twice* in the course of this litigation and released clearly marked confidential information in the public domain. *See* ECF No. 23, 24, 25. Polysciences only took steps two days later to fix their mistake *after* both Griffin and Masrud's counsel pointed out that they had violated the protective order. Such incidents raise concerns about Polysciences' ability or willingness to comply with the Protective Order they are also claiming gives them a basis to request invasive access to irrelevant information.

Because Polysciences' request to compel forensics of Griffin's personal electronic devices lacks any valid basis, and even moreover because of the demonstrated risk of careless disclosures by Plaintiff, the Court should deny Polysciences motion to compel forensics of Griffin's personal devices.

## IV. POLYSCIENCES HAS NOT CONFERRED IN GOOD FAITH WITH GRIFFIN

A party may move for an order compelling disclosure or discovery. The requesting party must attach a certificate to the motion stating that it conferred or attempted to confer with the other parties in good-faith effort to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1), Local Rule 26.1(f). Courts can deny a motion to compel if the movant has not conferred properly. *See Kidwiler v. Progressive Palverde Ins.*, 192 F.R.D. 193, 196-97 (N.D.W.Va.2000).

Polysciences' counsel has failed to confer in good faith with Griffin and they have made no certification of conferring in good faith in their motion.

Polysciences has sought forensic access to Griffin's computer because of the theoretical possibility of confidential Polysciences ESI. Griffin has attempted to facilitate Polysciences' access so that Polysciences can know that Griffin didn't use their confidential ESI for Serochem. However, because this possibility exists purely from Polysciences' own negligence, and moreover because Griffin simply cannot afford counsel, Griffin has fairly asked for assistance with attorney's fees associated with complying with the forensic protocol. Polysciences has refused.

Rather than work with Griffin to resolve this issue, Polysciences' counsel has repeatedly tried to mislead Griffin. During their September 25, 2020 meet and confer, Polysciences' counsel Eric E. Reed ("Reed") said that if Griffin *first* agreed to forensics, they would do "in person" forensics, where Griffin could limit the production volume to a manageable amount by directing the analyst about which folders may contain responsive information. Griffin asked Reed to put this offer in writing, but Reed never did so. Declr. Griffin ¶21.

Griffin then later attempted to facilitate Reed's verbal offer for in-person in Griffin's October 21, 2020 letter. Griffin writes "I am willing to offer my computer, external hard drives, and cloud storage accounts for forensic review for the purpose of identifying any confidential or proprietary Polysciences information contained therein. ….To limit and/or avoid attorneys' fees, I am willing to sit with a neutral forensic effort [sic] pursuant to a mutually agreed upon protocol that is reasonably tailored to capture only Polysciences' confidential information to accomplish this goal." Page 8 of Ex. E. Reed accepted the offer in his October 22, 2020 letter. Reed wrote "Polysciences will accept your offer of a forensic review of your computer, external hard drives,

and cloud storage accounts for the purpose of identifying any Polysciences information contained therein. Polysciences also agrees to the proposal that you may sit with a neutral forensic expert, pursuant to a mutually agreed upon protocol that is reasonably tailored to capture only Polysciences' information to accomplish this goal." Ex. F. On October 26, 2020 Griffin sent a draft protocol based off their past discussions. (The protocol was attached to the supplemental production email. Ex. H.)

Reed responded on November 2, 2020 with a revised protocol. Email attached herein as **Exhibit "J"**. Reed wrote "Attached is a revised protocol (revisions tracked) based on prior discussions and our experience of what's working and not with Mr. Masrud." *Id.* Reed's statement was stunningly insincere. Many revisions did not appear to be tracked as claimed. Moreover, The protocol was nothing as Griffin had discussed with Reed during conferences. Rather, the protocol was extremely broad and invasive. Masrud's forensics have completely stalled since October. Page 1 of ECF No. 34. So, it remains unclear what Reed means when he says "what's working" with respect to Masrud's forensics *in November*. Ex. J. Regardless, Griffin provided a revised protocol on November 4, 2020. Email to Reed is attached herein as **Exhibit "K"**. Polysciences' counsel never responded or conferred on forensics again until bringing this Motion a month later. Declr. Griffin ¶25.

Griffin has made every reasonable effort to provide Polysciences' the documents and access they are looking for, but to date they have not pursued it in a fair, reasonable or responsive manner. Because Polysciences has failed to confer with Griffin in good faith their motion should be denied in its entirety.

## V. CONCLUSION

Because Griffin's responses and production for Polysciences' Subpoena to date have been proper, Polysciences' forensic requests lack any basis, and Polysciences' counsel has failed to confer in good faith with Griffin, Griffin respectfully asks the court to deny Polysciences' Motion.

Dated: December 17, 2020                    Respectfully submitted,

*[signature]*

Mathew W. Griffin
1705 Morris Ct.
North Wales, PA 19454
Telephone: (330) 240-7551
Email: mgriffin1705@gmail.com

*Unrepresented Non-Party*