# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

POLYSCIENCES, INC.,

          Plaintiff,

   v.

JOSEPH T. MASRUD,

          Defendant.

Civil Case No. 20-cv-03649-PBT

## DECLARATION OF MATHEW W. GRIFFIN IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

I, Mathew W. Griffin, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over 21 years old of age and am a resident of the Commonwealth of Pennsylvania. I am competent to execute this declaration and have personal knowledge of the matters set forth herein.

2.      I submit this declaration in opposition to Polysciences' Motion to Compel Compliance With Subpoena. Based on the facts set forth herein, and the accompanying Memorandum of Law, I respectfully request that this court deny Polysciences' request to compel compliance with the subpoena.

1

## POLYSCIENCES

3.      I began my employment at Polysciences on August 3, 2015.

4.      As part of my job duties at Polysciences, I would analyze Polysciences' sales data.

5.      On August 9, 2019, I received an offer for employment from Greene, Tweed. The offer from Greene Tweed included significantly higher compensation and more paid time off than my role at Polysciences. I resigned from Polysciences the same day.

6.      My last day at Polysciences was on August 30, 2019.

7.      Throughout my employment I openly used my personal computer to perform my job duties for Polysciences because Polysciences' computers lacked capabilities needed to perform my job effectively.

8.      At no time prior to this litigation did anyone from Polysciences seek the removal of Polysciences' files from my personal computer, email or cloud accounts.

9.      Around the end of my employment at Polysciences, I deleted all Polysciences' confidential information from my personal computer and cloud accounts.

10.     I did not intentionally retain any Polysciences' Confidential Information after my employment ended.

11.     The September 10, 2018 email previously presented in this litigation as Exhibit A in ECF No. 15 shows me giving Joseph Masrud, my manager at Polysciences at that time, access to sales data for him to use for Polysciences' benefit.

12.     The July 10, 2019 email previously presented in this litigation as Exhibit B in ECF No. 15 shows me sending up-to-date sales data to my internal Polysciences email to use in analysis for Polysciences' benefit.

2

## SEROCHEM

13.     After hearing of my resignation, Masrud asked me if I would be willing to help Serochem in my free time once my role at Polysciences ended. I agreed.

14.     I did not help Serochem until after my last day at Polysciences.

15.     Masrud and I never discussed developing a PEI transfection reagent to compete against Polysciences until after Polysciences terminated its relationship with Masrud on September 6, 2019.

16.     I never used or disclosed Polysciences' confidential information following the end of my employment with Polysciences.

17.     Masrud and I researched and developed Serochem's PEI transfection reagents using only information available in the public domain and our respective technical know-how.

18.     I have a Bachelor of Science in Chemical Biology from Brown University. As part of my education I learned both chemical synthesis and molecular biology techniques.

## POLYSCIENCES V. MASRUD

19.     On August 28, 2020 Polysciences served a subpoena on my attorney.

20.     I could no longer afford to pay an attorney and proceeded unrepresented on September 21, 2020, at which time I began personally communicating with Polysciences' counsel with respect to the subpoena.

21.     During a September 25, 2020 telephone conferences with Polysciences' counsel Eric E. Reed ("Reed") to discuss the Subpoena, Reed offered "in-person" computer forensics where I would be able to direct a forensic analyst to ensure that folders on my computer

3

containing irrelevant and private personal information were not copied, analyzed, or produced. I asked for Reed to produce this protocol in writing, but Reed never did so.

22.     Reed has never provided a forensics protocol consistent with his verbal offer during any subsequent phone conferences.

23.     In compliance with the Subpoena I searched my electronic devices and internet accounts for any remaining Polysciences confidential ESI in my possession. I identified and produced confidential Polysciences ESI in my personal email.  I did not identify any other confidential Polysciences ESI in my possession.

24.     After Reed offered to have my day planners copied, I sent him an email on October 23, 2020 asking if Polysciences would reimburse me to do so independently so I could redact my private irrelevant personal information. Polysciences' counsel never followed-up on production of my personal day planners after.

25.     Polysciences' counsel never alleged any deficiencies after my supplemental production on October 26, 2020.

26.     Polysciences' counsel never followed-up on my on forensics of my computer after my proposal on November 4, 2020.

27.     Polysciences' counsel never arranged any meeting for me to meet with a third-party forensic analyst.


Dated: December 17, 2020

_____
Mathew W. Griffin

4