# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| Polysciences, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 20-cv-03649-PBT |
| Joseph T. Masrud | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mathew Griffin  c/o Joseph Gordon, Pietragalla Gordon Alfano Bosick & Raspanti, LLP

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: 2000 Market Street<br>20th Floor<br>Philadelphia, PA 19103-3222 | Date and Time: Sept. 8, 2020, 9:00 am EST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: August 28, 2020

*CLERK OF COURT*

OR

_____   Eric E. Reed, Esq.
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Polysciences, Inc. , who issues or requests this subpoena, are:
Eric E. Reed, 2000 Market Street Philadelphia, PA 19103-3222, EReed@FoxRothschild.com, 215-299-2741

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 2:20-cv-03649-PBT   Document 37-2   Filed 12/17/20   Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEFINITIONS AND INSTRUCTIONS**

When used in this Subpoena, the following terms should have the meaning herein assigned unless the context clearly requires another construction.

1. "Parties."  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

2. "Defendant" refers to Joseph Masrud the defendant in this Action.

3. "Serochem" means Serochem LLC and all predecessors in interest and/or affiliates or subsidiaries of Serochem LLC or its predecessors in interest and the respective owners, officers and directors of Serochem LLC and its affiliates and subsidiaries.

4. "PEI" means Polyethylenimine.

5. "Polysciences' PEI Products" means any and all PEI products offered for sale by Polysciences.

6. "Serochem's PEI Products" means the PEI products offered for sale by Serochem, which includes but is not limited to, Serochem's PEI Prime™ Powder, Transfection Grade Linear Polyethylenimine and PEI Prime™ AQ 1 mg/mL Liquid Transfection Reagent.

7. This "Action" means the instant action brought by Polysciences against Masrud in the United States District Court for the Eastern District of Pennsylvania, 20-cv-03649-PBT.

8. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. "Person" is defined as any natural person or any business, legal, or governmental entity or association.

11. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

12. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).  In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

14. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. If any document or thing is not produced on a claim of privilege or subpoena recipient contends a document or thing is otherwise excludable from discovery, Defendant shall

provide Plaintiff with a privilege log that conforms with Federal Rule of Civil Procedure 26(b)(5) and this Court's local rules.

18. If subpoena recipient objects to any request as overly broad or unduly burdensome, subpoena recipient shall produce those documents and/or things which are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome, respectfully.

## REQUESTS FOR PRODUCTION

**Request No. 1.**  All documents and things concerning this Action, including communications to any Persons other than your counsel.

**Request No. 2.**  All documents and things, including communications and agreements, exchanged between Defendant, you and/or Serochem and any Persons concerning Serochem's PEI Products.

**Request No. 3.**  All documents and things, including communications, agreements, specifications, methods and protocols, exchanged between you, Defendant and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products.

**Request No. 4.**  All documents and things concerning the design and development of Serochem's PEI Products, including but not limited to, documents and communications concerning the decision to develop each of Serochem's PEI Products.

**Request No. 5.**  All documents sufficient to identify the entities or Persons involved in the development, design, testing, engineering, manufacturing, marketing, and sales of each Serochem PEI Products.

**Request No. 6.**  All documents relating to the manufacture of each of Serochem's PEI Products, including protocols and methods of making and using the Serochem PEI Products.

**Request No. 7.** All documents and things concerning the advertising, marketing, promotion, sale, or commercialization of any of Serochem's PEI Products.

**Request No. 8.** All communications between you, Masrud and/or Serochem and any entity or individual known or reasonably believed by Masrud to be or have been a Polysciences customer or Polysciences prospective customer.

**Request No. 9.** All documents or communications referring to Polysciences or Polysciences' PEI Products or information created or controlled by Polysciences.

**Request No. 10.** All Documents and things concerning or related to any comparison of any of Serochem's PEI Products to any other product, including but not limited to Polysciences' PEI Products.

**Request No. 11.** All Documents and things concerning any attempt by you, and/or Serochem to develop or create a product containing PEI.

**Request No. 12.** All documents and things concerning information or materials concerning Polysciences and/or Polysciences' PEI Products that were available to you or created, maintained or obtained by you in connection with his work with Polysciences in an employment, consulting or any other capacity.

**Request No. 13.** All documents and things reflecting or referring to any meetings you had with any persons at Polysciences from 2015 to the present, including, without limitation any meeting notes, communications between you and any persons at Polysciences.

**Request No. 14.** All documents and things concerning Polysciences' PEI Products in you's possession, in hard copy or electronic version including, without limitation, any and all documents obtained from any Polysciences server, document management system, email account, personal computer, external hard drive, cloud storage.

**Request No. 15.** All documents and things concerning Polysciences customers, including, without limitation, any and all customer lists, contact names, transaction records and communication.

**Request No. 16.** All documents and things containing information obtained from or supplied by Polysciences and downloaded to drop box or any other data storage and retrieval system including personal computers, external hard drives or data storage devices.

**Request No. 17.** All documents and things concerning any communications between Masrud and you from January 1, 2018 until the present.

**Request No. 18.** All documents and things mentioning, discussing or concerning Serochem.

**Request No. 19.** All PEI product formulations, PEI test data or PEI product performance information.

**Request No. 20.** All communications mentioning or referring to Polysciences or any Polysciences' products.

**Request No. 21.** All agreements relating or referring to Polysciences or Serochem.

**Request No. 22.** All documents referring or relating to any PEI containing products from January 1, 2018 until the present.

**Request No. 23.** All employment agreements entered to by you from January 1, 2018 until the present.