# EXHIBIT B

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>POLYSCIENCES, INC.,<br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>JOSEPH T. MASRUD,<br>　　　　　　　　Defendant. | Case No. 20-cv-03649-PBT |

## RESPONSES AND OBJECTIONS OF NON-PARTY MATHEW GRIFFIN TO SUBPOENA FROM POLYSCIENCES

Mathew Griffin
1705 Morris Ct
North Wales, PA 19454
(330) 240-7551
mgriffin1705@gmail.com

*Unrepresented Non-Party*

i

## TABLE OF CONTENTS

I. BACKGROUND ......................................................................................................................... 1

II. GENERAL REMARKS ............................................................................................................ 1

III. GENERAL OBJECTIONS ....................................................................................................... 1

IV. SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS ................................. 4

V. SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION ......... 6

## I. BACKGROUND

Mathew Griffin respectfully responds and objects to the subpoena dated August 28th, 2020 served upon his former legal representative Joseph L. Gordon, whom Mr. Griffin can no longer afford representation from, by Polysciences, pursuant to Federal Rules of Civil Procedure 45(c)(2)(B) as follows:

## II. GENERAL REMARKS

Productions from this subpoena shall be subject to the Protection Order agreed to between the parties to the underlying litigation and will be marked "CONFIDENTIAL" with all appropriate protections afforded.

## III. GENERAL OBJECTIONS

1. Mr. Griffin objects to the Subpoena in its entirety to the extent that it is vague, overbroad, unduly burdensome and generally defies Federal Rules of Civil Procedure 26, 34 and 45.

2. Mr. Griffin objects to the Subpoena in its entirety to the extent that it calls for production that imposes undue burden or expense on non-party Mr. Griffin in violation of Federal Rules of Civil Procedure 45(d)(1). Mr. Griffin is an early-career individual with significant student debt and expecting response to this exceedingly broad subpoena is unconscionable with his limited resources. The Subpoena calls for review and production of massive numbers of documents and manual documentations in a privilege log. Federal Rules of Civil Procedure 45(d)(1) states "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiff Polysciences, a company with multiple global subsidiaries, has in its possession all earnings information relating to Mr. Griffin's employment from August 2015

1

through August 2019 and knows or at least could find out, *with efforts and costs far less than necessary to even produce and serve the subpoena*, that Mr. Griffin is unable to independently afford representation sufficient to fully comply to this subpoena while protecting his rights, the rights of other non-parties, the rights of his present employers, and the rights of the parties to the underlying litigation.

3. Mr. Griffin objects to the Subpoena to the extent that it calls for disclosure of information subject to attorney-client privilege, attorney work product privilege, or any other applicable privileges described in Federal Rules of Civil Procedure 26(b)(4), and/or whose production would result in disclosure of the mental impressions, opinions, conclusions, notes, summaries, legal research, or legal theories of non-party Mr. Griffin, Mr. Griffin's former counsel or other representatives. Mr. Griffin further objects to these requests to the Subpoena to the extent that it would require identification on a privilege log privileged documents created on or after the underlying action was filed.

4. Mr. Griffin objects to the Subpoena in its entirety to the extent that it seeks information that is not relevant to the underlying litigation as required in Federal Rules of Civil Procedure 26(b)(1). The underlying litigation is in regards to Mr. Masrud's alleged "misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act ("PUSTA") and the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836(b)(1); and breach of his Confidentiality & Proprietary Agreement" (Complaint ¶ 2). Non-party Mr. Griffin isn't required to produce documents that are not remotely relevant to the claims or defenses of the case.

5. Mr. Griffin objects to the Subpoena in its entirety to the extent that it lacks consideration for the parties' relative access to relevant information and the parties' resources as required by

2

Rule 26(b)(1). Both parties' have substantially more resources than non-party Mr. Griffin and nearly all the requested documents can be obtained by way of reasonable investigation or normal discovery between parties to the underlying litigation.

6. Mr. Griffin objects to the Subpoena in its entirety to the extent that it asks Mr. Griffin to produce confidential information owned by Serochem, and other non-parties, that he lacks the any authority to share. Any requests for confidential information owned by Serochem should be directed to Serochem.

7. Mr. Griffin objects to the Subpoena in its entirety to the extent that it is not proportional to the needs of the case as required by Federal Rules of Civil Procedure 26(b)(1). To date, Serochem has less than $600 in sales. (Response in Opposition re: Motion for Temporary Restraining Order and Preliminary Injunction at 5.)

8. Mr. Griffin objects to the Subpoena in its entirety to the extent that it calls for production that is unreasonably duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive, required by Federal Rules of Civil Procedure 26(b)(2)(C)(i). Nearly all requests for documents can be obtained from parties to the litigation more readily than non-party Mr. Griffin.

9. Mr. Griffin objects to the Subpoena in its entirety to the extent that it calls for production of documents that the requesting party has ample opportunity to obtain by discovery between parties to the underlying litigation required by Federal Rules of Civil Procedure 26(b)(C)(ii).

10. Mr. Griffin objects to the subpoena in its entirety to the extent that it seeks trial preparation materials, against Federal Rules of Civil Procedure Rule 26(b)(3)(A)

3

11. Mr. Griffin objects to the subpoena in its entirety to the extent that it seeks information to interfere with Mr. Griffin's ongoing employment relationships with non-parties that are not remotely related to the underlying litigation.

## IV. SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**Definition No. 1**:

"Parties." The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."

**Objection to Definition No. 1**:

Mr. Griffin objects to Definition No.1 on the grounds that it is vague, overly broad, unduly burdensome. It is not possible for Mr. Griffin to know of the persons and entities that plaintiff includes within Definition No. 1 as stated. Mr. Griffin will use the term "parties" or "party" to refer to defendant "Joseph Masrud" and/or the plaintiff "Polysciences" the company, which Mr. Griffin will also use to refer to its general information systems (including but not limited to emails, ERPs, quality management systems, computer networks, employee computers), and agents to the underlying litigation including, but not limited to, Scott A. Knorr (Vice President, Specialty Products & Contract Manufacturing), Andrew Ott (Executive Vice President & Chief Operating Officer) and Leena Mol Thuruthippallil (Director of Lab Products).

**Definition No. 3**:

"Serochem" means Serochem LLC and all predecessors in interest and/or affiliates or subsidiaries of Serochem LLC or its predecessors in interest and the respective owners, officers and directors of Serochem LLC and its affiliates and subsidiaries."

**Objection to Definition No. 3**:

4

Mr. Griffin objects to Definition No. 3 on the grounds that it is vague, overly broad, unduly burdensome. Mr. Griffin will only use "Serochem" to mean the company Serochem without concern to any other persons or companies associated with it.

**Definition No. 4**:

"PEI" means Polyethylenimine.

**Objections to Definition No. 4**:

Mr. Griffin objects to Definition No. 4 on the grounds that it is vague, overbroad, and unduly burdensome. Polyethylenimine can refer to numerous possible products that do not relate to the underlying litigation. The underlying litigation to this subpoena is only related to transfection-grade linear PEI and the term "PEI" will be treated as such.

**Definition No. 5**:

"Polysciences' PEI Products" means any and all PEI products offered for sale by Polysciences.

**Objections to Definition No. 5**:

Mr. Griffin objects to Definition No. 5 on the grounds that it is vague, overbroad, unduly burdensome. PEI can refer to numerous possible products, of which Polysciences sells at least a dozen of and many are not used to any meaningful extent for transfection. The underlying litigation to this action is only related to products containing linear PEI that is commonly used for transfection and accordingly the term "Polysciences' PEI Products" will be treated to refer to PEI products marketed for transfection offered by Polysciences.

**Definition No. 9**:

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5

**Objections to Definition No. 9**:

Mr. Griffin objects to Definition No. 9 on the grounds that it's broad, vague and overly burdensome, and fails to define "communication" in any meaningful way. Mr. Griffin shall interpret "communication" to mean emails, letters and text messages.

**Definition No. 10**:

"Person" is defined as any natural person or any business, legal, or governmental entity or association.

**Objections to Definition No. 10**:

Mr. Griffin objects to Instruction No. 10 on the grounds that it's broad, vague and overly burdensome, and fails to define "person" in any meaningful way. Mr. Griffin shall interpret "Person" to refer to any natural persons in line with the English language.

**Instruction No. 15**:

"The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of discovery request all responses that might otherwise be construed to be outside of its scope."

**Objections to Instruction No. 15**:

Mr. Griffin objects to Instruction No. 15 on the grounds it's broad, vague and overly burdensome, and fails to define "and" or "or" in any meaningful way. Mr. Griffin shall interpret the word "and" to be conjunctive and the word "or" to be disjunctive in line with the English language.

**V. SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**Request No. 1**:

6

"All documents and things concerning this Action, including communications to any Persons other than your counsel."

**Response to Request No. 1**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 1 on the grounds that it is vague, overly broad and unreasonably burdensome. Mr. Griffin further objects to Request No. 1 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges. Mr. Griffin also objects to Request No. 1 on the grounds that it seeks information that is not relevant to the underlying litigation. Mr. Griffin additionally objects to Request No. 1 on the grounds that it seeks information that Mr. Griffin lacks sufficient authority to produce. Moreover, Mr. Griffin objects to Request No. 1 on the grounds that it seeks unreasonably duplicative production that can be more readily be obtained from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce non-privileged documents responsive to this request that he can locate after a reasonable search.

**Request No. 2**:

"All documents and things, including communications and agreements, exchanged between Defendant, you and/or Serochem and any Persons concerning Serochem's PEI Products."

**Response to Request No. 2**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 2 on the grounds that

7

it is vague, overly broad and unduly burdensome. Mr. Griffin further objects to Request No. 2 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges. Mr. Griffin also objects to Request No. 2 on the grounds that it seeks information that is not relevant to the claims and defenses of the underlying litigation. Moreover, Mr. Griffin objects to request No. 2 on the grounds that it seeks information that is unreasonably duplicative and can be obtained more readily from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin.  Mr. Griffin further objects to Request No. 2 on the grounds that it seeks information that Mr. Griffin is not authorized to produce.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce non-privileged documents responsive to this request that he can locate after a reasonable search.

**Request No. 3**:

"All documents and things, including communications, agreements, specifications, methods and protocols, exchanged between you, Defendant and/or Serochem and any supplier(s) or manufacturer(s) of Serochem's PEI Products."

**Response to Request No. 3**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 3 on the grounds that it is vague, overly broad and unduly burdensome. Mr. Griffin objects to Request No. 3 on the grounds that it seeks information that is not relevant to the underlying litigation. Mr. Griffin further objects to Request No. 3 on the grounds that it calls for information that Mr. Griffin does not have the authority to produce on behalf of Serochem. Moreover, Mr. Griffin objects to request No. 3 on the grounds that it seeks information that is unreasonably duplicative and can be

8

obtained more readily from parties to the underlying litigation. Mr. Griffin further objects to Request No. 3 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce non-privileged documents responsive to this request that he can locate after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 4**:

"All documents and things concerning the design and development of Serochem's PEI Products, including but not limited to, documents and communications concerning the decision to develop each of Serochem's PEI Products."

**Response to Request No. 4**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 4 on the grounds that it is vague, overly broad and unduly burdensome. Mr. Griffin further objects to Request No. 4 on the grounds that it seeks information that Mr. Griffin is not authorized to disclose on behalf of Serochem. Mr. Griffin moreover objects to Request No. 4 on the grounds that it calls for unreasonably duplicative production of documents that can be readily obtained by a party to the underlying litigation. Mr. Griffin further objects to Request No. 4 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his Objections set forth above, Mr. Griffin will produce non-privileged responsive documents he can locate after a manual search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

9

**Request No. 5**:

"All documents sufficient to identify the entities or Persons involved in the development, design, testing, engineering, manufacturing, marketing, and sales of each of Serochem *[sic]* PEI Products."

**Response to Request No. 5**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 5 on the grounds that it is overbroad, vague and unduly burdensome. Mr. Griffin objects to Request No. 5 on the ground that it seeks duplicative information that is in the possession of a party to the litigation and does not need to be obtained from non-party Mr. Griffin. For example, such information should have already been disclosed at the beginning of discovery per Rule 26(a)(1) initial disclosures. Mr. Griffin additionally objects to Request No. 5 on the grounds that it seeks information that Mr. Griffin is not authorized to share on behalf of Serochem. Mr. Griffin further objects to Request No. 5 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his Objections set forth above, Mr. Griffin will produce non-privileged responsive documents he can locate after a manual search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 6**:

All documents relating to the manufacture of each of Serochem's PEI Products, including protocols and methods of making and using the Serochem PEI Products.

**Response to Request No. 6**:

Mr. Griffin incorporates by reference his General Objections and Objections to

Definitions and Instructions from above. Mr. Griffin objects to Request No. 6 on the grounds that

it seeks information from Serochem that Mr. Griffin is not authorized to produce. Mr. Griffin

further objects to Request No. 6 on the grounds that it is vague, overly broad and unduly

burdensome. Mr. Griffin further objects to Request No. 6 on the grounds that it seeks duplicative

production of information that can be obtained from a party to the underlying litigation instead of

non-party Mr. Griffin. Mr. Griffin further objects to Request No. 6 on the grounds that it seeks

documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will

produce non-privileged documents responsive to this request that he can locate after a reasonable

search, subject to redactions of irrelevant and/or privileged information appropriately recorded in

a privilege log.

**Request No. 7**:

All documents and things concerning the advertising, marketing, promotion, sale, or

commercialization of any of Serochem's PEI Products.

**Response to Request No. 7**:

Mr. Griffin incorporates by reference his General Objections and Objections to

Definitions and Instructions from above. Mr. Griffin objects to Request No. 7 on the grounds that

it seeks information from Serochem that Mr. Griffin is not authorized to disclose. Mr. Griffin

objects to Request No. 7 on the grounds that it is vague, overbroad and unduly burdensome. Mr.

Griffin further objects to Request No. 7 on the grounds that it asks for duplicative production of

documents from a non-party to the underlying litigation. Mr. Griffin further objects to Request

11

No. 7 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

**Request No. 8**:

All communications between you, Masrud and/or Serochem and any entity or individual known or reasonably believed by Masrud to be or have been a Polysciences customer or Polysciences prospective customer.

**Response to Request No. 8**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 8 on the grounds that it is vague, overbroad and unduly burdensome. Mr. Griffin further objects to Request No. 8 on the grounds that it seeks irrelevant information. Mr. Griffin moreover objects to Request No. 8 on the grounds that it seeks unreasonably duplicative production of documents that can be obtained from a party to the underlying litigation instead of non-party Mr. Griffin. Mr. Griffin additionally objects to Request No. 8 on the grounds that it seeks information that Mr. Griffin is not authorized to produce.

**Request No. 9**:

All documents or communications referring to Polysciences or Polysciences' PEI Products or information created or controlled by Polysciences.

**Response to Request No. 9**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 9 on the grounds that it is vague, overbroad and unduly burdensome. This request is effectively asking for *all* information about Polysciences *anywhere*. Mr. Griffin further objects to Request No. 9 on the

grounds that it seeks information that is not relevant to the underlying litigation. Mr. Griffin

additionally objects to Request No. 9 on the grounds that it is requesting unreasonably

duplicative production from a non-party to the underlying litigation. Mr. Griffin moreover

objects to Request No. 9 on the grounds that it requests information that Mr. Griffin is not

authorized to produce. Mr. Griffin further objects to Request No. 9 on the grounds that it seeks

documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will

produce documents responsive to this request that he can locate and produce after a reasonable

search, subject to redactions of irrelevant and/or privileged information appropriately recorded in

a privilege log.

**Request No. 10**:

All Documents and things concerning or relating to any comparison of any of

Serochem's PEI Products to any other product, including but not limited to Polysciences' PEI

Products.

**Response to Request No. 10**:

Mr. Griffin incorporates by reference his General Objections and Objections to

Definitions and Instructions from above. Mr. Griffin objects to Request No. 10 on the grounds

that it is vague, overbroad and unduly burdensome. Mr. Griffin further objects to Request No. 10

on the grounds that it seeks information that is not relevant to the underlying litigation. Mr.

Griffin moreover objects to Request No. 10 on the grounds that it seeks information Mr. Griffin

is not authorized to disclose. Mr. Griffin additionally objects to Request No. 10 on the grounds

that it seeks information that is unreasonably duplicative and can be obtained from parties to the

litigation, both of whom have greater resources than non-party Mr. Griffin.

13

**Request No. 11**:

All Documents and things concerning any attempt by you, and/or Serochem to develop or create a product containing PEI.

**Response to Request No. 11**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 11 on the grounds that it is vague, overbroad and unduly burdensome. Mr. Griffin further objects to Request No. 11 on the grounds that it seeks information that Mr. Griffin is not authorized to disclose. Mr. Griffin further objects to Request No. 11 on the grounds that it seeks duplicative information that can readily be obtained by a party to the litigation with more resources. Mr. Griffin further objects to Request No. 11 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges. Mr. Griffin further objects to Request No. 11 on the grounds that it seeks irrelevant information.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 12**:

All documents and things concerning information or materials concerning Polysciences and/or Polysciences' PEI Products that were available to you or created, maintained or obtained by you in connection with his [sic] work with Polysciences in an employment, consulting or any other capacity.

**Response to Request No. 12**:

14

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 12 on the grounds that it is vague, overbroad and unduly burdensome. Mr. Griffin further objects to Request No. 12 on the grounds that it seeks irrelevant information. Mr. Griffin moreover objects to Request No. 12 on the grounds that it seeks duplicative information that can be obtained from a party to the underlying litigation. Mr. Griffin further objects to Request No. 12 on the grounds that it seeks information, *not obtained directly or indirectly from Polysciences,* that Mr. Griffin is not authorized to produce. Mr. Griffin further objects to Request No. 12 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

**Request No. 13**:

All documents and things reflecting or referring to any meetings you had with any persons at Polysciences from 2015 to the present, including, without limitation any meeting notes, communications between you and any persons at Polysciences.

**Response to Request No. 13**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 13 on the grounds that it primarily seeks information that is irrelevant to the underlying litigation. Non-party Mr. Griffin objects to Request No. 13 on the grounds that it is vague, overbroad and unduly burdensome in seeking information regarding his entire work history at Polysciences. Mr. Griffin moreover objects to Request No. 13 on the grounds that it calls for unreasonably duplicative production of information. Mr. Griffin further objects to Request No. 13 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

15

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search.

**Request No. 14**:

All documents and things concerning Polysciences' PEI Products in you's *[sic]* possession, in hard copy or electronic versions including, without limitation, any and all documents obtained from any Polysciences server, document management system, email account, personal computer, external hard drive, cloud storage.

**Response to Request No. 14**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 14 on the grounds that its overly vague, broad and unduly burdensome. Mr. Griffin moreover objects to Request No. 14 on the grounds that it seeks, in part, information belonging to Serochem, *that was not directly or indirectly obtained from Polysciences*, which Mr. Griffin is not authorized to share. Mr. Griffin further objects to Request No. 14 on the grounds that it seeks duplicative production from a non-party to the litigation Mr. Griffin. Mr. Griffin further objects to Request No. 14 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin states he, along with other employees, used his personal computer, Gmail, Dropbox and/or Google Drive accounts to accomplish work tasks over his four years of employment at Polysciences. In addition to numerous irrelevant documents, including documents that Mr. Griffin is not authorized to share, these electronic tools may contain responsive ESI that falls

16

under the broad scope of Request No. 14. Mr. Griffin is willing to engage in good-faith efforts to forensically analyze and/or remediate any and all of Polysciences' information in his possession so long as Polysciences is willing to, upfront and in writing, cover all forensics and/or remediation expenses and pay for non-party Mr. Griffin to obtain an attorney and cover all of his attorney's fees with regards to: (1) negotiating vendor selection; (2) negotiating a forensics and/or remediation protocol; (3) negotiating a suitable confidentiality agreement; (4) document review; and (5) remediation. Mr. Griffin asks for this in a good faith effort to ensure his rights, Serochem's rights, and the rights of all other non-parties to the litigation are fully protected even though non-party Mr. Griffin is unable to afford legal representation.

**Request No. 15**:

All documents and things concerning Polysciences customers, including, without limitation, any and all customer lists, contact names, transaction records and communication.

**Response to Request No. 15**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 15 on the grounds that its overly vague, broad and unduly burdensome. Mr. Griffin further objects to Request No. 15 on the grounds that it seeks production irrelevant to the underlying litigation. Mr. Griffin moreover objects to Request No. 15 on the grounds that it seeks, in part, information belonging to Serochem, _that was not directly or indirectly obtained from Polysciences_, that Mr. Griffin is not authorized to share. Mr. Griffin further objects to Request No. 15 on the grounds that it seeks duplicative production from a non-party to the litigation Mr. Griffin. Mr. Griffin further objects to Request No. 15 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

17

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin states he, along with other employees, used his personal computer, Gmail, Dropbox and/or Google Drive accounts to accomplish work tasks over his four years of employment at Polysciences. In addition to numerous irrelevant documents, including documents that Mr. Griffin is not authorized to share, these electronic tools may contain responsive ESI that falls under the broad scope of Request No. 15. Mr. Griffin is willing to engage in good-faith efforts to forensically analyze and/or remediate any and all of Polysciences' information in his possession so long as Polysciences is willing to, upfront and in writing, cover all forensics and/or remediation expenses and pay for non-party Mr. Griffin to obtain an attorney and cover all of his attorney's fees with regards to: (1) negotiating vendor selection; (2) negotiating a forensics and/or remediation protocol; (3) negotiating a suitable confidentiality agreement; (4) document review; and (5) remediation. Mr. Griffin asks for this in a good faith effort to ensure his rights, Serochem's rights, and the rights of all other non-parties to the litigation are fully protected even though non-party Mr. Griffin is unable to afford legal representation.

**Request No. 16**:

All documents and things containing information obtained from or supplied by Polysciences and downloaded to drop box or any other data storage and retrieval system including personal computers, external hard drives or data storage devices.

**Response to Request No. 16**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 16 on the grounds that its overly vague, broad and unduly burdensome. Mr. Griffin further objects to Request No. 16 on the grounds that it seeks production irrelevant to the underlying litigation. Mr. Griffin

further objects to Request No. 16 on the grounds that it seeks duplicative production from a non-party to the litigation Mr. Griffin.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin states he, along with other employees, used his personal computer, Gmail, Dropbox and/or Google Drive accounts to accomplish work tasks over his four years of employment at Polysciences. In addition to numerous irrelevant documents, including documents that Mr. Griffin is not authorized to share, these items may contain responsive ESI that falls under the broad scope of Request No. 16. Mr. Griffin is willing to engage in good-faith efforts to forensically analyze and/or remediate any and all of Polysciences' information in his possession so long as Polysciences is willing to, upfront and in writing, cover all forensics and/or remediation expenses and pay for non-party Mr. Griffin to obtain an attorney and cover all of his attorney's fees with regards to: (1) negotiating vendor selection; (2) negotiating a forensics and/or remediation protocol; (3) negotiating a suitable confidentiality agreement; (4) document review; and (5) remediation. Mr. Griffin asks for this in a good faith effort to ensure his rights, Serochem's rights, and the rights of all other non-parties to the litigation are fully protected even though non-party Mr. Griffin is unable to afford legal representation.

**Request No. 17**:

All documents and things concerning any communications between Masrud and you from January 1, 2018 until the present.

**Response to Request No. 17**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 17 on the grounds that it seeks information that is irrelevant to the underlying litigation. Mr. Griffin objects to

19

Request No. 17 on the grounds that it's overly broad, vague and unduly burdensome. Mr. Griffin further objects to Request No. 17 on the grounds that it seeks information that Mr. Griffin is not authorized to disclose. Mr. Griffin moreover objects to Request No. 17 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges. Mr. Griffin further objects to Request No. 17 on the grounds that it seeks duplicative information that can be obtained from parties to the underlying litigation instead of non-party Mr. Griffin.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 18**:

All documents and things mentioning, discussing or concerning Serochem.

**Response to Request No. 18**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 18 on the grounds that it seeks production of documents that Mr. Griffin is not authorized to disclose. Mr. Griffin further objects to Request No. 18 on the grounds that it seeks information irrelevant to the underlying litigation, which is between Polysciences and Mr. Masrud. Mr. Griffin moreover objects to Request No. 18 on the grounds that it's vague, overly broad and unduly burdensome. Mr. Griffin moreover objects to Request No. 18 on the grounds that it calls for the duplicative production of documents that can be more readily obtained from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin. Mr. Griffin further

objects to Request No. 18 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 19**:

All PEI products formulations, PEI test data or PEI product performance information.

**Response to Request No. 19**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 19 on the grounds that its vague, overly broad and unduly burdensome. Mr. Griffin further objects to Request No. 19 on the grounds that it calls for information that Mr. Griffin is not authorized to produce. Mr. Griffin moreover objects to Request No. 19 on the grounds that it calls for the duplicative production of documents that can be more readily obtained from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin. Mr. Griffin further objects to Request No. 19 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 20**:

21

"All communications mentioning or referring to Polysciences or any Polysciences' products."

**Response to Request No. 20**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 20 on the grounds that it seeks burdensome amounts of irrelevant information. For example, the underlying litigation currently involves less than ten out of Polysciences' thousands of products. Mr. Griffin further objects to Request No. 20 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges. Mr. Griffin objects to Request No. 20 on the grounds that it is vague, overly broad, and unduly burdensome. Mr. Griffin moreover objects to Request No. 20 on the grounds that it calls for the duplicative production of documents that can be more readily obtained from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin. Mr. Griffin further objects to Request No. 20 on the grounds that it seeks information that Mr. Griffin is not authorized to produce.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce documents responsive to this request that he can locate and produce after a reasonable search, subject to redactions of irrelevant and/or privileged information appropriately recorded in a privilege log.

**Request No. 21**:

All agreements relating or referring to Polysciences or Serochem.

**Response to Request No. 21**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 21 on the grounds

22

that it is vague, overly broad and unduly burdensome. Mr. Griffin further objects to Request No. 21 on the grounds that it seeks information that is not relevant to the underlying litigation. Mr. Griffin moreover objects to Request No. 21 on the grounds that it seeks information that Mr. Griffin is not authorized to disclose. Mr. Griffin additionally objects to Request No. 21 on the grounds that it seeks duplicative production for information readily available parties to the litigation, both of whom have more resources than non-party Mr. Griffin. Mr. Griffin further objects to Request No. 21 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce non-privileged documents responsive to this request that he can locate and produce after a reasonable effort.

**Request No. 22**:

All documents referring or relating to any PEI containing products from January 1, 2018 until the present.

**Response to Request No. 22**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 22 on the grounds that it is vague, overly broad and unduly burdensome. Mr. Griffin further objects to Request No. 22 on the grounds that it seeks information that is not relevant to the underlying litigation. Mr. Griffin also objects to Request No. 22 on the grounds that it seeks information from Serochem that Mr. Griffin is not authorized to disclose. Mr. Griffin moreover objects to Request No. 22 on the grounds that it seeks duplicative information that can be obtained from parties to the underlying litigation, both of whom have more resources than non-party Mr. Griffin. Mr. Griffin

23

further objects to Request No. 22 on the grounds that it seeks documents protected by attorney-client privilege, attorney work product, or other privileges.

Specifically incorporating and not waiving his objections set forth above, Mr. Griffin will produce non-privileged documents responsive to this request that he can locate and produce after a reasonable effort.

**Request No. 23**:

All employment agreements entered to by you from January 1, 2018 until the present.

**Response to Request No. 23**:

Mr. Griffin incorporates by reference his General Objections and Objections to Definitions and Instructions from above. Mr. Griffin objects to Request No. 23 on the grounds that it seeks information in order to interfere with his ongoing and unrelated employment relationship. Mr. Griffin further objects to Request No. 23 on the grounds that it calls for information that is not relevant to the underlying litigation. Mr. Griffin also objects to Request No. 23 on the grounds that it seeks disclosure of non-party's confidential information. Mr. Griffin moreover objects to Request No. 23 on the grounds that it calls for information Mr. Griffin is not authorized to share on behalf of an unrelated non-party.

Dated: September 25th 2020                   Respectfully submitted,

                                             **/s/ Mathew Griffin**
                                             Mathew Griffin
                                             1705 Morris Ct.
                                             North Wales, PA 19454
                                             Telephone: (330) 240-7551
                                             Email: mgriffin1705@gmail.com