# EXHIBIT C



**Fox Rothschild LLP**
ATTORNEYS AT LAW

2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000  Fax (215) 299-2150
www.foxrothschild.com

ERIC E. REED
Direct No: 215.299.2741
Email: EReed@FoxRothschild.com

October 7, 2020

Via Email (mgriffin1705@gmail.com)
Mathew Griffin
1705 Morris Court
North Wales, PA  19454

     Re:    *Polysciences, Inc. v. Joseph T. Masrud*, **Civil Action No. 2:20-cv-03649-PBT**

Dear Mr. Griffin:

We write to address deficiencies in your production, responses, and objections to the subpoena served on you in this case on behalf of Polysciences, Inc. ("Polysciences"). We hope to resolve the matter without approaching the Court for relief. The particular items at issue follow:

General Objections and Unclear Withholding of Documents

As an initial matter, you listed six pages of global objections to the subpoena, followed by objections to nearly every request in the subpoena. Following the objections to particular requests, you state something to the effect that, incorporating the objections and subject to the objections, you will produce non-privileged documents following a reasonable search. This applies to Requests 1-6, 9, 11, 13, and 17-22.

Your responses and objections leave unclear whether or not you withheld documents based on the objections, and whether you completed what you characterize as a "reasonable search" to produce the documents (primarily text messages) that you already provided. If you actually withheld documents based on any of these objections, please state for what requests you withheld responsive documents. It makes little sense for us to debate the propriety of your objections if you did not actually withhold documents based on those objections.

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Minnesota  Nevada
New Jersey  New York  North Carolina  Pennsylvania  South Carolina  Texas  Virginia  Washington



Mathew Griffin
October 7, 2020
Page 2

Missing/Withheld Materials

Requests 14-16 sought materials pertaining to Polysciences' PEI, Polysciences' customer information, and materials obtained from or supplied by Polysciences. The requests specifically refer to materials on computers, hard drives, and transfer sites. Among other objections, you assert that the materials are irrelevant to this trade secret misappropriation case. That objection is invalid. You also indicate that you are willing to turn over your computer devices for forensic preservation and examination, so long as Polysciences pays for the costs and for you to have legal representation in that process.

As we have discussed, we are not aware of any legal authority for you to demand payment of legal counsel to comply with a subpoena. To minimize any burden presented by the subpoena, Polysciences already offered to pay all costs of forensic imaging and analysis, and even for the heighted costs of additional vendor time to allow you to participate in the capture and analysis if you with to do so. That offer stands, and Polysciences would proceed in the manner agreed with Mr. Masrud's counsel in the parties' negotiated protocol for reviewing such materials if you so choose. But Polysciences will not pay for your attorney's fees as we know of no basis in law for such a demand.[1] Please reconsider your position on this point.

Improper Redactions and Privilege Log

You provided a privilege log tracking portions of the produced text messages where you redacted content. The log indicates that the basis for the redactions is "trade secret." You likely know that Mr. Masrud has taken the position that the methods of producing PEI are not trade secrets. In any event, this is not a proper basis on which to withhold documents, particularly in light of the agreed confidentiality order that we previously provided. You even referenced that order in your objections. Please provide unredacted materials, which you can designate for protection under the order.

---

[1] Without providing advice on the issue, you may wish to see if your homeowners insurance policy includes coverage for counsel under these circumstances.



Mathew Griffin
October 7, 2020
Page 3

So that we can approach the Court for relief as necessary, please advise as to your position on the above by close of business on Friday, October 9, 2020.

Sincerely yours,

Eric E. Reed

cc: Juli Peck