**EXHIBIT F**



**Fox Rothschild LLP**
ATTORNEYS AT LAW

2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000  Fax (215) 299-2150
www.foxrothschild.com

ERIC E. REED
Direct No: 215.299.2741
Email: EReed@FoxRothschild.com

October 22, 2020

*VIA EMAIL* (MGRIFFIN1705@GMAIL.COM)
Matthew Griffin
1705 Morris Court
North Wales, PA 19545

Re:   *Polysciences, Inc. v. Joseph T. Masrud*, Civil Action No. 2:20-cv-03649-PBT

Dear Mr. Griffin:

We write in response to your letters dated October 13, 2020 and October 21, 2020, and in follow up to our multiple conversations about compliance with Polysciences' subpoena to you. While we take issue with several statements you make in your letters, and reserve all rights, we think the most productive course of action right now is to address the most crucial items.

In your October 13, 2020, letter you represented that you had the following documents, of which we now request immediate production:

> (1) Approximately 100 emails in gryphonmw@gmail.com that are either from or to any "@polysciences.com" email account;

> (2) At least 500 pages of personal handwritten day planner notes in thread-bound journals from around 2017 to present;

> (3) At least 1000 pages/100 documents from the "public domain" relating to PEI, Polysciences, or Serochem; and

> (4) Documents and communications containing confidential Serochem information subject to review by Serochem counsel for proper designation under the Protective order.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota   Nevada
New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Virginia   Washington



Matthew Griffin
October 22, 2020
Page 2

With regard to the hard-copy materials, we can have a third-party copying company pick up, duplicate, and return the materials to you at Polysciences' cost.

With regard to your electronic device(s), we are only interested in documents or things originating from either Polysciences or Serochem, which relate to Serochem's manufacture of PEI. Or, as I put it, evidence of the possession or use of Polysciences information. I do phrase that as Polysciences' "confidential information" or "trade secrets," because you and Mr. Masrud have both suggested that information regarding Polysciences' PEI is neither confidential nor constitutes trade secrets.

With regard to your October 21, 2020, letter we respond as follows:

First, we again remind you that there is an agreed upon Protective Order in this case. Thus, in regards to your responses to Polysciences' Requests Nos. 1-23, we have no objection to Serochem's counsel reviewing responsive documents to make sure they are properly designated under the protective order prior to you producing non-privileged responsive documents to Polysciences.

With regard to your responses to Requests Nos. 12 and 14-16, Polysciences will accept your offer of a forensic review of your computer, external hard drives, and cloud storage accounts for the purpose of identifying any Polysciences information contained therein. Polysciences also agrees to the proposal that you may sit with a neutral forensic expert, pursuant to a mutually agreed upon protocol that is reasonably tailored to capture only Polysciences' information to accomplish this goal. Since both Masrud and Polysciences have already agreed to a neutral forensic vendor and protocol, we propose using the same vendor and protocol for the forensic review of your computer, external hard drives, and cloud storage accounts.

We are available to discuss these issues by phone should you wish to do so. If, however, we cannot reach an agreement by the close of business on Monday, October 26, 2020, Polysciences will have no choice but to file a motion with the Court to compel production from you of the responsive documents and files requested in the subpoena.

Sincerely yours,

Eric E. Reed

cc: Julianne Peck, Esq.