# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC. | : |
| Plaintiff, | : Civil Action No. 2:20-cv-03649-PBT |
| v. | : |
| JOSEPH T. MASRUD, | : |
| Defendant. | : |

**PLAINTIFF POLYSCIENCES, INC.'S ANSWERS AND
OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Polysciences, Inc. ("Polysciences") answers and objects to Defendant Joseph T. Masrud's ("Masrud") First Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

1. Polysciences objects to the Interrogatories to the extent that they seek information or communications protected from discovery by privilege including, but not limited to, (a) the work-product doctrine; (b) the attorney-client privilege; (c) the privileges available under the Federal Rules of Civil Procedure and Evidence; and (d) any other applicable privileges. The inadvertent disclosure of any material protected by privilege is not intended to be and shall not be (i) a waiver of such privilege and/or protection in whole or in part or (ii) a waiver of the right to object to the use of any such document or of the information contained therein in this or any other proceeding.

2. Polysciences objects to the Interrogatories to the extent they seek confidential or proprietary information or personal information regarding individuals. Polysciences will disclose relevant discoverable, non-objectionable confidential or proprietary information that is otherwise not objectionable pursuant to the terms of the proposed protective order pending before the Court

1

40,000 HCE salt (PN 24765) and Transporter 5 products. Further, the PEI Max and Transporter 5 products were themselves based upon earlier Polysciences PEI products developed by Drs. Parasaren and Halpern at Polysciences. Polysciences also directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 3:** Identify each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires Polysciences to ascertain "each person with knowledge of the method, specifications, materials and processes Polysciences has used from its initial development through September 2019 of its PEI Max, MW 40,000 HCE salt (PN 24765) and Transporter 5 products."

Subject to and without waiving its objections, Polysciences responds as follows:

See answer to Interrogatory 2. Further, Polysciences directs Masrud to Polysciences' Initial Disclosures.

**INTERROGATORY NO. 4:** Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing programs, manufacturing processes, transfection efficiency, quality of products, customer pricing strategy, and all other "Trade Secrets" generally referenced in Paragraphs 25, 28, 42, 73, and 74 of the Complaint.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete and to the extent that it calls for expert discovery. Polysciences objects to

this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 3, 6, 8, 10, 13, and 14. Polysciences incorporates by reference its Responses to Request for Production Nos. 3, 6, 8, 10, 13, and 14.

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences' Trade Secrets include at least the following: step-by-step, detailed manufacturing instructions outlining raw materials, process parameters, and other procedures to synthesize the PEI products, prepare the solution, and package the materials; design of the PEI chemistry, including molecular weight, molecular structure, product form , and process and compounds used to create the desired pH of the solution; key raw material supplier data and specifications; sourcing of novel and rare supply materials; internal test procedures and methods to determine key material characteristics; identification and selection of third party laboratories for testing of sterility, mycoplasma, heavy metals and endotoxin; identification and selection of third party testing partners to determine transfection efficiency, expression, and cell viability; selection of specific sterile filtering process parameters to avoid techniques that could adversely impact polymer properties; strategy to pursue development for improved solubility; the neutralization process and compounds used to produce the desired pH; customer lists including customer specific pricing and product specifications, customer contacts, product pricing and cost details and strategy, margins, competitive strategy and product positioning, and sales history for top PEI

7

products and future forecasts; and receipt of confidential information from customers for specific product-related projects.

Further, Polysciences directs Masrud to the document produced as Attorneys' Eyes Only to Masrud on August 27, 2020. Pursuant to Fed. R. Civ. P. 33(d), Polysciences also refers Masrud to Polysciences' forthcoming documents produced in response to Request for Production Nos. 3, 6, 8, 10, 13, and 14, which documents set forth in detail the Polysciences Trade Secrets and speak for themselves and are produced subject to the confidentiality order and the understanding that the order's terms will be honored even before the order's entry. Discovery is ongoing. Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 5:** Describe Plaintiff's alleged confidential information, including trade secrets, proprietary recipes, production procedures, quality control procedures, manufacturing processes, pricing strategies, and any other "Trade Secrets" referenced in the Complaint that Plaintiff contends Defendant used in the manufacture and/or sale of Serochem's "PEI Prime Powder, Transfection Grade Linear Polyethylenimine" and/or "PEI Prime AQ 1 mg/mL Liquid Transfection Reagent" products.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory because it is a contention interrogatory and is premature until discovery on this issue is complete. Polysciences objects to this Interrogatory to the extent it calls for expert discovery. Polysciences objects to this Interrogatory to the extent that it purports to require Polysciences to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is

already in Masrud's possession. Polysciences objects to this Interrogatory as duplicative of information requested in at least Masrud's Request for Production Nos. 1, 2, 3, 4, 7, and 8. Polysciences incorporates by reference its Responses to Request for Production Nos. 1, 2, 3, 4, 7, and 8.

Subject to and without waiving its objections, Polysciences responds as follows:

Polysciences believes Masrud has misappropriated at least the Polysciences Trade Secrets identified in response to Interrogatory No. 4. Pursuant to Fed. R. Civ. P. 33(d), Polysciences further directs Masrud to the Verified Complaint, the Cease and Desist letter sent to Masrud c/o Serochem LLC on July 8, 2020, and Polysciences' forthcoming documents produced in response to Request for Production Nos. 1, 2, 3, 4, 7, and 8. Discovery is ongoing. Polysciences reserves the right to amend and/or supplement this response, if appropriate, in view of further fact and expert discovery, investigation and research regarding the issues raised in this Interrogatory.

**INTERROGATORY NO. 6:** Identify every document containing confidential, proprietary, and/or trade secret information belonging to Plaintiff that you contend Defendant was and/or is in possession of and/or accessed.

**ANSWER:**

Polysciences incorporates all its General Objections as set out above. Polysciences objects to this Interrogatory to the extent that it seeks information from, analyses by, or communications with Polysciences' attorneys that are protected by the attorney-client privilege and/or work-product doctrine. Polysciences also objects to this Interrogatory as premature until discovery on this issue is complete. Polysciences objects to this Interrogatory to the extent it calls for expert discovery. Polysciences further objects to this Interrogatory as unduly burdensome to the extent it calls for information that is already in Masrud's possession. In fact, Polysciences believes that documents responsive to this Interrogatory are in Masrud's possession and will be identified after proper forensic analysis is performed. Polysciences objects to this Interrogatory as duplicative of