# EXHIBIT F

| | |
|---|---|
| From: | Lagarenne, Jonathan R. <jlagarenne@foxrothschild.com> |
| Sent: | Wednesday, December 16, 2020 7:07 PM |
| To: | Julianne Peck; Reed, Eric E. |
| Cc: | Spota, Cali R.; Norton, Gerard P. |
| Subject: | RE: Polysciences v. Masrud |

Julie,

You have not identified any specific documents that you object to the designation on so it is not possible to comment specifically.  However, just because Masrud  had access  on a confidential basis does not remove it from  trade secret protection and it is appropriate to identify trade secret documents as AEO.  Under your approach no document could be marked AEO or be a trade secret apparently  simply because Masrud, a senior executive,  has potential access to it— even if he never saw it.  That is not the law.  As to documents authored by Masrud and or Griffin, the protective order allows those to be marked AEO if they contain highly sensitive information but Masrud and Griffin can see them per  paragraph 7.   I do not know what documents you claim include information available in the public domain (again you have not identified a single document you claim is improperly designated), but I will state the obvious that simply because a document contains some information available in the public domain does not mean the entre document is public domain.  The document may still be properly designated AEO if it in fact it also  contains trade secrets or highly sensitive business or personal information and further, the arrangement of information; like a manual for performing a production step, may be appropriately claimed as a trade secret because of the sequence/arrangement even if the individual steps are themselves in the public domain.  In short, you have to look at the specific document and make the determination of whether it is properly designated AEO on a document by document basis.   Broad claims that documents contain public information, or "stale" sales data are insufficient to resolve anything.

As to your statement that it is hard to see how disclosure of  these AEO documents to Masrud is "highly likely to cause significant harm,"  I will again state the obvious:  Masrud and Griffin have started and continue to operate a business that has targeted the most profitable products in PolySciences lab products business and have openly stated they plan to expand their business to target other Polysciences products, such as GMP PEI products.  They are competitors who have launched their competing business by theft of Polysciences secrets, and we are not so foolish as to allow them to see the highly sensitive information they may have forgotten or never bothered to look at when they had the chance at Polysciences.

Again, if you have specific documents you believe are misdesignated I am happy to discuss.  If you care to have that discussion, please respond by identifying the documents on the log we provided that you believe are misdesingated and the reason for your belief.  We will respond to your concerns.  If, as seems the case, you are committed to filing a motion to argue that there can be no proper AEO designations no matter what the facts are, than I am sure there is nothing I can say to convince you otherwise,  and we will respond to your motion in due course.


**Jonathan Lagarenne**
Partner
**Fox Rothschild LLP**
1225 17th Street
Suite 2200
Denver, CO 80202
(303) 383-7684 – direct
(908) 500-1726-- cell
(303) 292-1300- fax

jlagarenne@foxrothschild.com
www.foxrothschild.com

---

**From:** Julianne Peck <jpeck@homanspeck.com>
**Sent:** Wednesday, December 16, 2020 3:04 PM
**To:** Lagarenne, Jonathan R. <jlagarenne@foxrothschild.com>; Reed, Eric E. <EReed@foxrothschild.com>
**Cc:** Spota, Cali R. <cspota@foxrothschild.com>
**Subject:** [EXT] Re: Polysciences v. Masrud

Jonathan,

Thank you for the below.  Unfortunately, few, if any, of the documents that Polysciences continues to designate AEO warrant such a designation.  These documents include without limitation:

- Documents that contain the trade secrets that Polysciences alleges Masrud had access to during his employment/misappropriated;
- Documents authored by and/or received by Masrud and/or Griffin;
- Information that is available in the public domain;
- Sales data that is both stale and was available to both Masrud and Griffin during their respective tenures.

It is unclear under these circumstances how the disclosure of these documents to Masrud is "highly likely to cause significant harm," and your spreadsheet makes no effort to establish this burden.  Moreover, the caselaw is clear that this type of information does not warrant an AEO designation.

To the extent that Polysciences does not reproduce these documents without AEO designations by the end of this week, Masrud will shortly be filing a motion to compel and for sanctions.

Best,
Juli

215-868-6214
HomansPeck.com

---

**From:** "Lagarenne, Jonathan R." <jlagarenne@foxrothschild.com>
**Date:** Tuesday, December 15, 2020 at 7:14 PM
**To:** Julianne Peck <jpeck@homanspeck.com>, "Reed, Eric E." <EReed@foxrothschild.com>
**Cc:** "Spota, Cali R." <cspota@foxrothschild.com>
**Subject:** RE: Polysciences v. Masrud


Julie,

As I mentioned last week we revisited our production in light of the issues you raised in the conference concerning AEO Designations.  We have confirmed that the designation was applied too broadly by the attorney reviewing the production and so have completely reproduced our production today with corrected designations.  Also attached is the spread sheet  identifying the documents with  the AEO designation in our production today. I apologize for the prior error in designations.

2

**Jonathan Lagarenne**
Partner
**Fox Rothschild LLP**
1225 17th Street
Suite 2200
Denver, CO 80202
(303) 383-7684 – direct
(908) 500-1726-- cell
(303) 292-1300- fax
jlagarenne@foxrothschild.com
www.foxrothschild.com

---

**From:** Lagarenne, Jonathan R. <jlagarenne@foxrothschild.com>
**Sent:** Tuesday, December 8, 2020 1:58 PM
**To:** Julianne Peck <jpeck@homanspeck.com>; Reed, Eric E. <EReed@foxrothschild.com>
**Cc:** Spota, Cali R. <cspota@foxrothschild.com>
**Subject:** RE: Polysciences v. Masrud

Julie,

Thanks for the email.  After the call I have started process of revisiting the designations, and we will respond next Tuesday to your request.  Call if you want to discuss.

**Jonathan Lagarenne**
Partner
**Fox Rothschild LLP**
1225 17th Street
Suite 2200
Denver, CO 80202
(303) 383-7684 – direct
(908) 500-1726-- cell
(303) 292-1300- fax
jlagarenne@foxrothschild.com
www.foxrothschild.com

---

**From:** Julianne Peck <jpeck@homanspeck.com>
**Sent:** Tuesday, December 8, 2020 12:04 PM
**To:** Reed, Eric E. <EReed@foxrothschild.com>; Lagarenne, Jonathan R. <jlagarenne@foxrothschild.com>
**Cc:** Spota, Cali R. <cspota@foxrothschild.com>
**Subject:** [EXT] Polysciences v. Masrud

Dear Eric/John,

This confirms, for the reasons stated in my November 16, 2020 letter to Eric and during today's Status Conference with Judge Tucker, that Masrud objects to **all** of Polysciences' AEO designations, including the designations made in its December 4, 2020 production (Polysciences 2297-9343).

Please be advised that absent re-designations by Polysciences within the next 7 days, accompanied by a list explaining with specificity and by specific document the basis for each AEO designation, Masrud will be filing a motion to compel and for sanctions.

If you feel that we need to discuss this issue further, you can reach me at the number below.

Regards,
Juli



Julianne Peck     43 Paoli Plaza #426
215.868.6214     Paoli, PA  19301
HomansPeck.com



This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

4