IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

POLYSCIENCES, INC.,                          :
                                             :
        Plaintiff/Counter-Defendant,         :        Civil Action No. 2:20-cv-03649-PBT
                                             :
        v.                                   :
                                             :
JOSEPH T. MASRUD,                            :
                                             :
        Defendant/Counter-Plaintiff.         :
                                             :

**DEFENDANT/COUNTER-PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF
MOTION TO COMPEL PLAINTIFF/COUNTER-DEFENDANT TO DE-DESIGNATE
ITS ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS**

**INTRODUCTION**

Polysciences continues to justify the AEO designation of 77 documents consisting of

over 1,500 pages containing information regarding the alleged trade secrets that Polysciences

alleges Masrud stole, simply because -- according to Polysciences -- these documents contain

"trade secrets," and the parties are competitors.  In so doing, it ignores a trove of case law that

"good cause" does not exist for AEO designations where the information at issue is necessary for

a party to defend or prove its case.  Nor does Polysciences explain how it is "highly likely" to

suffer "significant harm" in the event that Masrud is given access to the very information he is

alleged to have stolen!  Any hypothetical injury Polysciences may suffer under these

circumstances is far outweighed by the harm Masrud will suffer if he is denied access to the very

information that he needs to defend this action, particularly when Masrud is uniquely qualified to

interpret the information at issue, and when – other than pointing Masrud to its AEO production

– Polysciences has not identified the alleged misappropriated trade secrets with any specificity.

1

Contrary to Polysciences assertion that Masrud has sufficient information to defend this action, he is only "on notice" that Polysciences alleges that he misappropriated every conceivable aspect of the manufacture and sale of its PEI transfection reagents. Alleging the kitchen sink is the opposite of specificity, and is unhelpful when Masrud does not have access to this kitchen sink of information to prepare his defense. Moreover, the fact that Polysciences has provided bates numbers and/or a list of the file names of documents that it contends contain the misappropriated trade secrets (see Opposition Brief, Argument Section C, p. 13) does not magically aid in Masrud's defense. Identification of bates numbers and/or file names, without providng access to the actual files and the information contained therein, does not remedy the harm caused by the AEO designations. The reason that Masrud needs access to this information is not because his counsel cannot locate the documents that Polysciences has identified. It is because Masrud has the expertise to make the appropriate technical analysis that is required to defend this action. His counsel does not.

Indeed, Polysciences has given itself an unfair and distinct advantage in this case. Given that Masrud has produced all relevant information regarding Serochem's competing products, Polysciences has now had months to compare the similarities and differences between the parties' respective products and to formulate and focus its case based on this comparison. Masrud cannot make any such comparison. Therefore, he cannot even make an educated guess as to what this case is really about, where he should focus additional discovery, whether or what type of expert testimony is necessary, or otherwise focus his defense.

Attached hereto as **Exhibit "A"** is a copy of Polysciences' AEO production log. Masrud has highlighted the 44 documents on this log to which he objected with specificity in his November 16, 2020 letter to Mr. Reed. The November 16, 2020 letter is attached as Exhibit "B"

to Masrud's Motion (ECF 38), and for ease of reference is also attached hereto as **Exhibit "B."**

Masrud specifically objected to 28 of these 44 documents because they consist of "PEI formula

descriptions, design files etc." that contain "the very information [Masrud] needs to defend

against Polysciences' claims and to establish his counterclaim." *Id.* p. 4.  Masrud summarized

these documents by bates number and specific description.  He undoubtedly satisfied his

obligation under the stipulated Protective Order to "describe with particularity" the grounds for

his objection to these designations.  Likewise, Masrud objected with similar specificity to 16

other documents that are on the current AEO log on other grounds where "good cause" did not

exist.  However, it is the list of the 28 documents identified on pp. 4-5 of Exhibit "B" (*i.e.* the

bulleted list starting with Polysciences 43-57 and ending with Polysciences 1235-1343)[1] that

Masrud needs most to defend this action, and that necessitated this motion.   It should be noted,

however, that Masrud has no way of knowing whether the remaining 49 documents on the AEO

log contain other trade secrets that Polysciences alleges Masrud stole, and that Masrud does not

believe good cause has been shown for these designations.

Polysciences suggests it is now acting in good faith given that "only 77 out of 4,400

documents" are designated AEO.  However, approximately 80% of the production consists of

emails -- the vast majority of which are irrelevant to this case.  In addition, many of the other

documents produced by Polysciences have little to no relevance to this case.  Virtually all of the

key documents produced by Polysciences to date – i.e. those that Masrud needs to defend this

case -- are designated AEO.

---

[1] The bullet referencing Polysciences 1235-1343 consists of 15 separate documents.

For the reasons set forth herein, and in Masrud's Memorandum of Law, Defendant Joseph T. Masrud respectfully requests that the Court grant his motion to compel Polysciences to de-designate its AEO production and for sanctions.

Dated:  January 27, 2021                         HOMANS PECK LLC

/s/ *Julianne L. Peck*
Julianne L. Peck, Esquire
43 Paoli Plaza #426
Paoli, PA 19301
Telephone: (215) 868-6214
jpeck@homanspeck.com

*Attorney for Defendant*
*Joseph T. Masrud*

4