**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| | : | |
| POLYSCIENCES, INC., | : | |
| | : | |
| Plaintiff/Counter-Defendant, | : | Civil Action No. 2:20-cv-03649-PBT |
| | : | |
| v. | : | |
| | : | |
| JOSEPH T. MASRUD, | : | |
| | : | |
| Defendant/Counter-Plaintiff. | : | |
| | : | |

---

**SUPPLEMENT TO DEFENDANT/COUNTER-PLAINTIFF'S**
**MOTION TO COMPEL PLAINTIFF/COUNTER-DEFENDANT TO DE-DESIGNATE**
**ITS ATTORNEYS' EYES ONLY PRODUCTION AND FOR SANCTIONS**

On January 6, 2021 Masrud filed a Motion to Compel Polysciences to De-Designate its Attorneys' Eyes Only Production and for Sanctions. (ECF 38). At that time, Polysciences had produced POLYSCIENCES 0001 – POLYSCIENCES 12978 – the vast majority of which were designed AEO. Following the meet and confer process and Masrud's continued threat to file a motion, most were de-designated. However, 77 of the documents remained inappropriately designated AEO for the reasons set forth in Masrud's Motion, many of which directly relate to the broad categories of alleged trade secret information that Polysciences alleges Masrud stole.

Since Masrud's motion has been filed, Polysciences has produced thousands of additional documents consisting of over 23,000 additional imaged pages and hundreds of native files (POLYSCIENCES 12979 – POLYSCIENCES 36214). Once again – Polysciences was exceedingly liberal with its AEO designations. Approximately one third of Polysciences' entire production (i.e. between 2,000 and 3,000 documents consisting of over 11,000 imaged pages and 100+ native documents) is now designated AEO. While Polysciences gave Masrud permission to review AEO designated documents that he authored, this represents a small portion of the

AEO designated documents and Masrud has been denied access to the vast majority of documents that are critical to the claims and defenses in this case.

Masrud objected to these additional designations for all of the reasons set forth in his pending Motion, including the fact that Masrud cannot fairly defend this action absent access to the alleged "trade secret" documents (i.e. documents that disclose the alleged trade secrets, the research and development of these trade secrets, and other documents that bear on the factors Polysciences has alleged in support of its trade secret claims). The fact that Polysciences has refused Masrud access to this information -- when he is uniquely qualified to understand and interpret this information -- and has refused to make any good faith effort to identify the "significant harm highly likely to occur" with respect to the alleged trade secret information or with respect to a single one of the thousands of documents that it has designated AEO is evidence of its bad faith.

The following is a procedural history of Masrud's efforts (following his January 6, 2021 Motion to Compel De-Designation) to resolve this matter without involving the Court.

<u>**SUPPLEMENTAL PROCEDURAL HISTORY**</u>

On February 12, 2021, Polysciences produced POLYSCIENCES 12979 – 36203. Following this production, approximately one third of Polysciences' production was designated AEO (i.e. 2,400 to 3,000 documents, including 11,000 to 12,000 of the imaged pages and 100+ native files. By letter dated March 23, 2021, Masrud objected to Polysciences' abuse with respect to its continued AEO designations. **Exhibit "A."** Such designations should be used sparingly and only when warranted (i.e. the producing party can make a good faith showing that the document contains "highly sensitive business or personal information, ***the disclosure of which is highly likely to cause significant harm to the business or***

2

***competitive position of the designating party.***" *Id.* p. 3.   Intentionally (or otherwise) Polysciences' exceedingly overbroad AEO designations exponentially drive up Masrud's litigation costs and prevent Masrud from fairly defending this action, particularly when he is uniquely qualified to interpret the majority of the documents produced.   This is consistent with Polysciences' apparent goal to use any method possible to shut Serochem (a small start-up with limited funds) down.

Because it would be cost prohibitive and unfair to require Masrud to object to each of the thousands of documents designated AEO on an individual basis, Masrud provided a chart of sample documents designated AEO to which he objected with specificity and asked that Polysciences meet its burden of explaining the basis for the "highly likely significant harm" that would result from the disclosure of each and every one of its AEO designations, including the sample documents.  *Id.* p. 4.  Polysciences previously justified its broad designations by claiming the documents contained "trade secrets," but has, to date, refused to identify with specificity the alleged trade secrets at issue in this case.  It continues to evade identifying with specificity the alleged trade secrets at issue (which is the subject of a separate Motion (ECF 22), and justified its initial AEO designations by expressing concern about disclosing alleged trade secrets/confidential information that is not relevant to this dispute or that is not presently known to Masrud.  As such, Masrud asked that Polysciences identify any documents that contained alleged trade secrets that are *not* at issue in this litigation as any trade secrets that are not relevant to the claims and defenses in this action might (to the extent the requisite harm is shown) warrant an AEO designation.  *Id.* p. 4.

Polysciences again refused to explain the significant harm highly likely to occur with respect to each of its AEO designations, or to specify which trade secret information is or is

not relevant to this dispute.  Instead, it de-designated 29 documents without explanation

(some of which should not even have been marked CONFIDENTIAL) and otherwise stood

by its designations.  It offered no good faith justification for its designations other than to

state – without basis – that Masrud could defend this action without access to the

documents because "he should be fully aware of what he inappropriately took from

Polysciences."  **Exhibit "B"** (April 16, 2021 Letter from Mr. Reed to Ms. Peck).   This

argument is evasive and nonsensical.  Masrud did not inappropriately take anything from

Polysciences, and over nine months after Polysciences filed its Complaint, Masrud still has

no idea what Polysciences really believes this case is about.  By letter dated April 26, 2021

(**Exhibit "C"**), Masrud noted that glaringly absent from Mr. Reed's response to Masrud's

March 23 letter was any justification whatsoever for the AEO designations – even for the

limited examples in the March 23 letter.   Masrud again asked that Polysciences meet its

burden to "*specifically* justify each such designation by identifying the harm highly likely to

occur."  In connection with this request, Masrud noted:

> Hypothetical statements of potential harm do not suffice.  While appropriate AEO
> designations are [hypothetically] conceivable, Polysciences' complete abuse of such
> designations prevents Masrud from seeking anything other than a global de-
> designation absent specifically identified cause for such designations.

Exhibit C, p. 3.

Polysciences ignored this request.  Instead, it continued to make blanket allegations

of harm, stating summarily that because Masrud is a competitor, the disclosure of

Polysciences' "highly sensitive" business information is "highly likely" to cause significant

harm.  Exhibit B, p. 2.  This assertion simply is not true, which is why Polysciences refuses to

address the requisite harm on a document specific basis.  Rather than address the harm (even

with respect to the 48 documents identified in Masrud's March 23 letter), Polysciences produced

the attached AEO Log by email on May 14, 2021.  (**Exhibit "D"**).

Polysciences' AEO log merely assigns one of five general categories (or a combination

thereof) to the AEO documents identified on the log:

- Reveals highly sensitive formulation, production, or testing methods, processes or policies;

- Reveals business plans, marketing strategies, and/or highly confidential financial information;

- Reveals customer or vendor highly sensitive identities, technical, or commercial issues and/or highly sensitive financial information;

- Reveals highly sensitive product data or product development methods and efforts; or

- Reveals sensitive personnel records

Sensitive documents are generally sufficiently protected by a "CONFIDENTIAL"

designation, and the sensitive nature of a document alone does not justify an AEO designation.

Indeed, AEO designations are the exception, not the rule, and Polysciences has not even

attempted a good faith effort to demonstrate the harm required for this extraordinary designation.

Rather, it continues to ignore the nature of this case and the fact that AEO designations are

inappropriate under the following circumstances due to lack of harm and/or a parties' right to

fairly defend/prosecute a claim:

- where a party authored/had access to the information at issue;

- where the document discloses the alleged trade secrets./confidential information that was allegedly stolen;

- where the documents are necessary to a party's legal claims/defenses such as for example any documents that disclose the alleged trade secrets at issue; the alleged development of the trade secrets at issue; and any other documents that relate to information necessary to establish the lack of trade secret protection for the alleged trade secrets at issue;

- where no harm can be shown, such as where the documents contain stale information that is no longer competitive or there is no good faith basis to believe that the disclosure of the information is highly likely to cause significant harm.

Polysciences' continued refusal to engage in any good faith effort to establish (or even articulate) the requisite harm in its log speaks for itself.  Notably, in its initial AEO log Polysciences justified AEO designations by claiming documents contained alleged trade secrets.[1] See, **Exhibit "E"** (Polysciences initial AEO Log produced on December 15, 2020).  It has now revised its log to eliminate any reference to trade secrets at all so as to prevent this Court from identifying (at a minimum) alleged trade secret documents that should be de-designated given that this is a trade secret misappropriate case and such documents are necessary for Masrud's defense.  So long as these documents (particularly all alleged trade secret documents) remain AEO, Masrud will be prevented from fairly defending this action without incurring exorbitant additional (and unnecessary) attorneys and expert/consultant fees.  Worse, however, he will be prevented from participating in his own defense.  He will be prevented from assisting counsel in understanding the documents, in preparing for depositions/hearings/trial, and from attending depositions/hearings/trial.  This is precisely why (as set forth in Masrud's Motion) courts do not permit parties to designate AEO documents necessary for the claims and defenses in an action.

In addition to preventing Masrud access to appropriate and relevant alleged trade secret information, Polysciences has designated hundreds of documents that do not warrant AEO designation *on their face*.  Attached hereto as **Exhibit "F"** is a small sampling of 15 such

---

[1] Upon information and belief, Polysciences seeks to avoid identifying which trade secrets are or are not at issue in this litigation.

documents, produced after Masrud filed his Motion to De-designate, to aid the Court in understanding Polysciences' broad misuse of AEO designations that necessitated this Motion.

The undersigned certifies that after reasonable effort, the parties were unable to resolve this dispute, and reiterates his request for oral argument on this Motion.  For the reasons set forth herein, and in Masrud's pending Motion, Masrud requests that Polysciences be ordered to re-designate all AEO-designated documents and that it be sanctioned for its misuse of AEO designations to date.  Such sanctions should include amending the Protective Order entered in this case (ECF 42) to strip Polysciences of all AEO protection absent permission by the court following the requisite showing of harm and identification of alleged trade secrets documents that are (or are not) relevant in this case, and awarding Masrud attorneys' fees associated to date with these inappropriate designations.

Dated:  June 8, 2021                    Respectfully submitted,

HOMANS PECK, LLC

*/s/ Julianne L. Peck*
Julianne L. Peck, Esquire
43 Paoli Plaza #426
Paoli, PA 19301
Telephone: (215) 868-6214
jpeck@homanspeck.com

*Attorney for Defendant*
*Joseph T. Masrud*

## <u>CERTIFICATE OF SERVICE</u>

I, Julianne Peck, hereby certify that the foregoing Supplement to Defendant/Counter-Plaintiff's Motion to Compel Plaintiff/Counter-Defendant to De-Designate its Attorneys' Eyes Only Production and For Sanctions was filed using the Court's electronic filing system on the 8th day of June 2021 and served upon all counsel of record via ECF notification.


*/s/ Julianne Peck*
JULIANNE PECK