# Exhibit B



2000 Market Street
20th Floor
Philadelphia, PA 19103-3222
Tel (215) 299-2000  Fax (215) 299-2150
www.foxrothschild.com

ERIC E. REED
Direct No:  215.299.2741
Email: EReed@FoxRothschild.com

April 16, 2021

**VIA EMAIL (JPECK@HOMANSPECK.COM)**
Julianne L. Peck, Esq.
Homans Peck LLC
43 Paoli Plaza #426
Paoli, PA 19301

Re:   *Polysciences, Inc. v. Joseph T. Masrud*, **Civil Action No. 2:20-cv-03649-PBT**

Dear Ms. Peck:

We write in response to your letter dated March 23, 2021 (the "March 23rd Letter").

Preliminarily, we note that we take issue with several mischaracterizations contained in the March 23rd Letter. While we specifically address each of your raised issues below, we note that you continuously take issue with the fact that many of Polysciences' documents are emails. Although Polysciences has produced technical documents responsive to Mr. Masrud's document requests, as we have mentioned before, Mr. Masrud's document requests covered a broad scope of documents. Therefore, it should be expected that many responsive documents would in fact be emails, especially those relating to the circumstances surrounding Mr. Masrud's departure from Polysciences and the discovery of his misappropriation thereafter. To complain that Polysciences produced mostly emails is completely unwarranted, as Mr. Masrud **did not** simply request technical documents, and in fact, the emails support Polysciences' allegations and corroborate the technical documents.

**ESI Production**:

The March 23rd Letter complains that Polysciences produced emails in non-native form. First, Polysciences draws your attention to its Specific Objections to Definitions and Instructions, found in its objections and responses to *both* sets of Mr. Masrud's document requests. As clearly stated therein, Polysciences objected to producing, "ESI as single-page TIFF images, accompanied by load files for internal and external metadata in Concordance.dat file format, and for images in IPRO.lpt format, extracted or OCR'ed text in .txt files, and, as specified, native files," and instead stated that it would produce responsive documents in pdf format until there was an agreed upon protocol regarding ESI. The parties never reached an agreement, and therefore, Polysciences continued to produce in pdf format, as this was the fastest and most cost-efficient method of

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Minnesota  Nevada
New Jersey  New York  North Carolina  Pennsylvania  South Carolina  Texas  Virginia  Washington



Julianne L. Peck, Esq.
April 16, 2021
Page 2

production.  We also note that Mr. Masrud has similarly *only* produced in pdf format.  And, as admitted in the March 23rd Letter, Mr. Masrud never objected to the format in which Polysciences produced its several previous document productions.

Second, we want to make it abundantly clear that Polysciences absolutely **did not** produce its documents in an intentionally disorganized fashion as you allege in the March 23rd Letter. Polysciences stands by the fact that the documents were in fact produced in compliance with Rule 34.  We do not understand your claim that neither counsel nor Masrud can "organize the emails in preparation for litigation."

**AEO Designations**:

As we articulated in our letter of December 4, 2020 and subsequent email correspondence from December 15, 2020 - December 16, 2020, we have devoted significant attention and effort to designating Polysciences' production, and further attention and effort in response to your concerns.  We will stand on the current designations.

Contrary to your suggestions, and again as previously stated, Polysciences did not just make blanket AEO designations, nor do these designations prevent Masrud from defending his case. For example, Mr. Masrud should be fully aware of what he inappropriately took from Polysciences.  Counsel can view Polysciences' highly sensitive trade secret documents and provide Mr. Masrud with sufficient information regarding these documents for him to properly mount a defense.  As we have reiterated multiple times, Mr. Masrud started a directly competing company and the disclosure of the highly sensitive business information contained within these documents is highly likely to cause significant harm to Polysciences if disclosed to Mr. Masrud and/or give Mr. Masrud an unfair competitive position.  There is absolutely no need to show Mr. Masrud these documents, which could unfairly refresh his recollection and give him a competitive advantage over Polysciences.

This very same logic applies to testing and customer related communications that occurred *after* Mr. Masrud left Polysciences.  Documents relating to audits and testing that were not shared with the public or customers are considered highly sensitive business information and are to be treated as such.  Similarly, the mere fact that Mr. Masrud *once* had contact with Polysciences' customers does not preclude AEO status or change the high likelihood that Mr. Masrud will use this information to give Serochem an unfair competitive advantage.  Whether a customer or distributor is "likely known" to Mr. Masrud is immaterial.  The information is still highly sensitive business information that a direct competitor would unfairly use to its advantage.

We again state that under the language of the protective order, counsel may show any AEO designated documents to Mr. Masrud that he received or authored.  However, just because Mr. Masrud may have received or authored a document **does not** negate the sensitivity of the



Julianne L. Peck, Esq.
April 16, 2021
Page 3

information contained therein.  Your positions would completely thwart any conceivable AEO designation.  Polysciences stands by its designations.[1]

\* \* \*

I trust that this satisfies your concerns, but we remain available to discuss these issues should you wish to do so.

Separately, we note that our letter dated January 26, 2021, requested supplementation of Mr. Masrud's production and/or answers as to Request Nos. 6 and 15, and Interrogatory No. 2, which generally relate to Serochem's sales of its PEI Products.  In your letter dated February 1, 2021, you confirmed that Mr. Masrud would supplement his response to Request No. 6 and Interrogatory No. 2.  Please identify when we can expect such supplementation.

Similarly, we note that Mr. Masrud's document production contains a sparse amount of email communications.  This is concerning especially given the fact that Mr. Griffin has produced documents and communication that Mr. Masrud should have presumably had in his possession as well, but yet, did not produce in his document production.  Please state whether, as part of your document collection and review, you performed an electronic search of Mr. Masrud and Serochem's computers and email accounts and collected both Mr. Masrud's and Serochem's emails.

Polysciences reserves all rights.

Sincerely yours,

Eric E. Reed

---

[1] The March 23rd Letter also complains that AEO documents are interspersed through the production.  *See* the March 23rd Letter at p. 3.  This is a bizarre complaint, as this should be expected.  As stated *supra*, Polysciences did not reorganize the production or sort the documents by confidentiality designation.  The documents were produced in the order that they were maintained on the eDiscovery platform.  Thus, it should be expected that AEO documents would be interspersed throughout the production.  Further, each page of each document contains a confidentiality designation.  Upon review of the production, counsel should be readily able to separate the AEO documents from the rest of the production, as Mr. Masrud expects counsel for Polysciences to do with his production as well.