# Exhibit C



JULIANNE PECK
PARTNER

215-868-6214
Jpeck@HomansPeck.com

April 26, 2021

**Via Electronic Mail**

Eric Reed
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
EReed@foxrothschild.com

      Re:    **Polysciences, Inc. v. Joseph T. Masrud**
                  **Civil Action No. 20-cv-03649**

Dear Eric,

      This letter is in response to your April 16, 2021 letter addressing the concerns that I raised in my March 23, 2021 letter to you regarding Polysciences' February 21, 2021 production, specifically, its continued abuse of AEO designations and its failure to produce the ESI in the format requested by Masrud in his document requests. Unless Polysciences' gives a date certain by when it will address these concerns within ten days of the date of this letter, Masrud will supplement his currently pending motion to de-designate all of Polysciences' AEO designations, will move for the re-production of all emails, and will seek sanctions in the form of attorneys' fees and Polysciences' disqualification of the use of AEO designations.

      ESI

      Polysciences has not complied with Rule 34 in connection with its production of over 36,000 pages of emails. Rule 34 provides, in relevant part, that:

> Unless otherwise stipulated or ordered by the court . . . [a] party must produce documents as they are kept in the usual course of business or must organize them to correspond to the categories in the request.

Rule 34(a)(2)(E)(i). Polysciences did neither as its emails were not produced by request, and were not produced as they are kept in the usual course of business (e.g. in native format and/or in chronological order). Rule 34 further provides that:

Eric Reed
April 26, 2021
Page 2 of 3

>If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

Rule 34(a)(2)(E)(ii).  Not only did Polysciences fail to produce its emails in the form specifically requested by Masrud, it also failed to produce its emails either in the form in which they are ordinarily maintained or in a reasonably usable form.  Polysciences cannot evade this obligation by standing behind its objection to the form in which Masrud requested the ESI, particularly when it made no effort whatsoever to negotiate an agreed upon protocol.  In addition, absent an agreed upon protocol it nevertheless had an obligation to produce the emails in a reasonably usable form.  The production of thousands upon thousands of individual non-searchable pdf files in no order whatsoever is not a reasonably usable form, violates Rule 34, and supports Masrud's abuse of process claim.

Your assertion that Masrud also produced emails in pdf format does not justify Polysciences' behavior.  Unlike Masrud, Polysciences did not make a request for the production of ESI in any particular format.  Nevertheless, Masrud did his best to comply with Rule 34 by producing the emails in chronological order by category to ensure that the production was "reasonably usable."  Moreover, while he also produced the emails in pdf format, his production is "reasonably usable" given the volume of his email production (approximately 416 emails) and that fact that it is organized.  By contrast, Polysciences produced tens of thousands of emails consisting of over 36,000 pages, *in no order whatsoever*, and in separate files spread across over a dozen folders that cannot be searched.

As noted in my March 23, 2021 letter, Fox Rothchild likely already has Polsyciences' email production stored in the format requested by Masrud, and has intentionally produced the emails in the least usable manner possible.  In fact, knowing that Masrud requested the documents in a native searchable format that could be uploaded into an appropriate database, Polysciences not only produced the emails in the least usable format, it degraded the searchability of the documents, which, under the circumstances, clearly violates Rule 34.

AEO

In your letter you state that Polysciences is standing behind its AEO designation of over 3,000 documents (including over 12,400 pages of imaged documents and over 115 native files) because, according to you, "Mr. Masrud should be fully aware of what he inappropriately took from Polysciences" and because he can defend this action given that I have access to the AEO designated documents.  As you are well aware – neither of these statements are true.  Masrud denies any misappropriation and – to date – remains in the dark about the nature of Polysciences' allegations for all of the reasons set forth in his *Opposition to Polysciences' Motion for Temporary Restraining Order and Injunctive Relief* (ECF 14), and Polysciences' refusal – to date – to identify with any specificity

Eric Reed
April 26, 2021
Page 3 of 3

whatsoever what this case is really about. As you are also well aware, all of the documents that are critical to Masrud's defense were designated AEO, and I lack the technical expertise to understand/analyze any of the documents that relate to the design/manufacture of the products at issue. Finally, as set forth in Masrud's pending motion, it is axiomatic that he has a right to access the information that Polysciences alleges he stole.

Your assertion that Polysciences is somehow justified in designating documents Masrud authored and/or to which he otherwise had access as AEO – when you have separately agreed that he can have access to such documents -- is nonsensical. As set forth in Masrud's motion, AEO designations are inappropriate where a party authored/had access to the information at issue. We do not disagree such documents may be "sensitive." Disturbingly, however, Polysciences continues to justify AEO designations of "sensitive" information, when that is not the standard. Sensitive information is adequately protected by a "Confidential" designation. AEO designations require a good faith showing of "highly sensitive" information the disclosure of which (to the opposing party) is "highly likely to cause significant harm."

Finally, glaringly absent from your response to my March 23, 2021 letter was any justification whatsoever for the AEO designations of the representative list of documents identified in my letter. I invite you again to *specifically* justify each such designation by identifying the significant harm highly likely to occur. Hypothetical statements of potential harm do not suffice. While appropriate AEO designations are conceivable, Polysciences' complete abuse of such designations prevents Masrud from seeking anything other than a global de-designation absent specifically identified cause such designations. It is telling that Polysciences ignored my request to specifically identify the significant harm that is likely to occur with respect to each of the documents identified by bates number, description, and objection in my March 23, 2021 letter. Any ongoing failure by Polysciences to do so is a violation of its obligation under the stipulated Protective Order and is tantamount to a concession by Polysciences that, as to these categories of documents, no such harm exists.

Sincerely yours,

HOMANS PECK, LLC

Julianne L. Peck

cc:     Cali Spota (via email)