# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>             Plaintiff,<br><br>v.<br><br>JOSEPH T. MASRUD,<br><br>             Defendant. | Case No. 20-3649 |

## **PROTECTIVE ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

1. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.1.5. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

2. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    a. Outside counsel (including members, associates, and contracting attorneys of Outside Counsel's firm) and relevant in-house counsel for the parties;

    b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating, document storage, and data processing personnel retained by outside counsel and experts to assist in this litigation;

    d. This Court, or any other Court exercising jurisdiction with respect to this litigation, any appellate court(s), court personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

    e. Any person who authored or received the Confidential material sought to be disclosed to that person; or is mentioned, discussed or referred to in the material, but only as to the specific material in which such person is mentioned, discussed or referred to, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit "A;"

    f. A witness in the above-captioned case not otherwise authorized to view the Confidential material, provided that (i) the disclosure is made for the purpose of advancing the a party's claims or defenses, and for no other purposes; (ii) counsel for the disclosing party endeavors in good faith to redact or handle the Confidential Information in such a manner as to disclose no more Confidential Information than is reasonably

necessary in order to examine the witness; (iii) the witness is not permitted to retain the Confidential Information after the witness is examined regarding the Confidential Information; and (iv) the witness is explicitly informed that this Protective Order forbids him or her to disclose the Confidential Information except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order.  A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e); however, the Producing Party may object to the deponent reviewing a Confidential deposition exhibit in connection with the review and sign.  If such an objection is raised, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the Producing or Designating Party withdraws its objection;

  g. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, mock jurors or focus group members, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  h. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

 5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and

unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until fourteen (14) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (g) above and the deponent during these fourteen (14) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said fourteen (14) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7. Material produced and marked as Attorneys' Eyes Only may be disclosed only to individuals described in Paragraph 4(a)-(e) and (g) above and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

   a. Any party wishing to show a witness material produced and marked as Attorneys' Eyes Only, in relation to Paragraph 4(f) above in preparation for that witness's testimony at deposition, hearing, or trial, shall be required to request consent to show said material to the witness from the designating party. Should the parties disagree as to whether a witness can see materials produced and marked as Attorneys' Eyes Only, the parties shall first attempt to resolve their disagreement without Court

5

intervention. However, if no resolution is reached, the requesting party may raise the dispute by way of motion to this Court, or through such form of communication (e.g. written letter or conference call) as otherwise authorized by the Court. The material that is the subject of the filing shall not be shown to any witness while the dispute is pending.

    b.    Any party wishing to use material produced and marked as Attorneys' Eyes Only, in relation to Paragraph 4(f) above during that witness's testimony at deposition, hearing, or trial, shall be required to predesignate and give notice at least 24 hours in advance of its intent to use said materials prior to using same. Absent the designating party's consent or Court intervention, any material marked as Attorneys' Eyes Only cannot be shown to a testifying witness in relation to Paragrpah 4(f).

8.    If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

    a.    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

6

    b. Any party that wishes to challenge the designation of any document, thing, or testimony under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court, or through such form of communication (e.g. written letter or conference call) as otherwise authorized by the Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

  9. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.1.5 and 7.

  10. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

  11. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

13. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Protective Order.

14. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16. Upon final conclusion of this litigation, if Confidential Information from a producing party is stored or otherwise maintained electronically by the receiving party,

including but not limited to on an email system or server, an internal document storage program, computer or external hard drive, disk, cloud storage, or other electronic media, the receiving party shall take all reasonable steps to delete said Confidential Information to the fullest extent technologically possible and, in any event, render it inaccessible by their representatives, attorneys and staff involved in litigation of this action.  Further, as to any electronic versions of Confidential Information existing on backup storage media (including but not limited to backup "tapes" and archived email programs), the parties agree that such electronic copies shall be subject to and deleted pursuant to such receiving party's and counsel's routine data backup and retention policies, and that the actual permanent deletion of such Confidential Information may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business.  The receiving party shall not in any event make any attempt to retrieve, restore, review, disseminate, or use the Confidential Information stored on any such backup storage media for any purpose, and must promptly take steps to delete or sequester such Confidential Information if a backup containing such data is ever retrieved or restored for any purpose.  This paragraph shall not require the receiving party or his, her, or its counsel to destroy or return documents or information containing, attaching, or constituting work product, nor shall this paragraph require the destruction of documents filed with the Court or other tribunal for or in this action, hearing or argument transcripts, deposition transcripts, trial transcripts, trial exhibits, discovery requests and written responses, stipulations, or correspondence between counsel for the parties in this litigation, which contain verbatim Confidential Information, set forth the substance of such Confidential Information, or include any deposition testimony or documents designated as Confidential Information, provided however, that the receiving party or his, her,

or its counsel who retains such documents or information shall maintain them consistent with the provisions of paragraphs 3-5 above.

| | |
|---|---|
| By: s/ Steven J. Daroci | By: /s/ Julianne Peck |
| Eric E. Reed | Julianne Peck |
| Steven J. Daroci | HomansPeck, LLC |
| Fox Rothschild LLP | 1500 John F. Kennedy Blvd. |
| 2000 Market Street, 20th Floor | 2 Penn Center, Suite 520 |
| Philadelphia, PA 19103 | Philadelphia, PA 19102 |
| 215-299-2000 | 215-419-7463 |
| *Attorneys for Plaintiff Polysciences, Inc.* | *Attorneys for Defendant Joseph T. Masrud* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated:  6/7/2021              /s/ **Petrese B. Tucker**

10