# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLYSCIENCES, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:20-cv-03649-PBT |
| | : | |
| v. | : | |
| | : | |
| JOSEPH T. MASRUD, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT JOSEPH T. MASRUD'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF POLYSCIENCES, INC.**

Defendant Joseph T. Masrud ("Masrud") hereby requests that Plaintiff Polysciences, Inc. ("Polysciences") produce the following documents in accord with Rule 34 of the Federal Rules of Civil Procedure to undersigned counsel within thirty (30) days of service.

**DEFINITIONS**

1. "You" or "your" shall refer to Plaintiff as defined below.

2. "Plaintiff" shall refer to Polysciences, and any and all of its and their parents, subsidiaries, affiliates, joint ventures, predecessors and successors, as well as its and their owners, partners, members, directors, officers, employees, past or present agents, and representatives or other persons acting, or purporting to act, on behalf of it or any one of them.

3. "Defendant" shall refer to Masrud and his attorneys, agents, and representatives.

4. The terms "confidential information," "proprietary information," and/or "trade secrets" are intended to broadly encompass any and all of the information and documents relating to, referring to, alluding to, connected with, or otherwise associated with the

1

information, existing in whatever form, that you believe is protected or protectible and is the intended subject of the claims asserted by Plaintiff against Masrud in this action.

5. The term "PEI Products" refers to all Polyethylenimine transfection reagents sold by Polysciences that Polysciences alleges are, or are related to or predecessors of, the products that Polysciences alleges Masrud has copied by using Polysciences' confidential information, proprietary information, and/or trade secrets.

6. "Document" or "documents" are used herein in their broadest sense, and means all tangible items, all electronically stored information ("ESI" as further defined below), and all communications (defined below), writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies, or any nonidentical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

7. "Contact" or "communication" shall mean all modes of conveying meaning or information including, without limitation, ESI, telephone, facsimile, instant messaging, and written or spoken language between two persons.

8. "Concerning," "relating to," "referring to," and "pertaining to" are intended to encompass any and all information and documents relating to, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the underlying facts of the specified subject of the particular request

9. "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, text messages, instant messages, information on social media or other websites (e.g., Facebook, MySpace, Twitter, blogs), information stored on "smart" or other Internet-and-text-capable cellular phones or tablet devices (e.g., iPad), information stored on USB or "flash" drives, and any other discoverable Internet data. ESI includes native file formats without alteration or deletion of any associated information, like metadata.

10. "This Action" shall mean the above-entitled and numbered case.

11. The term "including" means "including without limitation."

12. The term "date" shall mean the day, month and year, whenever reasonably ascertainable, or, if not, your best approximation of the date.

13. The terms "all" and "each" shall both be construed as all and each.

14. The terms "and" and "or" shall be both conjunctive and disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

15. Where the singular is used with reference to any person, document or item, it shall include the plural if, in fact, there are more than one, and vice versa. Similarly, where a gendered pronoun (e.g., "he") is used, all genders are intended to be encompassed within that pronoun.

## INSTRUCTIONS

1. Each Request is to be answered separately and specifically and documents responsive to each request for production shall be identified and produced by reference to the request number to which such documents are responsive. No answer is to be left blank. If the answer to a Request or subparagraph of a Request is "none" or "unknown," such statement must

be written in the answer. If the answer to part of a question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date.

2. In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your own personal possession. If you or any of your agents, including your attorney, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written response to the request and provide information about who has possession, custody or control over the document.

3. When a document request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

4. If you object to any part of any Request, you must answer all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

5. In the event that you claim that a document request is overly broad or unduly burdensome, you should respond to that portion of the document request which is unobjectionable and specifically identify the manner in which the document request is allegedly overly broad or burdensome.

6. If you claim that an answer, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject

matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

7. These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Requests. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, though correct and complete when made, is no longer true and complete.

8. In accordance with Rule 34 of the Federal Rules of Civil Procedure, you must produce documents, except ESI, as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request. Please produce ESI as single-page TIFF images, accompanied by load files for internal and external metadata in Concordance.dat file format, and for images in IPRO.lpt format, extracted or OCR'ed text in .txt files, and, as specified, native files. Please produce Microsoft Access databases, Excel files, Word documents with comments or tracked changes, .CSV files, other similar databases and spreadsheet files, presentation (e.g., PowerPoint), and audio or video media files, in native format.

9. No admission by Masrud is intended by and none should be inferred from any portion of these requests for documents.

**REQUESTS FOR PRODUCTION**

1. All documents that you referred to, cited, or identified in the Verified Complaint, in the Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and

Case 2:20-cv-03649-PBT   Document 46-4   Filed 06/16/21   Page 7 of 11

Preliminary Injunction, and in the Declarations of Andrew Ott and of Leena Mol Thuruthippallil, Ph.D.

2. All documents that relate to, refer to, or incorporate the results of any forensic examination you conducted upon any desktop, laptop, tablet, cellular phone, or other electronic device that Masrud used during his association (either as an employee or as a consultant) with you or that you contend contains evidence that Masrud misappropriated Polysciences' trade secrets or that Masrud breached the Confidentiality and Proprietary Agreement as alleged in the Verified Complaint.

3. All documents, internal notes, and communications (whether internal or with third parties) relating to your contention that Masrud misappropriated Polysciences' trade secrets or that Masrud breached the Confidentiality and Proprietary Agreement as alleged in the Verified Complaint.

4. All documents that relate to your contention that "Mr. Masrud could not have launched his PEI Products at Serochem in a matter of months after leaving Polysciences without using his knowledge of Polysciences Trade Secrets and confidential information," as alleged in Paragraph 5 of the Verified Complaint.

5. All documents that relate to your contention that Polysciences "PEI Products are difficult to reverse engineer due to the statistical nature of their properties, and thus they become inimitable once they are used in development or production processes," as alleged in Paragraph 17 of the Verified Complaint.

6. All documents that relate to the "many precautions" that Polysciences "takes to protect its valuable trade secrets and proprietary confidential information," as alleged in Paragraph 32 of the Verified Complaint.

6

7. All documents that relate to your contention, upon information and belief, that "Serochem's products are copycat versions of Polysciences [sic] non-cGMP PEI Products," as alleged in Paragraph 66 of the Verified Complaint.

8. All documents containing or describing the confidential information, proprietary information, or trade secrets that you contend Masrud improperly took, copied, retained, or misappropriated after the termination of his association (either as an employee or as a consultant) with Polysciences. This includes, but is not limited to, documents that Masrud was entitled to have prior to the termination of his association with Polysciences but did not return after that association terminated.

9. All documents related to Polyscience's policies, procedures, instructions, trainings, and other directives (whether formal or informal) to its employees regarding the use, storage, protection, access, handling, return, and any other form of interaction relating to any confidential information, proprietary information, or trade secrets.

10. All documents related to or referring to, specifically as it relates to or concerns Polysciences' PEI Products:

   (a) Polyscieneces' alleged competitive advantage derived from its confidential Information;

   (b) the alleged economic value of Polysciences' confidential information; and

   (c) the alleged harm that Polysciences has suffered by the alleged misappropriation of Polyscience's confidential information.

11. All documents that relate to or otherwise evidence any of the harm or damages that you allege in the Complaint, or any other relief you are seeking in this Action including, but not limited to, documents reflecting Plaintiff's decrease in revenue and any documents

7

describing the methods you used to calculate or establish the amount of such damages or relief.

12. Any non-proprietary or non-confidential information (whether in the form of abandoned or expired patents or documents related to same, articles in academic or scientific journals, abstracts of articles or white papers in publicly-available journals, or otherwise) that Polysciences used in the development, design, engineering and/or manufacturing of the PEI Products or that Polysciences knows to be in the public domain that relate in any manner to PEI Products.

13. All documents (including without limitation batch records) sufficient to demonstrate the original recipe, methods, processes, materials and specifications for Polysciences' non-cGMP PEI Products and any changes made thereto from product inception through September 2019.

14. All documents that relate to or refer to the design, engineering and/or manufacturing of Polysciences' PEI products.

15. Copies of any reports prepared by any expert retained or consulted by you for purposes of this litigation, including all drafts and communications with such experts and all documents provided by any individual to any expert retained or consulted by you for use by the expert in preparing any reports.

16. All documents referred to, identified in, or upon which you relied in responding to Plaintiff's Answers to Defendant Masrud's First Set of Interrogatories to Plaintiff, or that support or relate to the assertions in Plaintiff's responses to such Interrogatories.

        HOMANS PECK LLC

        /s/ Julianne L. Peck
        Julianne L. Peck, Esquire
        43 Paoli Plaza #426
        Paoli, PA 19301

        Telephone: (215) 868-6214
        jpeck@homanspeck.com

*Attorneys for Defendant*
*Joseph T. Masrud*

Dated:  August 24, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLYSCIENCES, INC. | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:20-cv-03649-PBT |
| | : | |
| v. | : | |
| | : | |
| JOSEPH T. MASRUD, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendant Joseph T. Masrud's First Request for Production of Documents Directed to Plaintiff Polysciences, Inc. was served this day via e-mail and first-class mail, postage pre-paid, as follows:

> Eric E. Reed
> Fox Rothschild LLP
> 2000 Market Street, 20th Floor
> Philadelphia, PA  19103-3291
> (215) 299-2741 (telephone)
> (215) 299-2150 (facsimile)
> EReed@foxrothschild.com

                                                    */s/ Julianne L. Peck*
                                                    Julianne L. Peck, Esq.

Dated: August 21, 2020