## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>            Plaintiff/Counter<br>Defendant,<br><br>      v.<br><br>JOSEPH T. MASRUD, MATHEW<br>GRIFFIN, and SEROCHEM, LLC.<br><br>            Defendants/Counter<br>            Plaintiffs. | Civil Case No. 20-cv-03649-PBT |
| MATHEW GRIFFIN,<br><br>            Counter Plaintiff,<br><br>      v.<br><br>SCOTT A. KNORR,<br><br>            Counter Defendant. | |

## DEFENDANT MATHEW GRIFFIN'S ANSWER AND DEFENSES TO POLYSCIENCES' AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Mathew Griffin ("Griffin" or "Defendant") **answers** Amended

Complaint (ECF No. 45) of Polysciences, Inc. ("Polysciences" or "Plaintiff") as

follows:

1

## NATURE OF ACTION[1]

1.  Defendant denies the allegations in paragraph 1.

2.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2 that relate to Masrud, and therefore deny the same. Defendant denies the remaining allegations in paragraph 2.

3.  Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations in paragraph 3, and therefore denies the allegations.

4.  Defendant admits that he worked for Plaintiff as Product Manager and Senior Product Manager. Defendant admits that he had responsibility for the sale of Plaintiff's PEI Products. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4 that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 4.

5.  Defendant admits his first experience with PEI products was during his employment at Plaintiff. Defendant admits that during his employment at Plaintiff, he worked on the launch of Plaintiff's Transporter 5 and MAXgene GMP. Defendant admits that Serochem launched two non-GMP PEI products over nine months after Plaintiff terminated its relationship with Serochem. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in

---

[1] Griffin repeats all of Polysciences' section titles in his answer for organizational purposes only. To the extent any header contains or implies allegations, those allegations are denied.

paragraph 5 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 5.

6.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 6 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 6.

7.  Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations in paragraph 7 that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 7.

8.  Defendant lacks sufficient knowledge or information to form a belief about the truth of allegations in paragraph 8 that relate to Masrud and therefore denies the same. Defendant denies the remaining allegations in paragraph 8.

## PARTIES

9.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9, and therefore denies the allegations.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10, and therefore denies the allegations.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11, and therefore denies the allegations.

12. Defendant admits he is an adult individual who resides in Pennsylvania, but denies the remaining allegations in paragraph 12.

13. Defendant admits he is the Chief Technical Officer of Serochem and a minority member of Serochem, but denies the remaining allegations in paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 14, and therefore denies the allegations.

## JURISDICTION AND VENUE

15. Defendant admits he resides in Pennsylvania. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 15 that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 16, and therefore denies the allegations.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 17, and therefore denies the allegations.

## FACTUAL BACKGROUND

### POLYSCIENCES' BUSINESS AND PEI PRODUCTS

18. Defendant admits that Plaintiff sells a broad array of products, including PEI transfection reagents. Defendant admits that PEI transfection reagents are used to develop and manufacture viral vectors. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 18, and therefore denies the allegations.

19. Defendant admits the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that during his tenure Plaintiff had ISO 13485:2016 certification and Food and Drug Administration registration. Defendant lacks

4

sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 21, and therefore denies the allegations.

22. Defendant admits that during his tenure, Plaintiff's manufacturing facilities included capabilities for multi-step synthesis, distillation, drying, recrystallization, filtration, and cleanroom operations. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 22, and therefore denies the allegations.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 23, and therefore denies the allegations.

24. Defendant admits that Plaintiff sells its products through its website and distributors. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 24 and therefore denies the allegations.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 25, and therefore denies the allegations.

26. Defendant admits that transfection is the process of introducing nucleic acids into cells. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 26, and therefore denies the allegations.

27. Defendant admits that PEI can exist in solid or liquid form, as a branched or linear structure, and can have varying molecular weights. Defendant lacks

sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 27, and therefore denies the allegations.

28. Defendant admits that Plaintiff manufactures various PEI products made from polymers with different molecular weights and forms (powder and liquid). Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 28, and therefore denies the allegations.

29. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 29, and therefore denies the allegations.

30. Defendant denies that Plaintiff's PEI transfection products are superior to Serochem's PEI transfection Products. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 30, and therefore denies the allegations.

31. Defendant denies the allegations in paragraph 31.

32. Defendant admits that Plaintiff provides Transporter™ 5 and PEI MAX®. Defendant lacks sufficient knowledge or information to form a belief about the remaining allegations in paragraph 32, and therefore denies the allegations.

33. Defendant admits during his tenure Plaintiff held an ISO 13485 certification. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 33, and therefore denies all allegations in paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 34, and therefore denies the allegations.

6

35. Defendant admits that he executed the Confidentiality and Proprietary Agreement attached as **Exhibit 3** to Plaintiff's Amended Complaint on August 3, 2015. Defendant admits that his signature is on the form attached as **Exhibit 5** to Plaintiff's Amended Complaint. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 35 and therefore denies the allegations.

36. The agreement between Defendant and Plaintiff attached to the Amended Complaint as **Exhibit 3** is a document that speaks for itself. Any characterization is denied. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 36, and therefore denies the allegations.

37. Defendant admits he signed the Confidentiality and Proprietary Agreement and received the letter attached to the Amended Complaint as **Exhibit 8**. Both written documents speak for themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 37 that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 37.

## POLYSCIENCES PEI PRODUCT SUCCESS

38. Defendant admits that the most common application for Plaintiff's PEI products is transient transfection for viral vector and antibody production. Defendant lacks sufficient knowledge or information to form a belief about the allegations in paragraph 38 that Plaintiff has offered these products for more than 15 years, it first released linear PEI MW 25,000 (PN 23966), or that PEI MW 25,000

7

(PN 23966) was followed by PEI Max, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 38.

39. Defendant admits that academics have used PEI for decades and that PEI is used in a range of applications. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 39, and therefore denies the allegations.

40. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40, and therefore denies the allegations.

41. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 41, and therefore denies the allegations.

42. Defendant denies that Plaintiff spent four years developing cGMP PEI Products. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42, and therefore denies the allegations.

43. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 43, and therefore denies the allegations.

44. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 44, and therefore denies the allegations.

45. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 45, and therefore denies the allegations.

46. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 46, and therefore denies the allegations.

8

47. Defendant admits sending the letter attached to the Amended Complaint as **Exhibit 9** to Plaintiff's attorneys on October 13, 2020. The letter is a written document that speaks for itself. Any characterization is denied. To the extent paragraph 47 contains further allegations, they are denied.

## MR. MASRUD'S AND MR. GRIFFIN'S EMPLOYMENT AT POLYSCIENCES

48. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 48 and therefore denies all allegations in paragraph 48.

49. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 49 and therefore denies all allegations in paragraph 49.

50. Defendant admits Plaintiff had a consultancy with Serochem until Plaintiff terminated its relationship with Serochem on September 6, 2019. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 50 and therefore denies the allegations.

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 51 and therefore denies the allegations.

52. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 52 and therefore denies the allegations.

53. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 53 and therefore denies the allegations.

54. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 54 and therefore denies the allegations.

55. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 55 and therefore denies the allegations.

56. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 56, and therefore denies the allegations.

57. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 57, and therefore denies the allegations.

58. Defendant admits the allegations in paragraph 58.

59. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding the precise dates of the positions held by Defendant, but admits the remaining allegations in paragraph 59.

60. Defendant admits to executing the agreement attached as **Exhibit 3** to the Amended Complaint on August 3, 2015. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 60, and therefore denies the allegations.

61. The document attached to Plaintiff's Amended Complaint as **Exhibit 3** is a written document that speaks for itself. Defendant denies any characterization. To the extent paragraph 61 contains further allegations, they are denied.

62. The document attached to Plaintiff's Amended Complaint as **Exhibit 3** is a written document that speaks for itself. Defendant denies any characterization. To the extent paragraph 62 contains further allegations, they are denied.

63. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 63, and therefore denies the allegations.

64. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 64, and therefore denies the allegations.

65. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 65, and therefore denies the allegations.

66. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 66 and therefore denies the allegations.

67. Defendant admits consulting with scientists responsible for the manufacture of PEI products while employed at Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 67, and therefore denies the allegations.

68. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 68, and therefore denies the allegations.

69. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 69, and therefore denies the allegations.

70. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 70, and therefore denies the allegations.

71. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 71, and therefore denies the allegations.

72. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 72, and therefore denies the allegations.

73. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 73, and therefore denies the allegations.

11

74. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 74, and therefore denies the allegations.

75. Defendant denies the allegations in paragraph 75. Serochem's products were available for sale on its website in early June 2020.

76. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 76, and therefore denies the allegations.

77. Defendant admits to meeting with Mr. Zavari many times. Defendant lacks sufficient knowledge or information to form a belief about the truth of Mr. Zaveri's employment history and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies that **Exhibit 12** of Plaintiff's Amended Complaint is a true and correct copy of the Serochem website on July 13, 2020. Defendant denies the remaining allegations in paragraph 79.

80. Defendant admits the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant admits that Serochem removed the article from its website on or around July 20, 2020. Defendant denies the remaining allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 84, and therefore denies the allegations.

85. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 85, and therefore denies the allegations.

86. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 86, and therefore denies the allegations.

87. Defendant admits Serochem developed a linear hydrochloride transfection grade PEI product. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 87, and therefore denies the allegations.

88. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 88, and therefore denies the allegations.

89. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations that relate to Masrud in paragraph 89, and therefore denies all allegations in paragraph 89 that relate to Masrud. Defendant denies all remaining allegations in paragraph 89.

90. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 90, and therefore denies all allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies Serochem's products are inferior. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 92, and therefore denies the allegations.

13

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE
## DEFEND TRADE SECRETS ACT

93. Defendant incorporates by references all previous responses to the Amended Complaint as though fully set forth herein.

94. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 94, and therefore denies the allegations.

95. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 95, and therefore denies the allegations.

96. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 96, and therefore denies the allegations.

97. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 97, and therefore denies the allegations.

98. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 98 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 98.

99. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 99 that relate to Masrud, and therefore the allegations. Defendant denies all remaining allegations in paragraph 99.

100. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 100 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 100.

14

101.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 101 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 101.

102.    Defendant denies that Plaintiff designates confidential documents. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 102, and therefore denies the allegations.

103.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 103, and therefore denies the allegations.

104.    Defendant denies he misappropriated anything. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 104, and therefore denies the allegations.

**COUNT II**
**INJUNCTION**

105.    Defendant incorporates by references all previous responses to the Amended Complaint as though fully set forth herein.

106.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 106 that relate to Masrud, and therefore denies the allegations. Defendant denies all remaining allegations in paragraph 106.

107.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 107 that relate to Masrud, and

15

therefore denies the allegations. Defendant denies all remaining allegations in paragraph 107.

108.     Defendant denies the allegations in paragraph 108.

109.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 109, and therefore denies the allegations.

110.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 110, and therefore denies the allegations.

111.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 111, and therefore denies the allegations.

112.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 111, and therefore denies the allegations

113.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 113, and therefore denies the allegations.

## COUNT III
## MISAPPROPRIATION OF THE POLYSCIENCES TRADE SECRETS IN VIOLATION OF THE PENNSYLVANIA UNIFORM TRADE SECRETS ACT

114.     Defendant incorporates by references all previous responses to the Amended Complaint as though fully set forth herein.

16

115.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 115, and therefore denies all allegations in paragraph 115.

116.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 116, and therefore denies all allegations in paragraph 116.

117.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 117, and therefore denies all allegations in paragraph 117.

118.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 118, and therefore denies all allegations in paragraph 118.

119.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 119.

120.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 120.

121.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 121.

122.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 122.

123.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 123.

124.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in paragraph 124, and therefore denies the allegations.

125.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 125.

126.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 126.

## COUNT IV
## BREACH OF CONTRACT

127.     Defendant incorporates by references all previous responses to the Amended Complaint as though fully set forth herein.

128.     Defendant admits to signing a Confidentiality & Proprietary Agreement on August 3, 2015. Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and

therefore denies the allegations. Defendant denies the remaining allegations in paragraph 128.

129.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 129, and therefore denies the allegations.

130.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 130, and therefore denies all allegations in paragraph 130.

131.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 131, and therefore denies all allegations in paragraph 131.

132.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in paragraph 132, and therefore denies the allegations.

133.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that relate to Masrud, and therefore denies the allegations. Defendant denies the remaining allegations in paragraph 133.

134.     Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations that in paragraph 134, and therefore denies the allegations.

Defendant denies the allegations in the unnumbered prayer for relief, as well as all subparts, and further specifically denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

To the extent that Defendant has not specifically admitted above any allegations of the Amended Complaint, Defendant denies such allegations.

## DEFENSES & AFFIRMATIVE DEFENSES

Defendant is not liable to Plaintiff because:

1. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are in bad faith. Defendant is entitled to reasonable attorney's fees, expenses, and costs under the Pennsylvania Uniform Trade Secrets Act ("PUTSA"). 12 Pa.C.S. § 5301(1). Defendant also asserts he is entitled to reasonable attorney's fees under the Defend Trade Secrets Act ("DTSA"). 18 U.S. Code § 1836(b)(3)(D).

3. Defendant did not commit any violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.A. §5301 et.seq.

4. Defendant did not commit any violation of the Defend Trade Secrets Act. 18 U.S. Code § 1836(b)(3)(D).

5. Defendant asserts that Plaintiff has breached its contracts with Defendant.

6. Defendant asserts that he has not breached his contracts with Plaintiff.

7. Defendant asserts that he has substantially complied with his contracts with Plaintiff.

8. Defendant asserts that Plaintiff has failed to mitigate its damages.

9. Defendant's contracts with Plaintiff are, in whole or in part, unconscionable.

10. Plaintiff's claims are barred, in whole or part, due to a failure of consideration.

11. To the extent any information Defendant had access to or retained was proprietary, confidential and/or trade secret information, Plaintiff failed to take appropriate precautions to maintain the confidentiality and/or secrecy of said information.

12. Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, estoppel, laches and unclean hands

13. Plaintiff's claims, and/or the relief sought under those claims, are barred, in whole or in part, by any and all applicable breach of contract defenses, but not limited to, the statue of frauds, non-performance and/or substantial non-performance on the part of the Plaintiff, mistake of fact, fraud, and material misrepresentations.

14. Plaintiff is not entitled to equitable relief on any of Plaintiff's claims, in whole or in part, insofar as Plaintiff has an adequate remedy at law if liability could be established (which is denied).

## RESERVATION OF RIGHT TO AMEND

Defendant reserves the right to amend his Answer and Defenses to the Amended Complaint and to assert such additional defenses that may appear and

prove applicable during discovery proceedings and his continuing fact investigation, or otherwise, in the case.

Defendant demands judgment dismissing Plaintiff's Amended Complaint and awarding Defendant costs of suit and other such relief as the Court may deem proper.

**COUNTERCLAIMS**

I.   **NATURE OF ACTION**

Mathew Griffin ("Griffin") brings these counterclaims to seek damages caused by the wrongful conduct of Polysciences, Inc. ("Polysciences") and its employee Scott A. Knorr ("Knorr"). Griffin is a former employee of Polysciences, without any non-compete, who resigned almost two years ago. Polysciences targeted Griffin *days* after he left and is now abusing the legal process to harass Griffin, Griffin's business partner Joseph T. Masrud ("Masrud"), and their company Serochem, LLC ("Serochem") with the goal of stopping legitimate competition. As a senior employee of Polysciences, Knorr has made damaging and false statements about Griffin to other Polysciences employees alleging business misconduct. Polysciences' and Knorr's wrongful actions have caused Griffin damages in the form of legal costs, future loss of earnings, reputational damage, emotional distress, mental anguish, and humiliation.

II.   **PARTIES**

1.  Counter Plaintiff Griffin is an individual and citizen of the Commonwealth of Pennsylvania who resides in Pennsylvania.

2.  On information and belief, Counter Defendant Polysciences is a Pennsylvania company with a principal place of business in Pennsylvania.

3.  On information and belief, Counter Defendant Knorr is an individual and citizen of the Commonwealth of Pennsylvania who resides in Doylestown, Pennsylvania.

### III.  JURISDICTION AND VENUE

4.  The District Court has jurisdiction over the present Action pursuant to 28 U.S.C. § 1367 (Supplemental).

5.  Venue is proper pursuant to 28 U.S.C. § 1391 (b) as Polysciences does business within the Commonwealth of Pennsylvania, Knorr is a resident of the Commonwealth of Pennsylvania, Griffin is a resident of the Commonwealth of Pennsylvania, and a substantial part of the events upon which the allegations in this Action are based occurred within this district.

### IV.  FACTUAL BACKGROUND

#### A. POLYSCIENCES AND PEI

6.  Polysciences is a business that manufactures and sells hundreds of chemicals and polymers.

7.  Since at least 2007, Polysciences has sold polymers of polyethylenimine ("PEI") for basic research and industrial applications.

8.  In or about late 2015, Polysciences began marketing PEI transfection reagent powder ("PEI MAX") and ready-to-use PEI transfection reagent liquid ("Transporter 5").

9.  Transfection reagents are substances typically used to insert synthetic genes into cells for biomedical research or bioprocessing.

10. Prior to use, PEI transfection reagent powder is typically converted to a ready-to-use PEI transfection reagent liquid according to an industry-standard process.

11. Polysciences began marketing its PEI transfection reagents shortly after a patent protecting the use of PEI as a transfection reagent expired on July 5, 2015. (US Patent Number 6,013,240.) From 1995 to 2015, this patent was owned and licensed by various third parties. However, upon information and belief, Polysciences never owned or licensed the patent.

12. On information and belief, the methods Polysciences uses to make its PEI transfection reagent powder and ready-to-use PEI transfection reagent liquid are based on publicly available information, general chemistry knowledge, and general biology knowledge.

### B.  GRIFFIN, MASRUD AND SEROCHEM

13. In or around May 2015, Griffin earned a Bachelor of Science in Chemical Biology from Brown University.

14. Griffin worked for Polysciences from August 3, 2015, until August 30, 2019. Griffin held the positions of Technical Product Specialist, Product Manager, and Senior Product Manager.

15. On August 9, 2019, Griffin resigned from Polysciences to accept a full-time position at a non-competing company. Griffin started his new position on September 3, 2019 and continues to work full-time as a Product Marketing Analyst for the same non-competing company.

16. Masrud was Griffin's manager at Polysciences from August 3, 2015, until about June 2019. Upon information and belief, Masrud left Polysciences in or around June 2019 and formed Serochem to provide consulting services to Polysciences with Polysciences' support.

17. After Griffin resigned from Polysciences to work for a non-competing company, Masrud asked Griffin to provide technical support to Serochem for Polysciences' benefit. Griffin agreed to help Serochem in his free time. Griffin began helping Serochem after Griffin's last day of employment at Polysciences on August 30, 2019.

18. Upon information and belief, on September 6, 2019, Polysciences ended its consultancy with Serochem.

19. After Polysciences ended its consultancy with Serochem, Serochem decided to attempt development of a transfection reagent.

20. From September 11, 2019, to June 6, 2020, Serochem undertook independent research and development efforts to develop a transfection reagent.

21. In or around February 2020, Griffin became a member of Serochem.

22. On or around June 6, 2020, following its own independent research and development, Serochem launched two PEI transfection reagents: a PEI transfection

reagent powder ("PEI Prime Powder") and a ready-to-use PEI transfection reagent liquid ("PEI Prime AQ").

23. Serochem's PEI transfection reagents are derived entirely from independent research and development, publicly available information, general chemistry knowledge and general biology knowledge. Moreover, a typically educated biological chemist, such as Griffin, could independently develop PEI transfection reagents comparable to Serochem's in under nine months using only publicly available information, general chemistry knowledge, general biology knowledge and reasonable effort.

24. Serochem's PEI Prime Powder and PEI Prime AQ directly compete with Polysciences' PEI MAX and Transporter 5, respectively.

25. Further, the list prices for Serochem's PEI transfection reagents are less than the list prices for Polysciences' comparable products.

26. Upon information and belief, Serochem's PEI transfection reagents perform as well as, or better than, comparable Polysciences products for transfection.

27. To date, Griffin has earned no income from Serochem.

**C. POLYSCIENCES AND KNORR TARGET GRIFFIN**

28. Following Griffin's last day of employment at Polysciences, Griffin had no post-employment covenants with Polysciences that prevented Griffin from working for a competitor or independently developing a competing product to Polysciences' products.

29. Knorr is Polysciences' "Vice President, Sales & Business Development," and is responsible for the sales of products that Griffin managed during his employment.

30. Jennifer Tenfelde ("Tenfelde") is Polysciences' "Director, Strategic Human Resources," and is the most senior Human Resources employee.

31. Upon information and belief, in or about September 2019, Knorr falsely informed other Polysciences employees, including at least Tenfelde, that Griffin wrongfully authorized the disclosure of Polysciences' trade secrets.

32. Griffin did not have reason to believe that Knorr was making false and damaging statements about Griffin to other employees until in or around February 2021, following a discovery production in this litigation against Masrud.

33. Upon information and belief, Knorr made false and damaging statements about Griffin to induce Polysciences' attorneys to intimidate Griffin not to compete against Polysciences. Around the time of Knorr's actions in or about September 2019, Polysciences' attorneys sent Griffin the letter attached herein as **Exhibit A**.

34. The letter from Polysciences' attorneys included a false, damaging allegation about Griffin, followed by a thinly veiled threat to cause harm to Griffin in the future: "We sincerely hope that there would be no cause to take action beyond this communication." Exhibit A at Page 1.

### D. POLYSCIENCES V. MASRUD

35. On July 27, 2020, Polysciences filed a Complaint against Masrud shortly after learning that Serochem was selling PEI Prime Powder and PEI Prime AQ. Polysciences alleged that the only way Serochem could have launched its products

27

in about nine months was if Masrud had used Polysciences' trade secrets and confidential information.

36. Polysciences' Complaint sought an injunction "ceasing sale of Serochem's PEI Prime Powder and PEI Prime AQ products and discarding all products." ECF No. 1 at Page 26.

37. Polysciences launched its litigation in bad faith to stop legitimate competition against its PEI MAX and Transporter 5 products.

38. Polysciences knew when it began its litigation that no trade secret or confidential information is necessary to make products competitive with PEI MAX or Transporter 5 in under nine months.

39. Upon information and belief, Polysciences directed removal of information regarding PEI from its website shortly before and after starting its litigation against Masrud supposedly about PEI. Moreover, Polysciences claims information they directed to be removed from their website shortly before and during its litigation is a trade secret.

40. After Polysciences learned that Griffin was Serochem's Chief Technical Officer, it served Griffin with an abusive, overly broad, and mainly irrelevant Subpoena attached herein as **Exhibit B**. Despite Griffin spending numerous hours for over a month in a good-faith effort to comply with its Subpoena, Polysciences then filed a Motion to Compel against Griffin. Polysciences' Motion to Compel contained numerous material misrepresentations that required Griffin to spend a significant amount of time and incur costs in responding.

41. Polysciences' Subpoena and Motion to Compel were served on Griffin with the primary purpose of harassing Griffin and stopping legitimate competition.

42. On November 25, 2020, Polysciences filed a Motion to Amend its Complaint to add Griffin as a Defendant. Polysciences' Amended Complaint contains further false, damaging, and wholly unsupportable allegations against Griffin that were made primarily to harass Griffin and stop legitimate competition.

## V.   <u>COUNT I – ABUSE OF PROCESS (POLYSCIENCES)</u>

43. Griffin realleges the previous paragraphs in his Counterclaims as if fully set forth herein.

44. Polysciences is maliciously, remorselessly, and implausibly claiming that Serochem's PEI Prime Powder and PEI Prime AQ could have only been made with Polysciences' trade secrets and confidential information. Polysciences knows or should have known that no trade secret or confidential information is necessary to make competing PEI transfection reagent products. Polysciences is inventing and pursuing incredible allegations to use the legal process to harass Griffin and shut down legitimate competition.

45. As part of its bad faith Action against Masrud, Polysciences served an abusive, overly broad, and mostly irrelevant Subpoena on Griffin. Exhibit B. After Griffin spent a significant amount of time in a good faith effort to comply with Polysciences' Subpoena, Polysciences served Griffin with a Motion to Compel. Polysciences' Motion to Compel contained numerous material misrepresentations that forced Griffin to further spend a significant amount of time and incur costs to

29

respond. Polysciences' Subpoena and Motion to Compel were abuses of process made with the primary purpose of harassing Griffin and stopping legitimate competition.

46. On November 25, 2020, Polysciences filed a Motion to Amend its Complaint to add Griffin as a Defendant. Polysciences' Amended Complaint contains false, damaging, and incredible allegations against Griffin that were made primarily to harass Griffin and stop legitimate competition.

47. Polysciences' abuse of process has caused Griffin damages in the form of legal costs.

48. Polysciences' abuse of process has damaged Griffin's reputation.

49. Polysciences' abuse of process has caused Griffin damages in the form of emotional stress, mental anguish, and humiliation.

50. Polysciences' conduct was malicious, wanton, willful, oppressive, and made with reckless indifference to the interests of others.


## VI.  COUNT II - DEFAMATION PER SE (POLYSCIENCES AND KNORR)

51. Griffin realleges the previous paragraphs in his Counterclaim as if fully set forth herein.

52. Upon information and belief, in or about September 2019, Knorr falsely informed other Polysciences employees, including at least Tenfelde, that Griffin wrongfully authorized the disclosure of Polysciences' trade secrets.

30

53. Griffin did not have reason to believe that Knorr was making false and damaging statements about Griffin to other employees until in or around February 2021, following a discovery production in its litigation against Masrud.

54. Upon information and belief, Knorr made defamatory statements about Griffin to other employees so that Polysciences' attorneys would intimidate Griffin not to compete against Polysciences. Polysciences' attorneys used Knorr's false statements to send Griffin a letter containing an extortive threat shortly after Griffin left Polysciences. Exhibit A.

55. Knorr's actions constitute defamation *per se* because he made false statements to others about Griffin regarding alleged business misconduct.

56. Knorr's wrongful conduct occurred during and within the scope of his duties for Polysciences.

57. Knorr's wrongful conduct occurred with the primary intent to further Polysciences' interests.

58. Knorr's wrongful conduct has reduced Griffin's future earnings by at least $100,000 because Griffin can no longer use Polysciences, Griffin's longest and only other full-time post-college employer, for any reference or employment verification purpose because of Knorr's defamation.

59. Knorr's wrongful conduct has damaged Griffin's reputation.

60. Knorr's wrongful conduct has caused Griffin damages in the form of emotional distress, mental anguish, and humiliation.

61. Knorr's wrongful conduct was malicious, wanton, willful, oppressive, and showed reckless indifference to the interests of others.


## VII. **PRAYER FOR RELIEF**

Griffin respectfully requests that the Court enter judgment in his favor and against Counter Defendants Polysciences and Knorr:

a)  Awarding Griffin reasonable attorney fees, legal fees, and associated costs with defending Polysciences' action against him, as well as filing and pursuing his Counterclaims.

b)  Awarding Griffin actual damages for Count I and all applicable interest, along with all further costs and interest accrued throughout this action arising from Polysciences' abuse of process.

c)  Awarding Griffin damages for Count I for harm to Griffin's reputation from Polysciences' abuse of process.

d)  Awarding Griffin damages for Count I for harm to Griffin in the form of emotional stress, mental anguish, humiliation, and any bodily harm resulting from Polysciences' abuse of process.

e)  Awarding Griffin punitive damages for Count I for Polysciences' malicious conduct.

f)  Awarding all other damages to Griffin to make Griffin whole for Polysciences' abuse of process.

g)  Holding Counter Defendant Polysciences and Counter Defendant Knorr jointly and severally liable for Count II.

32

h) Awarding Griffin actual damages of at least $100,000 for Count II and all applicable interest for the harm resulting from Knorr's conduct.

i) Awarding Griffin damages for Count II for harm to Griffin's reputation from Knorr's defamation *per se*.

j) Awarding Griffin damages for Count II for harm to Griffin in the form of emotional distress, mental anguish, humiliation, and any bodily harm resulting from Knorr's conduct.

k) Awarding Griffin punitive damages for Count II for the Knorr's malicious conduct.

l) Awarding all other damages to Griffin to make Griffin whole for Knorr's conduct.

m) Granting such other and further relief as this Court deems appropriate.

## VIII.    DEMAND FOR TRIAL BY JURY

Griffin hereby demands a trial by jury as to all triable issues in this case.

Dated: July 19, 2021                    Respectfully submitted,


_____

Mathew Griffin
20 Vine St
Box 1308
Lansdale, PA 19446-9998
(330) 240-7551
Email: mgriffin1705@gmail.com

*Self-represented Defendant / Counter
Plaintiff
(Pro se)*

34

## CERTIFICATE OF SERVICE

I, Mathew Griffin, hereby certify that on this 19th day of July 2021, a true

and correct copy of the within Defendant Mathew Griffin's Answer and Defenses to

Polysciences' Amended Complaint and Counterclaims, and all supporting

documentation, was filed by emailing to PAED_DOCUMENTS@paed.uscourts.gov

and served upon all counsel of record via ECF notification.

Mathew Griffin
20 Vine St
Box 1308
Lansdale, PA 19446-9998
(330) 240-7551
Email: mgriffin1705@gmail.com

*Self-represented Defendant/Counter
Plaintiff
(Pro se)*

1