UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br>     Plaintiff/Counter-Defendant <br><br> v. <br><br> JOSEPH T. MASRUD, <br> MATHEW GRIFFIN, and <br> SEROCHEM LLC, <br><br>     Defendants/Counter-Plaintiffs. <br><br> MATHEW GRIFFIN, <br><br>     Counter-Plaintiff, <br><br> v. <br><br> SCOTT A. KNORR, <br><br>     Counter-Defendant. | CIVIL ACTION <br><br> DOCKET NO.: 20-cv-03649-PBT |

**PLAINTIFF POLYSCIENCES, INC.'S ANSWER TO DEFENDANTS
JOSEPH MASRUD AND SEROCHEM, LLC'S COUNTERCLAIM
TO PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Polysciences, Inc. ("**Polysciences**") by and through its undersigned counsel, Fox Rothschild LLP, answers the Counterclaim of Defendant, Joseph T. Masrud ("**Masrud**") and Serochem, LLC ("**Serochem**") (Dkt. No. 48) (the "Counterclaim") as follows:

**COUNTERCLAIM**

Polysciences incorporates by reference its allegations in the Amended Complaint. Polysciences denies the allegations in the introductory paragraph of Masrud and Serochem's Counterclaim and denies all allegations of the Counterclaim unless specifically admitted.

## PARTIES

1. Upon information and belief, Polysciences admits the allegations in Paragraph 1 of the Counterclaim.

2. Upon information and belief, Polysciences admits the allegations in Paragraph 2 of the Counterclaim.

3. Denied as stated. Admitted that Polysciences is a Pennsylvania corporation with its principal place of business located in Pennsylvania.

4. Denied as stated. Admitted that Polysciences authorized its pertinent personnel to pursue its claims against Masrud and Serochem as described in the Amended Complaint. *See* docket.

## JURISDICTION & VENUE

5. The allegations in Paragraph 5 set forth legal conclusions to which no response is required. To the extent that a response may be required, Polysciences does not contest the Court's subject-matter jurisdiction over Masrud and Serochem's Counterclaim. Polysciences denies the remaining allegations in Paragraph 5 of the Counterclaim.

6. The allegations in Paragraph 6 set forth legal conclusions to which no response is required. To the extent necessary, Polysciences does not contest the Court's exercise of personal jurisdiction for purposes of this action.

## FACTUAL ALLEGATIONS

7. Polysciences admits that it is a chemical manufacturing company that produces and sells a broad array of products for both industrial and scientific uses, and that PEI is among those offerings. Polysciences denies the remaining allegations in Paragraph 7 of the Counterclaim as stated, and refers to the Amended Complaint.

8. Polysciences admits that instructions to make certain PEI formulations have been publicly available since at least 1983, but denies that instructions how to make Polysciences' proprietary PEI products that are the subject of this litigation have been publicly available. Polysciences denies the remaining allegations in Paragraph 8 of the Counterclaim.

9. Polysciences admits the existence of a patent regarding use of PEI in transfection reactions but the remainder of the allegations, including the duration of the patent and as to the scope of the patent, are legal conclusions to which no response is required. To the extent response is required, Polysciences denies the allegations in Paragraph 9 of the Counterclaim.

10. Polysciences admits that PEI is used as a transfection reagent, among other things, and otherwise denies the allegations of paragraph 10 as overbroad and an oversimplification of certain uses of PEI.

11. Polysciences admits that some articles were published on the use of PEI as a transfection agent prior to July 7, 2015, but otherwise denies the allegations in Paragraph 11 of the Counterclaim.

12. Polysciences denies the allegations in Paragraph 12 of the Counterclaim.

13. Polysciences denies the allegations in Paragraph 13 of the Counterclaim.

14. Polysciences lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Counterclaim, and therefore denies the same.

15. Polysciences admits the allegations in Paragraph 15 of the Counterclaim, except that it does not fully reflect Masrud's responsibilities at Polysciences.

16. Polysciences admits that PEI MAX dissolves in water and that transfection reactions are performed in liquid state, but otherwise denies the allegations in Paragraph 16 of the Counterclaim, which are vague and ambiguous.

17. Polysciences admits that it offers PEI products in liquid and powder form to customers and that it has liquid products sold under the Transporter™ brand in 5 and 50 mL versions that were based on the PEI Max product, but otherwise denies the allegations in Paragraph 17 of the Counterclaim.

18. Polysciences denies that it is based in Philadelphia. Polysciences further denies the statement that Masrud "requested to work for Polysciences remotely" as wrong as stated for it mischaracterizes the conversation. Otherwise, Polysciences admits the allegations in Paragraph 18 of the Counterclaim.

19. Polysciences admits that it hired Masrud as a consultant on or about July 1, 2019, but otherwise denies the allegations in Paragraph 19 of the Counterclaim.

20. Polysciences admits that it terminated Masrud as a consultant on September 6, 2019, but otherwise denies the allegations in Paragraph 20 of the Counterclaim.

21. Polysciences denies the allegations in Paragraph 21 of the Counterclaim.

22. Polysciences denies the allegations in Paragraph 22 of the Counterclaim.

23. Polysciences lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Counterclaim, and therefore denies the same.

24. Polysciences admits the allegations in Paragraph 24 of the Counterclaim.

25. Polysciences admits the allegations in Paragraph 25 of the Counterclaim.

26. Polysciences denies the allegations in Paragraph 26 of the Counterclaim other than admitting it did research on publicly available information about PEI from time to time.

27. Polysciences denies the allegations in Paragraph 27 of the Counterclaim.

28. Polysciences denies the allegations of Paragraph 28 other than it admits that Masrud's counsel sent the attached letter dated July 16, 2020, which should be examined for its

contents. By way of further answer, Polysciences refers to its Amended Complaint, which sets out that Masrud, Serochem, and Griffin improperly used and misappropriated Polysciences' trade secrets and confidential information to develop and market the Serochem PEI products.

29. Polysciences denies the allegations of Paragraph 29 other than it admits that it commenced this action and sought the relief requested in response to Masrud's misappropriation and use of Polysciences' trade secrets and confidential information, as set forth more fully in the Amended Complaint, which speaks for itself.

30. Polysciences denies the allegations of Paragraph 30 of the Counterclaim.

31. Polysciences denies the allegations in Paragraph 31 of the Counterclaim.

32. Polysciences admits that general information about PEI transfection reagents is available in the public domain, but denies the rest of the allegations in Paragraph 32 of the Counterclaim. By way of further answer, Polysciences specifically denies that information relating to the formulation of manufacturing of Polysciences' PEI products is in the public domain.

33. Polysciences denies the allegations in Paragraph 33 of the Counterclaim.

34. Polysciences denies the allegations in Paragraph 34 of the Counterclaim.

35. Polysciences denies the allegations in Paragraph 35 of the Counterclaim.

36. Polysciences denies the allegations in Paragraph 36 of the Counterclaim.

37. Polysciences denies the allegations in Paragraph 37 of the Counterclaim.

38. Polysciences denies the allegations in Paragraph 38 of the Counterclaim.

39. Polysciences denies the allegations in Paragraph 39 of the Counterclaim.

40. Polysciences denies the allegations in Paragraph 40 of the Counterclaim.

41. Polysciences denies the allegations in Paragraph 41 of the Counterclaim. *See* Dkt. Nos. 40 and 46.

42. Polysciences denies the allegations in Paragraph 42 of the Counterclaim. Further answering, it is apparent from Masrud's repeated requests for assistance in reviewing documents that Masrud lacks experience in the use of standard formatting for production and review of electronically stored information in litigation. This is hardly a basis to cast aspersions on Polysciences.

## COUNT 1
### (Abuse of Process)

43. Polysciences reasserts and incorporates by reference its responses to the initial Paragraph and Paragraphs 1 through 42 of the Counterclaim as though fully set forth herein.

44. Polysciences denies the allegations in Paragraph 44 of the Counterclaim.

45. Polysciences denies the allegations in Paragraph 45 of the Counterclaim.

46. Polysciences denies the allegations in Paragraph 46 of the Counterclaim.

47. Polysciences denies the allegations in Paragraph 47 of the Counterclaim.

48. Polysciences denies the allegations of Paragraph 48 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim is barred for the reasons stated in Polysciences' Amended Complaint, namely, that Masrud misappropriated Polysciences' trade secrets and confidential information and breached his contractual obligations to Polysciences.

3. Defense costs are not cognizable damages in an abuse of process claim.

4. The Counterclaim is barred because Polysciences reasonably and in good faith commenced this action and pursued its claims to protect its legitimate interests.

5.	The Counterclaim is barred in whole or in part under the doctrines of unclean hands, waiver, laches, and estoppel.

WHEREFORE, having fully answered, Polysciences prays that this Court deny all relief sought by Masrud and Serochem, enter judgment in favor of Polysciences and against Masrud and Serochem on the Counterclaim, award Polysciences its costs, attorneys' fees, and expenses, and grant Polysciences such other and further relief as this court deems just and proper.


Dated: July 29, 2021							Respectfully submitted,

*/s/ Eric E. Reed*
Eric E. Reed
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741
(215) 299-2150
EReed@foxrothschild.com
*Attorneys for Plaintiff Polysciences, Inc.*