THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br> Plaintiff/ <br> Counter-Defendant, <br><br> v. <br><br> JOSEPH T. MASRUD, MATHEW GRIFFIN, and SEROCHEM, LLC. <br><br> Defendants/ <br> Counter-Plaintiffs. <br><br> MATHEW GRIFFIN, <br><br> Counter-Plaintiff, <br><br> v. <br><br> SCOTT A. KNORR, <br><br> Counter-Defendant. | Civil Case No. 20-cv-03649-PBT |

## Mathew Griffin's Memorandum in Opposition to Polysciences and Scott A. Knorr's Motion to Dismiss Counterclaims

### Preliminary Statement

This memorandum addresses three issues raised in Polysciences and Scott Knorr's motion to dismiss:

Federal Rule of Civil Procedure 13(h) allows the addition of counter-defendants to an action if a right to relief is asserted jointly and any fact common to

1

all counter-defendants will arise. Griffin has asserted a joint counterclaim against Polysciences and its employee, then-non-party Scott Knorr, for defamation with the same factual allegations. Knorr was properly joined to this action.

In Pennsylvania, defamation actions have a one-year statute of limitations. However, the statute of limitations does not begin to run until the plaintiff has discovered or should have discovered his injury. Griffin alleges that he only learned of Knorr's defamation, which occurred in private, about five months before filing his claim. Therefore, Griffin's defamation claim should not be dismissed.

The key element of an abuse of process claim is a primarily improper purpose for using process. In Pennsylvania, an improper purpose can be supported by a lack of probable cause or improper motive. Griffin alleges that Polysciences directed discovery process at him while knowing that the underlying litigation lacked any basis. He further alleges that Polysciences has a clear anticompetitive intent. Griffin has sufficiently alleged the improper purpose element of an abuse of process claim.

## Background

This action began when Polysciences sued Joseph Masrud for trade secret misappropriation and breach of contract.[1] Polysciences later moved to add Mathew Griffin as a defendant.[2] The unopposed motion was granted, and Polysciences'

---

[1] ECF No. 1
[2] ECF No. 24.

complaint against Griffin was filed.[3] In his answer to the complaint, Griffin asserted counterclaims against Polysciences for abuse of process and defamation.[4] Further, Griffin joined Scott Knorr, a Polysciences executive, as a counter-defendant for the defamation claim.[5] In response, Polysciences and Knorr filed a motion to dismiss ("Motion").[6] This memorandum now sets forth why the Motion should be denied.

## Argument

### The Federal Rules of Civil Procedure Allow Adding Knorr to this Action

Rule 13(a) and Rule 13(b) of the Federal Rules of Civil Procedure allow a party to state a counterclaim against any opposing party. Further, Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Rule 20(a)(2) reads:

> "Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action."

---

[3] ECF No. 48.
[4] ECF No. 50.
[5] *Id.*
[6] ECF No. 53

Griffin's counterclaims joined Knorr to this action pursuant to Rules 13(a), 13(b), 13(h) and 20(a)(2). Griffin's counterclaims asserted an abuse of process and defamation claim against an opposing party, namely Polysciences. (Rules 13(a) and 13(b).) Further, Griffin's defamation counterclaim is jointly asserted against Knorr, an employee of Polysciences, using the same factual allegations. (Rules 13(h) and 20(a)(2).) Therefore, Griffin joined Knorr to this action as allowed by the federal rules.

In what is basically an argument at odds with procedural law, Polysciences and Knorr's Motion can only support its position with irrelevant case law.[7] Moreover, one of the Motion's supporting authorities even uses Rules 13(h) and Rule 20(a) to add non-parties as counter-defendants. *See Youell v. Grimes*, 203 F.R.D. 503, 509 (D. Kan. 2001). In *Youell*, the court dismissed a counterclaim against one non-party because it was not a legal entity. However, it then allowed joinder of the other non-parties as counter-defendants to the action. (*Id.*) The court wrote:

> "[T]he [proposed counter-defendants] are not opposing parties within the meaning of Fed. R. Civ. P. 13(a) and (b). That does not, however, automatically preclude Defendants from joining them as counterclaim defendants. The Court must proceed to determine whether they may be joined pursuant to subsection (h) of Rule 13." (Internal quotations omitted.) (*Id.*)

---

[7] *See e.g. Hetch v. Malvern Preparatory Sch.*, 2010 WL 3398957, at *5-6 (E.D. Pa 2010) (dismissing the counterclaims for not being directed at _any_ "opposing party").

4

Strangely absent from Polysciences and Knorr's Motion, however, is any discussion of Rule 13(h) and 20. Instead, their solitary argument is that counterclaims can only be asserted against an opposing party, and therefore Griffin can't make a counterclaim against non-party Knorr. (Motion at Pages 10-11.) This argument's major premise is frivolous because Rule 13(h) literally allows for the "addition of a person as a party to a counterclaim." As such, the Motion makes no credible argument that non-party Knorr cannot be joined to Griffin's counterclaim.

**The Statute of Limitations Does Not Time-Barr Griffin's Defamation Claim**

The statute of limitations for defamation claims in Pennsylvania is one year. (42 Pa.SC.A. §5523(1).) However, Pennsylvania employs a "discovery rule" in such actions: "the statute of limitations does not begin to run until the plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury." *DiNicola v. DiPaolo*, 945 F. Supp. 848, 861 (W.D. Pa. 1996) (citation omitted).

In ruling on a motion to dismiss on statute of limitations, the Court may not look beyond the face of the complaint. Thus, "a 12(b)(6) motion should not be granted on limitations grounds unless the complaint facially shows noncompliance with the limitations period." *Giusto v. Ashland Chemical Co.*, 994 F. Supp. 587, 594 (E.D. Pa 1998).

According to Polysciences and Knorr's Motion, the discovery rule doesn't apply to Griffin's defamation claim because, in their words, "Griffin claimed ... the

alleged defamatory statement was publicly made to multiple people without any attempt at secrecy much more than one year ago". (Motion at Page 10.) This argument is a distortion in three ways. First, Griffin only alleges that Knorr made statements to other Polysciences employees, not "publicly". (Griffin's counterclaims ¶ 31.) Second, Griffin alleges Knorr waited until after Griffin left Polysciences to make the defamatory statements. (*Id.* ¶¶ 17, 31.) Third, Griffin alleges that he only learned of the defamation five months before bringing his claim, and that it occurred less than two years before his claim. (*Id.* ¶¶ 17, 32.)

Polysciences and Knorr's Motion only cites two decisions on summary judgement motions to support its position that Griffin's claim is time barred.[8] However, when this district court has decided on motions to dismiss in similar defamation cases, they have deferred determining the discovery rule's applicability until after discovery. *See e.g., Giusto v. Ashland Chemical Co.*, 994 F. Supp. at 594 (denying motion to dismiss defamation claim arising out of remarks made by a former co-worker on statute of limitation grounds); *Barron v. St. Joseph's Univ.*, 2002 U.S. Dist. LEXIS 12286, 2002 WL 32345690, at *22-27 (E.D. Pa. 2002) (denying motion to dismiss defamation claim arising out of remarks made by a former employer on statute of limitation grounds). In line with these cases, Griffin's

---

[8] *See Dalrylmple v. Brown*, 549 Pa. 217, 229 (1997) (the court declined to apply the discovery rule in deciding a motion for summary judgment on a claim with a two-year statute of limitations when the alleged injury occurred 20 years ago and hinged on the plaintiff's returned memories); *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 443 (E.D. Pa. 1999) (the court declined to apply the discovery rule in deciding a motion for summary judgment in a case of media-public defamation).

claim alleges that the defamatory remarks were by a former co-worker in a private setting. Polysciences and Knorr's Motion completely fails to provide any relevant case law to support dismissal of Griffin's defamation claim. When this is considered with Griffin's factual allegations, there is no basis to dismiss Griffin's defamation claim on the grounds of statute of limitations.

**Griffin's Abuse of Process Claim Shows a Right to Relief is Possible**

In deciding on a motion to dismiss, the court must accept as true all allegations set forth in the complaint, and must draw all reasonable inferences in the plaintiff's favor. *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3rd Cir. 1998). A court may dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil procedure for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3rd Cir. 1997).

To establish a claim for abuse of process it must be shown that "the defendant:

> (1) used a legal process against the plaintiff;
> 
> (2) primarily to accomplish a purpose for which the process was not designed; and
> 
> (3) harm has been caused to the plaintiff." *Rosen v. American Bank of Rolla,* 627 A.2d 190, 192 (Pa. Super. 1993).

Polysciences' argument to dismiss Griffin's abuse of process claim is based almost entirely on conclusory statements of merit. While Griffin strongly disagrees

7

with the Motion's unsubstantiated conclusions, such statements are not relevant to a motion to dismiss, and Griffin objects to converting the Motion to one for summary judgement. *See* Fed. R. Civ. P. 12(d).

When all the incredible conclusions are stripped away, Polysciences' lone contention is this: "Griffin alleges that Polysciences has abused the process by both (1) serving a third-party subpoena on him and (2) amending the Complaint to add him as a defendant. He provides no factual allegations to support why this is an abuse of process." (Motion at Page 7.)

To start, Griffin alleges that Polysciences directed a (1) subpoena, (2) motion to compel, and (3) motion to amend complaint at him. (Griffin's Counterclaims ¶¶ 40, 42.) *See Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 308 (3rd Cir. 2003) (directing discovery against plaintiff supplies the process element); *Shiner v. Moriarty*, 706 A.2d 1228, 1237 (Pa. Super 1998) (any motions filed could supply the element of process).

More importantly, Griffin's allegations detail Polysciences' improper intent in using process. Griffin alleges that Polysciences has tried to coerce him in the past for anticompetitive reasons using its legal counsel. (Griffin's Counterclaims ¶¶ 28-34.) Second, he alleges that his company's products perform the same function as Polysciences' at a lower price. (*Id.* ¶¶ 24-26.) Griffin's allegations assert that Polysciences' entire action lacked probable cause. (*Id.* ¶¶ 35, 38.) *See Shiner v. Moriarty*, 706 A.2d 1236 (lack of probable cause is relevant to abuse of process). Finally, Griffin's factual allegations describe Polysciences' remorseless efforts to

conceal its lack of probable cause. (*Id.* ¶ 39.) Regardless of Polysciences' baseless contentions, Griffin's factual allegations satisfy the elements for abuse of process and his claim should not be dismissed.

## Conclusion

Polysciences and Knorr's motion to dismiss is essentially unwarranted legal contentions, factual distortions, and conclusory statements. First, Rule 13(h) and Rule 20(a)(2) unambiguously allow joinder of Knorr to this action. Second, Griffin's factual allegations and relevant case law only supports the contention Griffin's defamation claim is not time-barred. Finally, his factual allegations laid bare Polysciences' improper purpose in using process against him. The Motion fails to establish any valid reason that Griffin's claims should be dismissed. Accordingly, Griffin respectfully asks the Court to deny counter-defendants' motion in its entirety. Alternatively, should the Court find any defect in his counterclaims, Griffin respectfully asks the Court for leave to amend.

Dated: August 30, 2021

Respectfully submitted,

*signature*

Mathew Griffin
20 Vine St
Box 1308
Lansdale, PA 19446-9998
(330) 240-7551
Email: mgriffin1705@gmail.com

*Self-represented Defendant/Counter-Plaintiff*
*(Pro se)*