THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>   Plaintiff/<br>   Counter-Defendant,<br><br>v.<br><br>JOSEPH T. MASRUD, MATHEW GRIFFIN, and SEROCHEM, LLC.,<br><br>   Defendants/<br>   Counter-Plaintiffs.<br><br>MATHEW GRIFFIN,<br><br>   Counter-Plaintiff,<br><br>v.<br><br>SCOTT A. KNORR,<br><br>   Counter-Defendant. | Civil Case No. 20-cv-03649-PBT |

## Memorandum in Support of Mathew Griffin's Motion to Modify Protective Order

### Preliminary Statement

The Court may modify a protective order when there is a reason and good cause does not exist to maintain the order. Early in this action, Polysciences and Joseph Masrud agreed to a Stipulated Protective Order, which allows the parties to limit designated documents to "Attorneys' Eyes Only." Polysciences then moved to

add Mathew Griffin, an unrepresented non-party, to this action. Polysciences subsequently produced hundreds of pages of documents relevant to Griffin's claims and defenses and designated them "Attorneys' Eyes Only." The Protective Order should be modified so that Griffin may view these relevant documents to pursue his claims and defenses.

## Background

This action began on July 27, 2020, when Polysciences sued Joseph Masrud for trade secret misappropriation and breach of contract. In or around early September 2020, Polysciences and Masrud agreed to a Stipulated Protective Order. (Attached herein as **Exhibit A** and entered by the Court as ECF No. 42.) Section 2 allows any party to this litigation to designate any information, document, or thing as "Attorneys' Eyes Only" (AEO). (*Id.* at Page 2.) As described in Section 7, parties do not have access to AEO-designated documents except in limited circumstances. (*Id.* at Pages 5-6.) Section 7 of the Stipulated Protective Order further states that materials designated AEO may be disclosed to any persons ordered by the Court. (*Id.*)

In response to a subpoena served on Griffin early in this action, Griffin informed Polysciences on September 21, 2020, that he could not afford legal counsel. (Email attached herein as **Exhibit B**.) Following this, on November 25, 2020, Polysciences moved to add Griffin as a defendant to this litigation.[1] After moving to

---

[1] *Polysciences' Motion for Leave to File Amended Complaint.* (ECF No. 24.)

add Griffin as a defendant, Polysciences then produced thousands of pages of documents—many of which are relevant to its claims against Griffin—and designated them as AEO under its Stipulated Protective Order.[2]

In June 2021, Polysciences served Griffin the Amended Complaint. In his response, Griffin filed a counterclaim for abuse of process against Polysciences.[3] After Griffin served his initial disclosures, Polysciences asked Griffin to agree to the Stipulated Protective Order as-is. (Email attached herein as **Exhibit C**.) However, the Protective Order would completely prevent *pro se* defendant Griffin from using relevant AEO documents in this litigation. Accordingly, Griffin declined and proposed an alternative modification. (Email attached herein as **Exhibit D**.) In response, Polysciences' counsel stated: "If you cannot agree to the terms of the protective order, you may move the Court for relief." (Email attached herein as **Exhibit E**.)

On August 2, 2021, Griffin served his first discovery requests on Polysciences. On September 1, 2021, Polysciences answered Griffin's interrogatories with references to hundreds of pages of AEO-designated documents.[4] (Answers to

---

[2] Polysciences' production of documents and its use of AEO designations is described at length in *Masrud's Motion to Compel De-Designation* (ECF No. 38), and *Supplement to Masrud's Motion to Compel De-Designation* (ECF No. 43).
[3] *Griffin's Answer and Defenses to Polysciences' Amended Complaint and Counterclaims* at Pages 29-30 (ECF No. 50).
[4] The list of documents that Polysciences has designated AEO is on the docket as Exhibit D to *Supplement to Masrud's Motion to Compel De-Designation* (ECF No. 43). The list is 184 pages long.

Interrogatories attached herein as **Exhibit F**.) Further, in response to nearly all of Griffin's document requests, Polysciences wrote the following:

> "Polysciences states that it will not produce any documents until Griffin signs, and the Court enters Griffin into, the Protective Order for this case.... Polysciences will not produce any documents designated as Attorneys' Eyes Only absent Griffin obtaining counsel."

(Polysciences' Responses to Griffin's Requests for Production attached herein as **Exhibit G** at Pages 7-39.) To date, Polysciences has produced no documents for Griffin.

Griffin now brings this motion before the Court seeking modification of the Stipulated Protective Order. For the reasons described below, Griffin respectfully asks the Court to add him to the Protective Order and further Order that he be permitted to view documents designated as AEO under the Protective Order.

## Argument

**Griffin's Addition to this Action is Reason to Modify the Protective Order**

Under *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), motions to modify protective orders are governed by the standards applicable to motions for protective orders. "The party seeking to modify the order of confidentiality must come forward with a reason to modify the order." *Id* at 790.

In *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005), the Third Circuit further explained that after a court enters a protective order, "there must be good cause to maintain the order in the face of a motion to vacate it, particularly when,

4

as here, the moving party did not have an opportunity to oppose the entry of the protective order in the first instance."

Polysciences' addition of Griffin to this litigation is reason to modify the Stipulated Protective Order. The Protective Order was stipulated between Masrud and Polysciences in September 2020. Griffin was not added to this action until June 2021. Thus, Griffin had no opportunity to oppose the Protective Order that now directly and heavily impacts his ability to pursue his claims and defenses. Accordingly, good cause must be shown to maintain the Protective Order in the face of Griffin's motion to modify it.

### The Interests Weigh in Favor of Modification of the Protective Order

Once a reason to modify a protective order is established, "the court should then balance the interests.... to determine whether good cause exists for the order." *Pansy*, 23 F.3d at 790. In considering whether good cause is met, the courts should consider the following non-exhaustive factors:

> (1) whether disclosure will violate any privacy interests;
>
> (2) whether the information is being sought for a legitimate purpose or an improper purpose;
>
> (3) whether disclosure of the information will cause a party embarrassment;
>
> (4) whether confidentiality is being sought over information important to public health and safety;
>
> (5) whether sharing of the information among litigants would promote fairness and efficiency;

5

> (6) whether the party benefiting from the order of confidentiality is a public entity or official; and
>
> (7) whether the case involves issues important to the public.

*Glenmede Trust Co v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 787-91). Modification of protective orders with AEO designations involves the same factors. *See e.g., Brand Energy & Infrastructure Servs., Inc. v. Irex Corp.*, No. CV 16-2499, 2017 WL 951213n5, at *11 (E.D. Pa. May 4, 2017).

Regarding the first *Pansy* factor, Polysciences cannot genuinely assert that the modifications would impact its privacy interests. Polysciences explicitly alleges that Griffin has misappropriated numerous trade secrets contained in hundreds of pages of AEO-designated documents. (Exhibit F at Pages 17-20.) Polysciences also contends that "Griffin had access to all the aforementioned documents during his tenure at Polysciences." (*Id.* at Page 20). By making these allegations, Polysciences is estopped from asserting contradictory privacy interests arising simply from Griffin's review of the same documents and information it alleges he stole. Without a legitimate privacy interest, this factor weighs in favor of modification.

Considering the second factor, the modifications would allow Griffin to view information for the legitimate purpose of pursuing his claims and defenses in this litigation. By way of example, Griffin's need to view Polysciences' AEO-designated documents is well-demonstrated by Polysciences' interrogatory answer describing the independent economic value of its purported trade secrets:

6

> "Polysciences states that the value of the Polysciences Trade Secrets can be seen from Polysciences' leading position in the market and high profitability. Polysciences has become renowned for its high quality and superior performance of its PEI Products for transfection. See Amended Complaint at ¶¶ 21, 24, 25-26, 30, 32, 33, 44-45. Additionally, pursuant to Fed. R. Civ. P. 33(d), Polysciences also refers Griffin to the following documents:
>
> - POLYSCIENCES0001199-1202
> - POLYSCIENCES0036204-208
> - POLYSCIENCES0002288-93
> - POLYSCIENCES0002295."

(Exhibit F at Page 15.) Griffin cannot view any of these referenced documents, all of which are AEO-designated. Independent economic value is an essential element of trade secret claims.[5] However, given the above answer, Griffin has no idea what evidence allegedly supports this element of Polysciences' claim. There is a legitimate need for Griffin to view these documents, and so the second factor weighs in favor of modification.

For the third factor, the interests weigh in favor of the modifications because the parties are still equally protected from a public release of any embarrassing information by the unmodified portions of the protective order. As for the fourth factor, this case is not fundamentally about issues relevant to public health and safety. However, because the targeted modifications would not alter the amount of publicly available information, this factor does not weigh strongly in either direction.

---

[5] *See* 18 U.S.C. § 1839(3)(B).

7

Considering the fifth factor, both fairness and efficiency weigh heavily in favor of modification. As argued, Griffin has a legitimate need to view AEO documents to pursue his claims and defenses. Indeed, the need for parties to have access to all relevant AEO documents is understood even when parties have legal counsel. *See e.g., Brand Energy & Infrastructure Servs., Inc. v. Irex Corp.*, No. CV 16-2499, 2017 WL 9512135, at *11 (E.D. Pa. May 4, 2017) (describing an approved protective order in trade secret litigation between direct competitors that allows non-attorney employees of the companies to be designated recipients of AEO documents); *Bobrick Washroom Equip., Inc. v. Scranton Prods.*, No. CV 00853, 2017 LEXIS 32894 *; 2017 WL 928917 at *9 (M.D. Pa. March 8, 2017) (describing how a protective order was fair within the meaning of *Pansy* because it allowed non-attorneys to be designated recipients of AEO documents). Moreover, given Griffin's *pro se* status in this case, his need to access AEO documents is greater. Absent modification, Griffin is in the dark about relevant discovery, and therefore cannot adequately participate in further discovery, hearings, or trial. Accordingly, the fairness factor weighs heavily in favor of the proposed modifications.

In further support of the fifth factor, the proposed modifications would improve efficiency. Polysciences has already produced at least hundreds of pages of AEO-designated documents essential to Griffin's claims and defenses in this action. (Exhibit F at Pages 15, 17-20.) Moreover, Polysciences' current discovery production with Masrud results from over a year of meet and confers, multiple motions to

8

compel[6], and a court order compelling discovery[7]. Without modifications to the Protective Order, discovery between Griffin and Polysciences will need to independently replicate all this effort, which will likely take Griffin even more time as he is *pro se* and has been forced to manage this trade secret litigation in addition to his full-time employment at a non-competing company. Therefore, efficiency considerations weigh heavily in favor of modification.

Finally, this case does not meaningfully involve public entities or public issues. Because the modifications would not change the amount of publicly available information, the sixth and seventh factors do not weigh strongly in either direction.

**Polysciences has not Relied on the Protective Order in Good Faith**

"In determining whether to modify an already-existing confidentiality order, the parties' reliance on the order is a relevant factor." *Pansy*, 23 F.3d at 789. "The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery." *Id.*

Polysciences' actions in this case do not suggest good-faith reliance on the Stipulated Protective Order. Firstly, Polysciences knew early on that Griffin could not afford legal representation. (Exhibit B.) Then, Polysciences moved to add *pro se* Griffin and produced thousands of pages documents—many of which are highly

---

[6] *See Masrud's Motion to Compel Trade Secret Discovery* (ECF No. 22) and *Masrud's Motion to Compel De-Designation* (ECF No. 38).
[7] *See The Court's July 6, 2021 Order* Granting Masrud's Motion to Compel Trade Secret Discovery (ECF No. 47).

9

relevant to its claims against him—and designated them as AEO under the Stipulated Protective Order. (Exhibit F at Pages 15, 17-20; *See also* Exhibit D to *Supplement to Masrud's Motion to Compel De*-Designation, ECF No. 43, for a list of all AEO-designated documents.) Now, Polysciences is trying to strong-arm Griffin into a one-sided Protective Order by holding all its discovery production hostage. (*See* Exhibit G at Pages 7-39.)

Moreover, the record in this action further suggests that Polysciences is not using its AEO designations to facilitate discovery and efficiently resolve this action. *See Masrud's Motion to Compel De-Designation* (ECF No. 38), and *Supplement to Masrud's Motion to Compel De-Designation* (ECF No. 43). Instead, as described at length in Masrud's filings, Polysciences has overused AEO designations, stonewalled against objections from Masrud's counsel, and designated key information AEO to drive up Masrud's legal costs in this action. *Id.* Such scorched-earth tactics violate the spirit of protective orders, and further weigh in favor of modification.

## Conclusion

For the reasons set forth herein, Griffin respectfully asks the court to modify the Protective Order (ECF No. 42) to include Griffin and allow him to view AEO-designated documents.

Dated: October 12, 2021   Respectfully submitted,

*/s/ Mathew Griffin*

Mathew Griffin
20 Vine St
Box 1308
Lansdale, PA 19446-9998
(330) 240-7551
Email: mgriffin1705@gmail.com

*Self-represented Defendant/Counter-Plaintiff*
*(Pro se)*