**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLYSCIENCES, INC.<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH T. MASRUD,<br>MATHEW GRIFFIN, and SEROCHEM LLC.<br><br><br>　　　　　　　Defendants. | Civil Action No. 2:20-cv-03649-PBT |

**SUR-REPLY TO DEFENDANT/COUNTER-PLAINTIFF'S MOTION TO COMPEL
PLAINTIFF/COUNTER-DEFENDANT TO DE-DESIGNATE ITS ATTORNEYS' EYES
<u>ONLY PRODUCTION AND FOR SANCTIONS</u>**

Defendant Joseph T. Masrud ("Masrud") submitted a "Supplement" to his Motion to Compel Plaintiff, Polysciences, Inc. ("Polysciences") to De-Designate its Attorneys' Eyes Only ("AEO") Production and for Sanctions (ECF No. 43) ("the Motion"). Regardless of whether the Court considers the submission, which was filed without leave, Masrud's Motion should be denied.

## I. SUPPLEMENTAL FACTUAL BACKGROUND

Polysciences filed this action to stop its former employee, Masrud, from misappropriating Polysciences' trade secrets and confidential information. *See* ECF No. 1. Masrud directly competes with Polysciences through his company, Serochem, LLC ("Serochem"). Polysciences moved for Leave to File a First Amended Complaint, to join Mathew Griffin ("Griffin") and Serochem as defendants. ECF No. 24. The Court recently granted that motion. ECF No. 42.

### A. The Proposed Stipulated Protective Order

On September 2, 2020, the parties jointly submitted a Stipulated Protective Order to the Court for approval, attached hereto as **Exhibit A** (the "Protective Order"). The Court entered the Protective Order on June 7, 2021 (ECF No. 24), and the parties had abided by the terms of the Protective Order in the interim.

### B. Masrud's Document Requests

Mr. Masrud served his First Request for Production of Documents on August 24, 2020, attached hereto as **Exhibit B**. Masrud then served his Second Request for Production for Documents on October 12, 2020, attached hereto as **Exhibit C**. These requests sought highly sensitive competitive documents and communications with customers and vendors created after Mr. Masrud left Polysciences. These requests also sought highly sensitive documents relating to the proprietary manufacturing and testing procedures Polysciences uses for its PEI Products. Polysciences timely responded to the discovery and produced documents on a rolling basis through a labor-intensive effort to locate, review, and produce responsive documents.

### C. Relevant Conduct and Correspondence Between the Parties Since the Rule 16 Conference

Since the filing of the original Motion to Compel, Polysciences has completed its document production. Polysciences has produced a total of 12,693 documents, of which 2,481 (slightly less than 20%) are marked as AEO. The parties engaged in considerable meet-and-confer processes regarding various discovery disputes, with particular time and attention devoted by Polysciences to addressing Masrud's objections to Polysciences' confidentiality designations. Masrud sent counsel for Polysciences a letter on March 23, 2021, falsely claiming that over one-third of Polysciences' production is designated as AEO, generally objecting to all of said designations, and providing only a handful of specific objections to specific documents. *See* ECF No. 43-1 at Page 3 of 9 to 9 of 9. Counsel for Polysciences then examined the documents and quickly realized that only a little less than **one-fifth** of its document production was designated as AEO, **not** *one-third* as Masrud claimed. Further, after investigating this issue, Polysciences discovered that when near-duplicates (i.e., documents identical for 85% of the content therein) were removed from the total number of AEO documents, only 1,122 documents remained.[1] Many of these documents were therefore just essentially duplicates, containing some minor edits or perhaps another email added to the chain of correspondence. Thus, in a case alleging misappropriation of business-critical trade secrets, Polysciences really designated less than 10% of its documents as AEO.

Counsel for Polysciences responded to Masrud's letter in detail on April 16, 2021. *See* ECF No. 43-2. In said letter, Polysciences stood by its designations, but then clearly stated yet again the specific harm that would befall Polysciences should these documents be shown to Mr. Masrud. Specifically, Polysciences stated:

---

[1] Polysciences represents this fact to the Court but would be more than happy to submit a declaration attesting to same should the Court prefer.

> Mr. Masrud started a directly competing company and the disclosure of the highly sensitive business information contained within these documents is highly likely to cause significant harm to Polysciences if disclosed to Mr. Masrud and/or give Mr. Masrud an unfair competitive position. There is absolutely no need to show Mr. Masrud these documents, which could unfairly refresh his recollection and give him a competitive advantage over Polysciences.
>
> This very same logic applies to testing and customer related communications that occurred *after* Mr. Masrud left Polysciences. Documents relating to audits and testing that were not shared with the public or customers are considered highly sensitive business information and are to be treated as such. Similarly, the mere fact that Mr. Masrud *once* had contact with Polysciences' customers does not preclude AEO status or change the high likelihood that Mr. Masrud will use this information to give Serochem an unfair competitive advantage. Whether a customer or distributor is "likely known" to Mr. Masrud is immaterial. The information is still highly sensitive business information that a direct competitor would unfairly use to its advantage.

ECF No. 43-2 at Page 3 of 4.

After receiving yet another accusatory letter from Masrud on April 26, 2021 (ECF No. 43-3), which again seemingly ignored any of Polysciences' interim meet-and-confer efforts and merely repeated the same arguments, Polysciences, in good faith, agreed to provide an updated detailed log of AEO-designated documents to support its designations. Polysciences produced this log on May 14, 2021 (ECF No. 43-4) ("AEO Production Log").

Masrud seems set on creating a false narrative of oppression by Polysciences. Polysciences has repeatedly (1) identified the trade secrets at issue; (2) provided justification for its AEO designations; and (3) identified the harm should any of these AEO designated documents be shown to Mr. Masrud. However, Masrud continues to ignore all of Polysciences' communications, and instead just continues to repeat the same arguments that best fit his narrative.

To date, Polysciences has produced almost 12,693 documents and after careful review by multiple attorneys has only identified 2,481 as AEO. Polysciences has provided Masrud with an explanation for each such designation. This is simply not an abuse of the designation, nor is it an

attempt to prevent Masrud from defending himself in this litigation. Mr. Masrud has been, and continues to be, on notice of the information and trade secrets Polysciences alleges he misappropriated. Lacking access to the precise details of certain documents does not change his ability to defend his case. Further, the Protective Order to which Mr. Masrud agreed explicitly allows Mr. Masrud to view AEO designated documents under certain circumstances, and for those that he cannot, counsel can either (1) discuss generally the information contained therein to mount a defense; and/or (2) hire an expert to explain the technical information contained within the documents. Polysciences has a right to designate its highly confidential information and trade secrets as AEO to protect itself from significant harm from a direct competitor. Accordingly, the Court should deny the Motion.

II.     **SUPPLEMENTAL ARGUMENT**

   A.     **Polysciences has Provided Good Cause for its "Attorneys' Eyes Only" Designations**

As seen above, Mr. Masrud's discovery requests sought a broad array of documents and communications, including highly sensitive documents and communications with customers and vendors, including confidential pricing information, from *after* Mr. Masrud left Polysciences and began directly competing with Polysciences using Polysciences trade secrets. These requests similarly included highly sensitive documents relating to the proprietary manufacturing and testing procedures Polysciences uses for its PEI Products, which if provided to Mr. Masrud (the owner of the directly competing company Serochem LLC) would obviously provide an unfair competitive advantage. Thus, Mr. Masrud's document requests inherently involved the production of AEO documents. Polysciences, more than once, has explained this position to Masrud, yet, said explanation has apparently fallen on deaf ears.

As noted above, Polysciences took the extra step, and incurred the extra cost, of producing a log specifying the precise AEO category for each AEO-designated document. *See generally* AEO Production Log. Unlike what Masrud's Motion suggests, Polysciences did not just make "exceedingly overbroad AEO designations" to drive up Masrud's litigation costs. Motion at p. 3.[2] Rather, the log provided by Polysciences included specific categories and rationales that justify its AEO designations.[3] *See generally* AEO Production Log. No court rule requires this, but Polysciences undertook this effort in its continuing effort to litigate the matter in good faith. As detailed in Polysciences' opposition (ECF No. 40) these identified categories have been recognized by courts in this District and Circuit as trade secret information, the disclosure of which would cause significant harm to the disclosing party and also qualifies as "highly sensitive business" information, which squarely fits within the precise definition of "Attorneys' Eyes Only" information, documents, or things within the four corners of the Protective Order. *See* Protective Order at ¶ 2. Although the Motion seems to imply that absolutely no documents or information could be marked as AEO in ***any*** trade secret case, the legal precedent dictates otherwise.[4]

---

[2] Notably, it is actually Polysciences who has had its litigation costs unnecessarily driven up by Masrud's unwarranted and unnecessary complaints and motion practice. Polysciences has been forced to continuously respond to these meritless allegations, repeat itself several times, and re-examine its document production multiple times in good faith and in response to counsel's repeated alleged deficiencies.

[3] Polysciences admits that it did change the categories it used in the updated AEO Production Log from its original log produced in December 2020. Polysciences felt these new explanations more appropriately described the information contained within the documents, especially considering it separately and more precisely identified the trade secrets at issue in the case.

[4] Further, it is simply baffling how Masrud continues to claim that Polysciences has "refused to identify with specificity the alleged trade secrets at issues in this case." Motion at p. 3. A simple examination of the record contradicts this allegation. Polysciences has repeatedly provided summaries and descriptions of the precise documents it asserts contain the trade secrets Masrud misappropriated. *See, e.g.*, ECF No. 40-9.

5

Polysciences also has now limited its AEO designations to essentially less than 10% of its entire current production. And the AEO Production Log adequately describes Polysciences' good-faith belief in maintaining the AEO designations.[5] Unlike what the Motion asserts, Polysciences has not made "blanket allegations of harm," (Motion at p. 4) but rather has repeatedly made clear the specific basis as to what significant harm would occur should *any* of the AEO documents be inappropriately disclosed. *See, e.g.*, ECF Nos. 1 and 24; *see also* ECF No. 43-2 at Page 3 of 4. As explicitly stated by counsel for Polysciences, "Mr. Masrud started a directly competing company and the disclosure of the highly sensitive business information contained within these documents is highly likely to cause significant harm to Polysciences if disclosed to Mr. Masrud and/or give Mr. Masrud an unfair competitive position." ECF No. 40-7 at Page 2 of 5; ECF No. 43-2 at Page 3 of 4. Thus, Polysciences has shown good faith in its AEO designations.

### B. Polysciences' AEO Designations do not Prevent Masrud from Defending Himself in this Action

The Motion yet again alleges that Masrud needs access to all of the AEO-designated documents to properly defend himself or prove his case. *See* Motion at p. 6. This is simply not the case and is not consistent with how trade secret cases are routinely litigated. As detailed above, Polysciences has, on multiple occasions, provided summaries and descriptions of the precise documents it asserts contain the trade secrets Masrud misappropriated. The specific descriptions provided by Polysciences to Masrud, especially in the Trade Secret Log, adequately put him on notice as to the information and documents containing the trade secrets that Polysciences alleges

---

[5] Polysciences had multiple attorneys perform multiple reviews of its document production and provided specific justifications for each of its AEO documents. Masrud, however, has not provided his basis for each of his objections, instead proceeding in blanket fashion. Per the terms of the Protective Order, Masrud cannot blanketly object to *all* of Polysciences' designations. Instead, he should go document by document and identify specifically which designations he objects to.

he misappropriated to start his competing company; he does not need access to the *actual* documents to understand and defend his case.  Rather, Polysciences has provided adequate descriptions and information to Masrud for him to understand what trade secrets are at issue in the case, removing the need for him to see the actual documents themselves.

Further, the terms of the Protective Order provide Masrud an opportunity to view some AEO designated documents.  As stated in Paragraphs 4(e) and 7 of the Protective Order, Masrud may view even AEO documents if he "authored or received the Confidential material sought to be disclosed to [him]; or is mentioned, discussed or referred to in the material, but only as to the specific material in which [he] is mentioned, discussed or referred to."  Masrud apparently misunderstands the Protective Order he agreed to and refuses to hear Polysciences' repeated explanations of it, but this is not a basis for the relief requested in the Motion.

The Motion also tries to justify its request by claiming Masrud is "uniquely qualified to understand and interpret this information." Motion at p. 2.  This again is a false narrative.  First, as mentioned above, Masrud can view some of these AEO documents.  Second, for those that he cannot, counsel can broadly describe the nature of the documents to Masrud for him to properly mount his defense.  Finally, if counsel for Masrud does not understand the technical nature of the documents, Masrud can hire an outside expert or consultant to examine and explain the documents.  Because there are several ways for counsel to effectively work with Mr. Masrud to mount a defense that do not involve Mr. Masrud personally viewing the AEO designated documents, and the harm to Polysciences if Masrud were to view these documents would be substantial, the Court should deny the Motion.

### III.  CONCLUSION

For at least the forgoing reasons, Plaintiff respectfully requests that the Defendant's Motion to Compel to De-Designate its Attorneys Eyes Only Production and for Sanctions be denied.

Dated:  June 16, 2021	Respectfully submitted,

<u>*/s/ Eric E. Reed*</u>
Eric E. Reed
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 - direct
(215) 299-2150 - fax
EReed@foxrothschild.com
*Attorneys for Plaintiff Polysciences, Inc.*

8

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on the below date, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to counsel of record.

Date: June 16, 2021                          */s/ Eric E. Reed*
                                                           Eric E. Reed