UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br>      Plaintiff/Counter-Defendant <br><br> v. <br><br> JOSEPH T. MASRUD, <br> MATHEW GRIFFIN, and <br> SEROCHEM LLC, <br><br>      Defendants/Counter-Plaintiffs. | CIVIL ACTION <br><br> DOCKET NO.: 20-cv-03649-PBT |
| MATHEW GRIFFIN, <br><br>      Counter-Plaintiff, <br><br> v. <br><br> SCOTT A. KNORR, <br><br>      Counter-Defendant. | |

**PLAINTIFF POLYSCIENCES, INC. AND SCOTT A. KNORR'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT MATHEW GRIFFIN'S COUNTERCLAIMS**

I.   INTRODUCTION

Defendant Mathew Griffin's ("Griffin") Opposition to Polysciences, Inc. ("Polysciences") and Scott A. Knorr's ("Knorr") Motion to Dismiss (Dkt. No. 54) (the "Opposition") misses the mark and confuses the law. Griffin misunderstands and misstates the standard for a defamation counterclaim, and his arguments do not remedy the issue that the claim is time-barred. Although the Federal Rules do not expressly obligate Griffin to obtain leave of Court to add Knorr, case law teaches that it is proper to do so, and seeking leave would have required Griffin to demonstrate a cognizable claim against Knorr. Further, as much as Griffin might protest to being part of this litigation, Polysciences has followed the evidence in pursuing its claims and properly utilized the processes and procedures to that end. Nothing in Griffin's pleading demonstrates otherwise. Polysciences therefore requests that the Court dismiss Griffin's Counterclaim.

II.   ARGUMENT

   A.   **Griffin's Defamation Per Se Claim is Time-Barred and Must be Dismissed.**

Griffin argues that the "discovery rule" applies to his defamation per se claim against Knorr and Polysciences. Griffin is wrong, and the defamation claim should be dismissed as time-barred.

Griffin barely acknowledges the case law for the proposition that the "discovery rule" does not apply to the defamation claim in the first instance. The "discovery rule," which tolls a claim "until the date of discovery of the [wrongful act], or the date when, by the exercise of reasonable care and diligence, [one] should have discovered the wrongful act," does not apply to this defamation claim. *See e.g.*, *Barrett v. Catacombs Press*, 64 F. Supp. 2d 440, 444 (E.D. Pa. 1999) (quoting Black's Law Dictionary 466 (6th ed. 1991)). The discovery rule *only* applies in rare situations in which "the nature of the injury itself is such that **no amount of vigilance will enable the plaintiff to detect an injury**." *Dalrymple v. Brown*, 549 Pa. 217, 229 (1997) (emphases

added).  Thus, where a party is not deprived "of an opportunity to learn of the alleged injury being perpetrated against him," the discovery rule does not apply.  *Barrett*, 64 F. Supp. 2d at 445.

As mentioned in Polysciences' and Knorr's Motion to Dismiss the Counterclaims (Dkt. No. 53) ("Motion to Dismiss"), the discovery rule does not apply to the current situation because the statement as alleged by Griffin himself was made publicly, without any attempt at secrecy.  Motion to Dismiss at p. 10.  Given the admitted public statement Griffin could have discovered the alleged defamatory statement.  The discovery rule does not apply here.

Griffin cites *DiNicola v. DiPaolo,* 945 F. Supp. 848 (W.D. Pa. 1996) and *Giusto u. Ashland Chemical* Co., 994 F. Supp. 587 (E.D. Pa 1998) to support his argument, but neither of those cases addressed or relied on the discovery rule in reaching their decisions.  Rather, as stated in *Barrett*, "the discovery rule's recitation is not a factor in the decision" of *DiNicola*.  64 F. Supp. 2d at 445.  Similarly, "the court's recitation of the discovery rule being applicable in the defamation context is merely dicta, as the court did not rely on the discovery rule in its decision" in *Giusto*.  *Barrett*, 64 F. Supp. 2d at 444.  The case law on which Griffin relies is irrelevant to the Court's analysis.

Griffin alleges in his pleading that Mr. Knorr made the purportedly defamatory statements in September 2019 to "other Polysciences employees, including at least Tenfelde."  Griffin's Counterclaim at ¶ 52.  Now realizing that this allegation effectively time bars his claim, Griffin attempts to change course to argue that this communication does not qualify as a public "publication" because the "remarks were by a former co-worker in a private setting."  Opposition at pp. 5-7.  In other words, Griffin is now arguing that the alleged statement upon which his defamation claim is based, was in fact **not** a public statement.  In doing so, Griffin only jumps from the frying pan into the fire, in that such a non-public statement is not defamatory.  *See, e.g.*, *Meyers v. Certified Guar. Co., LLC*, 221 A.3d 662, 673 (Pa. Super. Ct. 2019), *reargument denied*

2

(Dec. 16, 2019), *appeal denied*, 237 A.3d 386 (Pa. 2020) (stating internal communication between company employees were "alone not defamatory for lack of publication to a third party"). It is also well established that internal discussions among management and those responsible for disciplinary action in a private setting regarding employee misconduct are immune from defamation claims. *See, e.g., Beyda v. USAir, Inc.*, 697 F. Supp. 1394, 1397-98 (W.D. Pa. 1988) (holding there is a privilege against defamation for statements made by an employee's superiors within the "circle of management responsible for investigation and disciplinary action" as this "ensures that the employer has full opportunity to investigate a complaint and consider his action, and [allows for] free discussion of the charges and all possibly relevant information"); *cf. Day v. Borough of Carlisle*, 2006 WL 1892711, at *13 (M.D. Pa. July 10, 2006) ("Under Pennsylvania common law, employers have an absolute privilege to publish defamatory matters in notices of dismissal **or warning letters**") (internal quotations omitted) (emphasis added). Griffin cannot have it both ways. Either (1) he has alleged that the allegedly defamatory statement was public, and his claim is time-barred because such public statement are not subject to the discovery rule; or (2) he admits that the statement was a **private** conversation within his employer's office, among internal employees, about the employee's potential misconduct, and thus not properly a statement that can be considered defamatory.

In any case, assuming Griffin maintains his initial allegation that the alleged defamatory statement was publicly made on September 23, 2019, Griffin has acknowledged he was in fact put on notice regarding the allegedly defamatory statement. *See* Griffin's Answer to the Amended Complaint (Dkt. No. 50) at ¶ 37 (Griffin admits that he "received the letter attached to the Amended Complaint as **Exhibit 8**") (the "Notice Letter"). The Notice Letter states that "Polysciences recently discovered that you, with Mr. Masrud's permission, authorized

3

Polysciences's AsiaPacific to share trade secret/confidential information to a Taiwanese-based vaccine company without a CDA in place." Notice Letter at p. 1. It then states that "it is suggested that you contact Jennifer Tenfelde at Polysciences to better understand your obligations." *Id*. Thus, even if he did not know the exact details of the allegedly defamatory statement, Griffin was on notice that a statement regarding his conduct was made to Jennifer Tenfelde by September 23, 2019. "The application of the discovery rule requires a plaintiff to use all reasonable diligence to inform himself or herself properly of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period." *I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*, 500 F. Supp. 3d 380, 419 (E.D. Pa. 2020) (internal quotations omitted). Here by his own admission in his Answer to the Amended Complaint, Griffin received the Notice Letter regarding the alleged defamatory statement in September 2019, and thus had ample opportunity to investigate the allegedly defamatory statement within the statutory period but failed to do so. The discovery rule is inapplicable, and his defamation claim is time-barred. *See Primus v. Detective Burnosky*, 2003 WL 1908195, at *13 (E.D. Pa. Apr. 17, 2003) (refusing to apply the discovery rule when although the plaintiff did not know the exact details of the statement, he was informed of the nature of the statement). Alternatively, if the statement was a private conversation within the employer about him as an employee (as Mr. Griffin now argues), he has admitted the statement is not defamatory. Either way, this count must be dismissed.

      **B.**     **Mr. Knorr Must be Dismissed from this Litigation.**

As mentioned above, Griffin's defamation claim should be dismissed, which would remove Knorr from this action. However, Mr. Knorr should also be dismissed as a counterclaim defendant on the procedural basis that he is not an "opposing party" as required by Fed. R. Civ. P. 13. Griffin does not dispute that Knorr is not an "opposing party." *See* Opposition pp. 3-5. Yet, Griffin argues

that Fed. R. Civ. P. 13(h) provides that a party *may* be joined to an action as a counter-defendant under Rules 19 and 20.  *See* Opposition at p. 3.  His argument is misguided.

Griffin misconstrues Polysciences' cited cases and wrongly characterizes them as irrelevant.  For example, the court in *Hecht v. Malvern Preparatory Sch.*, 2010 WL 3398957 (E.D. Pa. Aug. 26, 2010) did not dismiss the counterclaim because it was not directed to *any* party.  *See* Opposition at p. 4.  Rather, the court stated that because counts of the counterclaim were "not directed at an 'an opposing party,' they are not cognizable."  *Hecht*, 2010 WL 3398957, at *6.

Further, Fed. R. Civ. P. 19 and 20 govern the joinder of non-parties.  Mr. Knorr is not a required party under Fed. R. Civ. P. 19 as the Court can still "accord complete relief among existing parties" in his absence.  *See* Fed. R. Civ. P. 19(a)(1).  Fed. R. Civ. P. 20 governs when a party *may* be added to an action.  "Although not required by Rule 13(h), the general practice is to obtain a court order to join an additional party."  6 Fed. Prac. & Proc. Civ. § 1434 (3d ed.).  Knorr is not an "opposing party," and Griffin should have moved the Court to add Knorr as a party prior to asserting his counterclaims so the Court could have properly assessed the validity of his counterclaims.  *See, e.g.*, *GIA-GMI, LLC v. Michener*, 2007 WL 1655614, at *5 (N.D. Cal. June 7, 2007) (dismissing the counterclaim and stating, "[b]e that as it may, the Court is not free to extricate defendants from the obligation to jump through 'procedural hoops' prescribed by the Federal Rules simply because they make bringing claims slightly more burdensome.").  And in fact, Griffin's case law cited in support of his argument involves a "motion for leave to name [an] insurance syndicate and its participating members as parties to counterclaim."  *Youell v. Grimes*, 203 F.R.D. 503 (D. Kan. 2001).  The court in *Youell* allowed the addition of one of the parties under Rules 13(h) and Rule 20(a) because the defendant there filed a motion to add a permissive party first, which provided the Court with the opportunity to access the validity of the proposed

5

claims. *Id*. at 510.  This is precisely the route Griffin should have taken, so that all parties involved could adequately provide their respective positions on the motion to the Court.

Had Mr. Griffin followed this path, he would have learned that his defamation claim was fatally flawed, as noted above.  In any case, the Court is currently without subject matter jurisdiction over the counterclaims against Mr. Knorr, and the claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See Usery v. Duccilli Formal Wear, Inc.*, 1977 WL 1692, at *1 (S.D. Ohio Jan. 5, 1977) (dismissing counterclaim as "improper since the person against whom it is directed is not an 'opposing party' in [the] suit").[1]

### C. Griffin's Abuse of Process Claim (Count 1) is Baseless on its Face and Must Be Dismissed.

It is clear from the pleadings alone that Griffin's abuse of process claim against Polysciences is baseless and therefore must be dismissed.

The allegations in Griffin's Counterclaims on their face fail to state a claim for abuse of process.  He has utterly failed to plead that Polysciences has used a process improperly, i.e., that the process used was not for the purpose for which the process is designed.  *See Cameron v. Graphic Mgmt. Assocs., Inc.*, 817 F. Supp. 19, 21 (E.D. Pa. 1992).  As admitted by Griffin in the Opposition, "Griffin's allegations detail Polysciences' improper **intent** in using process."  Opposition at 8 (emphases added).  However, also false, that allegation is utterly insufficient as "…there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive or spite or an ulterior purpose of benefit to the defendant."  *York Grp., Inc. v. Pontone*, 2013 WL 12142353, at *9 (W.D. Pa. May 22, 2013)

---

[1] Polysciences notes that this point is likely moot because as explained in Section A above, Griffin's defamation per se claim against Knorr, which is the ***only*** claim brought against him, must be dismissed as time-barred under the relevant statute of limitations.

(quoting *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 305 n. 2 (3d Cir. 2003)). Griffin's allegations are void of any indication that Polysciences is using the discovery processes improperly, but rather just focuses on Polysciences alleged wrongful **motive**. This does not properly allege a claim for abuse of process, as confirmed by the cases Griffin himself cites. For example, the court in *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998), which Griffin relies on, specifically stated:

> The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the **Shiners must show [s]ome definite act or threat not authorized by the process**, or **aimed at an objective not legitimate in the use of the process** ...; and there is **no liability** where the **defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions**.

(internal citations and quotations omitted) (emphases added). Although Polysciences denies that it had any "bad intentions" in prosecuting its case, allegations of bad intent alone are simply insufficient for pleading an abuse of process. Griffin's pleadings focus solely on Polysciences' **motive** (i.e., to allegedly harass Griffin and stop competition), and in doing so fail to allege *anywhere* in the pleadings that Polysciences used the process for anything other than the "authorized goal of the procedure."

Serving a subpoena to obtain relevant discovery from a third-party (and moving to compel compliance with it) and amending a complaint with leave of Court to add that very same party does not give rise to an abuse of process claim. Griffin's pleadings are void of any allegations that Polysciences' use of these processes was for anything other than proper purposes. Thus, because Griffin's counterclaim for abuse of process must be dismissed.

### III. CONCLUSION

For at least the above stated reasons, and the reasons stated in the Motion to Dismiss, the Court should dismiss Griffin's Counterclaims with prejudice in their entirety.

7

Dated: September 7, 2021                    Respectfully submitted,

/s/ Eric E. Reed
**FOX ROTHSCHILD LLP**
Eric E. Reed
Steven J. Daroci
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 – direct
(215) 299-2150 – fax
EReed@foxrothschild.com

Gerard P. Norton (*pro hac vice*)
Cali R. Spota (*pro hac vice*)
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
(609) 896-3600 – telephone
(609) 896-1469 – fax
GNorton@foxrothschild.com
CSpota@foxrothschild.com

Jonathan R. Lagarenne (*pro hac vice*)
1225 17th Street
Suite 2200
Denver, CO 80202
(303) 383-7684 – direct
(303) 292-1300 – fax
jlagarenne@foxrothschild.com

*Attorneys for Plaintiff Polysciences, Inc. and Counter-Defendant Scott A. Knorr*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the below date, he filed the foregoing with the Court using the ECF system, which will provide notice and a copy to the parties and counsel of record.


Date: September 7, 2021                                  /s/ Eric E. Reed
                                                         Counsel for Plaintiff and Counter-Defendant