THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JOSEPH T. MASRUD, MATHEW GRIFFIN, and SEROCHEM, LLC., <br><br> Defendants/Counter-Plaintiffs. <br><br> MATHEW GRIFFIN, <br><br> Counter-Plaintiff, <br><br> v. <br><br> SCOTT A. KNORR, <br><br> Counter-Defendant. | Civil Case No. 20-cv-03649-PBT |

**Mathew Griffin's Reply in Support of Motion to Modify Protective Order**

In opposition to Griffin's Motion, Polysciences ignores the fundamental basis for the motion, which is that a defendant cannot be denied access to information that is necessary to his defense.

Instead, it cites *Medina*[1] to suggest that a *pro* se party should not be allowed access to competitive information. However, *Medina* has no application to this case.

---

[1] *Medina v. Microsoft Corp.*, 2014 WL 3884506, at *2 (N.D. Cal. Aug. 7, 2014).

1

First, *Medina* involves a *pro se* plaintiff who has put the company defendant's confidential information at issue.[2] In contrast, this current action involves a company plaintiff putting its own confidential information at issue to sue a former employee, fully aware he could not afford legal counsel, to seek an anticompetitive injunction. Secondly, the *pro se* plaintiff in *Medina* had a criminal history of fraud.[3] Thirdly, the dispute in *Medina* arises from local rule for patent cases in a California district court.[4] In short, Polysciences' reliance on a wildly irrelevant authority only shines a spotlight on its indefensible position.

Polysciences also suggests that *Brand*[5] and *Bobrick*[6] support its position because the court in those cases allowed AEO designations. Polysciences intentionally ignores the point – **despite AEO designations, the parties themselves were permitted access to AEO documents to pursue their defenses**. Both *Brand* and *Bobrick* involved disputes between direct competitors regarding AEO designations. Even though both courts recognized the necessity of AEO designations, the parties were still allowed to review AEO documents to

---

[2] *Medina* at Pages 4-5.

[3] *Id.* at Pages 3-4.

[4] *Id.* at Pages 5-9.

[5] *Brand Energy & Infrastructure Servs., Inc. v. Irex Corp.*, No. CV 16-2499, 2019 WL 9512135 (E.D. Pa May 4, 2017).

[6] *Bobrick Washroom Equip., Inc. v. Scranton Prods.*, No. CV 00853, 2017 LEXIS 32984 *; 2017 WL 928917 (M.D. Pa. March 8, 2017).

defend themselves. Even though the *Brand* court found that some competitively sensitive documents deserved AEO designations, it allowed an employee of each company to view the documents:

> "The parties are currently engaged in determining which individuals to designate pursuant to paragraph 16(d) of the Order, **which allows access of AEO material by one employee of the Receiving Party**, who the receiving party will designate."

*Brand* at *19. (Emphasis added and internal quotations omitted.) The *Bobrick* court declined to modify a protective order that all parties already negotiated twice, but its opinion mentioned that the protective order allowed one employee for each party to be designated an "AEO recipient:"

> "[Plaintiff's CEO] is able to view [AEO information] going forward if [Plaintiff] decides to designate him as its AEO recipient."

*Bobrick* at *9. In contrast, this case does not allow parties access to all documents designated AEO. Despite Griffin making this exact argument in his Motion,[7] Polysciences offers no response at all. Polysciences' lack of a counterargument speaks volumes.

Polysciences' demand that it should be allowed to deny access to the very information it put at issue is patently unjust and lacks any basis in law. For example, in *Core Laboratories v. Amspec,* Civ. A. No. 16-0526-CG-N, 2017 WL 3585420 (S.D. Alabama Aug. 18 2017), the magistrate compelled plaintiffs to remove AEO designations on information it put at issue, stating that:

---

[7] Griffin's Motion (ECF 56-1) at Page 8.

> "[t]he Plaintiffs are the parties who have put trade secrets and otherwise sensitive financial information at issue through the claims in their complaint. Having done so, they may not then prejudice the Defendants' ability to defend against those claims by insisting that the Defendants not be able to examine and consult with their counsel about such key information that is being presented against them."

*Id.* \* 1. *See also, Mitchell Int'l Inc. v. Healthlift Pharmacy Services, LLC,* Case No. 2:19-cv-000637-RJS-DAO 2020 WL 2736094 at \* 2-3 (D. Utah May 26, 2020) (rejecting Plaintiff's motion in a trade secret misappropriation case to designate interrogatory responses regarding the identity of the misappropriated trade secrets as AEO, noting that it would prevent defendants from defending against the misappropriation claim). In this case, Polysciences has denied Griffin access to the very information necessary to his defense by using AEO designations, as it has already done with Masrud[8]. Polysciences should not be allowed to use a Stipulated Protective Order, especially one that *Griffin is not even a Party to*, as a wall to deprive Griffin (or any other defendant) of his fundamental right to defend himself.

Polysciences further tries to justify denying Griffin its AEO-designated documents by saying it also produced irrelevant AEO documents. However, Polysciences does not deny Griffin's assertion that hundreds of pages of AEO documents are relevant to his defenses. Neither does it deny that if Griffin consented to the Stipulated Protective Order as-is, he would lack access to relevant documents. Instead, Polysciences states that Griffin should get "counsel and/or a

---

[8] *See Masrud's Motion to Compel De-Designation* (ECF No. 38); *and Supplement to Masrud's Motion to Compel De-Designation* (ECF No. 43).

4

third-party expert" to defend himself without offering any relevant case law or evidence to support this demand.

Above all else, Polysciences' inequitable goals and abusive tactics weigh heavily in favor of Griffin's Motion. Polysciences is essentially trying to use Griffin's lack of money to make it impossible for him to defend himself purely so it can stop future competition. Absent Griffin consenting to its prejudicial protective order, Polysciences has flouted that it will refuse to produce any documents for Griffin without the intervention of the Court.[9] Accordingly, Griffin respectfully asks the Court to grant his Motion and allow him to view AEO documents.

Dated: November 9, 2021

Respectfully submitted,

*[signature]*

Mathew Griffin
20 Vine St
Box 1308
Lansdale, PA 19446-9998
(330) 240-7551
Email: mgriffin1705@gmail.com

*Self-represented Defendant/Counter-Plaintiff*
*(Pro se)*

---

[9] Polysciences' Responses to Griffin's First Request for Production (ECF No. 56-10) at Pages 7-39. (Nearly every response includes "Polysciences states that it will not produce any document until Griffin signs, and the Court enters Griffin into, the Protective Order for this case.... Polysciences will not produce any documents designated as Attorneys' Eyes Only absent Griffin obtaining counsel" [internal quotations omitted]).