IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH T. MASRUD,<br>MATHEW GRIFIN, and<br>SEROCHEM LLC,<br><br>    Defendants/Counter Claimants.<br><br>MATHEW GRIFFIN,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>SCOTT A. KNORR,<br><br>    Counter-Defendant. | Civil Action No. 2:20-cv-03649-PBT |

**<u>ORDER</u>**

AND NOW, this _____ day of _____ 2022, upon consideration of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37(b), it is ORDERED that Defendants' Motion is GRANTED.

Plaintiff's Amended Complaint is dismissed without prejudice, and the stipulated Temporary Restraining Order (ECF 9) is hereby vacated. The Amended Complaint shall be reinstated, if within twenty (20) days of the date of this Order by motion for reinstatement Plaintiff can show that it has fully complied with the Court's Order dated July 6, 2021 (ECF 47) by having served Defendants with a sworn supplemental answer to Masrud's Interrogatory No. 5

and Serochem's Interrogatory Nos. 1, 2, and 3 setting forth with reasonable particularity the confidential information and trade secrets it alleges Defendants misappropriated. Reasonable particularity requires:

- explanation of the identity of each claimed trade secret with the removal of catch-all categories and a clear explanation about why each is unique, distinct and qualified for protection;

- differentiation between each claimed trade secret and matters of general knowledge in the trade, special knowledge of those persons skilled in the trade, or publicly available information;

- for any alleged combination or compilation of information, a description of the particular combination of components with the removal of catch-all categories, how those components were combined in a secret process, how the combination operates to meet the legal requisites of a trade secret, and how each claimed trade secret combination differs from every other claimed trade secret.

Any supplemental response to these interrogatories, including any documents referenced in response to these interrogatories, may only be designated "Attorney's Eyes Only" by leave of Court after the filing of a motion for AEO protection upon a specific showing of a substantial likelihood of significant harm as to each alleged misappropriated trade secret. To the extent that Plaintiff references any documents as containing alleged trade secrets, it must specify (without reference to categories) the precise contents of the document that contain the trade secrets.

FURTHER, Defendants are awarded all attorney's fees and expenses associated with the filing of this Motion.

_____
PETRESE B. TUCKER, U.S.D.J.