IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYSCIENCES, INC. | : |
| Plaintiff, | : Civil Action No. 2:20-cv-03649-PBT |
| v. | : |
| JOSEPH T. MASRUD, MATHEW GRIFFIN, and SEROCHEM LLC, | : |
| Defendants/Counter Claimants. | : |
| MATHEW GRIFFIN, | : |
| Counter-Plaintiff, | : |
| v. | : |
| SCOTT A. KNORR, | : |
| Counter-Defendant. | : |

**DEFENDANTS' MASRUD AND SEROCHEM'S OPPOSITION TO POLYSCIENCES'
MOTION TO COMPEL ATTENDANCE AT ORAL DEPOSITION**

As Defendants have repeatedly pointed out, Polysciences did not file this action to protect a legitimate trade secret, but rather to quash legitimate and fair competition. By the end of this July, this case will have been pending for two years. Nevertheless, to date, and despite the Court's July 6, 2021 Order compelling it to do so (ECF 47), Polysciences has not – *because it cannot* – identified its alleged missapropriated trade secrets with "reasonable particularity." Not only is this fatal to its claims, it warrants the dismissal of Polysciences' claims as set forth in Defendants' February 4, 2022 Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 37(b) (ECF 64). While this Motion is pending, the Court has not issued a trial schedule.

1

In the meantime, it would be fundamentally unfair to allow Polysciences to depose Defendants and gain additional competitive information from them when it cannot even articulate a proper basis for its claims and when Polysciences has already used confidential information produced by Defendants in this case to interfere with Serochem's customer relationships.[1]

It should also be noted that unless and until the Court grants Masrud's pending Motion to Compel the de-designation of Polysciences' AEO Production (ECF 38, 43), Defendants cannot adequately prepare for or participate in the depositions of Polysciences.  Thus to allow Polysciences to depose Defendants while these motions are pending not only gives Polysciences additional competitive information to which it is not entitled, it gives Polysciences the unfair advantage of one-sided depositions and will force Defendants (who are already operating in the red due to this litigation) to bear significant additional, potentially unnecessary, litigation costs and time when Polysciences' claims are subject to potential dismissal.

On March 24, 2022, the Court heard oral argument on all pending motions, including Defendants' Motion to Dismiss and Motion to De-Designate.  It suggested a tentative trial date the week of October 10, 2022 stating that it would decide these pending motions shortly.  Since then, no Scheduling Order has been entered and these two motions remain pending.  At this point, an October trial date is no longer feasible, and Defendants continue to object to any trial where they are denied the opportunity (for all of the reasons set forth in the pending motions) to adequately prepare for and participate in their own defense.

---

[1] When Polysciences learned through Serochem's Confidential discovery that Serochem intended to distribute its products through Milliporesigma ("Sigma"), it immediately reached out to Sigma to seek to distribute its competing PEI products through Sigma.  After Sigma declined, Polysciences issued a third-party subpoena upon Sigma.  The 30(b)(6) Notice of Deposition directed to Serochem (attached hereto as **Exhibit "A"**) seeks the identity of all actual and prospective customers, Serochem's future development plans, changes made to the formulation of its products, and other confidential competitive information that may similarly be used to unfairly compete against Serochem and that, absent Polysciences' compliance with the Court's Order – have no apparent bearing on any alleged misappropriated trade secret.

Contrary to Polysciences' statement that Defendants have not moved to stay discovery – they did.  Defendants' August 30, 2021 letter motion is attached hereto as **Exhibit "B."**  Nevertheless, and irrespective of this fact, none of the cases cited by Polysciences are on point.

A trade secret plaintiff is generally not entitled to discover competitive information from the defendant when (as here) it has not (or cannot) identified the alleged misappropriated trade secrets.  *See, e.g.*, *Struthers Sci. & Int'l Corp. v. Gen. Foods Corp.*, 51 F.R.D. 149, 154 (D. Del. 1970) (denying trade secret plaintiff's motion to compel deposition of defendant, reasoning that although plaintiff had adequately described some of its alleged trade secrets, it must first adequately describe its alleged "unique combination" trade secret before being permitted to depose the competitor defendant).  Polysciences does not need any further discovery from Serochem to identify its catch-all allegation that it has an alleged proprietary "unique combination" of publicly available information.  Like the plaintiff in *Struthers*, it should not be permitted further discovery into Serochem's confidential and/or proprietary information when it cannot adequately describe the alleged catch-all combination.

Indeed, even where a plaintiff identifies a bona fide trade secret, it does not give the plaintiff a "blank check" to all of defendant's confidential information concerning its competitive operations.  *Id.* (limiting plaintiff's discovery to the specific trade secrets it claims were disclosed to defendant).

Defendants have been seeking the Court's assistance with respect to Polysciences' abuses of this action – and its attempt to use a "blank check" during discovery from the very start.  *See, e.g.*, November 24, 2020 Motion to Compel Trade Secret Discovery (ECF 22); January 6, 2021 Motion to Compel the De-Designation of Polysciences' AEO Production (ECF 38); June 15, 2021 Supplement to Motion to Compel De-Designation of Polysciences' AEO Production (ECF 43); August 30, 2021 Letter Motion to Stay Polysciences' Discovery; and February 4, 2022

Motion to Dismiss (ECF 64). Polysciences should not be permitted to continue to proceed unchecked simply because the Court has yet to decide these critical motions.

    For all of the reasons set forth above, and set forth in Defendants' pending motions, Defendants respectfully request that Polysciences' Motion be denied.

                                                                        Respectfully submitted,

Dated: June 23, 2022                       HOMANS PECK LLC

                                                    /s/ Julianne L. Peck
                                                    Julianne L. Peck, Esquire
                                                    43 Paoli Plaza #426
                                                    Paoli, PA 19301
                                                    Telephone: (215) 868-6214
                                                    jpeck@homanspeck.com

                                                    *Attorney for Defendants/Counter-Claimants*
                                                    *Joseph T. Masrud, Serochem LLC*