**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POLYSCIENCES, INC., | **CIVIL ACTION** |
| Plaintiff/Counter-Defendant | |
| v. | DOCKET NO.: 20-cv-03649-PBT |
| JOSEPH T. MASRUD, MATHEW GRIFFIN, and SEROCHEM LLC, | |
| Defendants/Counter-Plaintiffs. | |

**PLAINTIFF POLYSCIENCES, INC.'S REPLY IN SUPPORT OF**
**MOTION TO COMPEL ATTENDANCE AT ORAL DEPOSITION**

The core dispute giving rise to this motion is that Defendants Joseph T. Masrud ("Masrud") and Serochem LLC's ("Serochem") (collectively, "Defendants") believe that they should not have to appear for deposition until the Court rules on pending motions, and they receive some ephemeral level of additional disclosure of the trade secrets that they misappropriated. This is not consistent with the Federal Rules of Civil Procedure or the Court's scheduling order. The Motion to Compel should be granted.

Plaintiff Polysciences, Inc. ("Polysciences") has repeatedly addressed most of Defendants' inaccurate arguments about trade secret disclosures in its prior briefings and during the oral argument that was held before the Court of March 24, 2022. Again, Polysciences has repeatedly identified its trade secrets with particularity to Defendants. Polysciences does not waste the Court's time by repeating its responses here but must address a few points.

First, Polysciences emphasizes its surprise and disappointment that Defendants still have not hired an expert. This underscores Defendants' belittlement of the case and refusal to take the allegations against them seriously. Defendants claim that they cannot "adequately prepare for or participate in the depositions of Polysciences," because documents are marked "Attorneys' Eyes Only." The Opposition at p. 2. Yet, as already explained, the Protective Order provides exceptions under which Defendants can view documents marked as "Attorneys' Eyes Only." Further, counsel can view and describe the contents of these documents to Defendants, without revealing the highly sensitive portions of the documents. To the extent counsel for Defendants does not understand the scientific nature of the documents, Defendants could have, and frankly should have, hired an expert to help work through the documents. That is a function of an expert in nearly all cases, and certainly in cases of trade secret misappropriation. Polysciences cannot be faulted for Defendants' refusal to take the basic step of hiring an expert.

Second, contrary to Defendants' statements, Polysciences is not "interfering" with Serochem's customer relationships. As Defendants are aware, MilliporeSigma was a customer of Polysciences while Mr. Masrud was still employed at Polysciences. Mr. Masrud, upon starting Serochem, contacted an individual at MilliporeSigma that he only knew because of his time at Polysciences. Polysciences still has a relationship with MillisporeSigma. Polysciences suspected Defendants' attempt to steal its customers, including MilliporeSigma, long before it received discovery from Defendants. In fact, Defendants excluded MillipsoreSigma from the prohibited customer list provided in the stipulated Temporary Restraining Order, entered almost two years ago. This also raised red flags. Polysciences was forced a year later to serve a third-party subpoena on MilliporeSigma because Defendants refused to provide the requested documents and information themselves. Issuing a subpoena to a non-party in possession of discoverable information is not a retaliatory action as Defendants suggest. The argument echoes that raised by Mr. Griffin in his now-dismissed abuse of process claim.

Third, Defendants' continued refusal to provide "future development plans, changes to the formulation of its products, and other confidential competitive information" is improper. The Opposition at p. 2, n. 1; *see also* Objections to Notice of Deposition of Serochem Pursuant to Fed. R. Civ. P. 30(B)(6) attached hereto as **Exhibit A** (repeatedly objecting to providing discoverable testimony relating to Serochem's future development and marketing plans and other confidential information). As Defendants acknowledge, the Protective Order allows Defendants to produce this information under the "Attorneys' Eyes Only" designation to prevent anyone at Polysciences from learning any highly sensitive and/or competitive information. There is no risk of Polysciences gaining an unfair competitive advantage as only counsel and independent experts, who have agreed to the confidentiality obligations of the Protective Order, would be privy to such

2

documents.  These items are properly discoverable within the parameters of the Protective Order. This is not a valid basis to withhold information.

Further, this sort of information is highly material to both liability and damages in this case. By way of example, Polysciences has identified trade secrets in both its non-GMP and GMP PEI Products.  It is highly probable that the development of GMP PEI Products is in Serochem's future development plans.  Such discovery is not a "blank check" to all of Serochem's confidential information as Defendants suggest, but rather requests for specific information to establish the parameters of Defendants' actions and planned actions, and the repercussions of that conduct. Opposition at p. 3.  Polysciences is entitled to test its theories of the case, both through written discovery and oral deposition, and Polysciences is seeking specific material information to precisely do that. Further, as noted above, under the Protective Order Serochem can identify any sensitive commercial information as "Attorneys Eyes Only" to limit disclosure to counsel and independent experts who abide by the Protective Order.

Fourth, Defendants have not properly moved for a stay of discovery.  Even if they had, there is no basis to stay discovery for the reasons outlined above and in Polysciences' Motion to Compel.

Fifth, and finally, this case is scheduled for trial in October 2022, some 27 months since it was filed.  There is no need to delay this case any further.  Assuming the Court allows depositions to proceed, the parties can complete discovery by August, which would provide sufficient time to prepare for trial in October.

For at least the above stated reasons, and the reasons stated in the Motion to Compel Attendance at Oral Deposition, the Court should grant Polysciences' Motion and require Defendants to appear for deposition in July 2022 in Philadelphia.

3

Dated: June 29, 2022

Respectfully submitted,

*/s/ Cali R. Spota*
**FOX ROTHSCHILD LLP**
Eric E. Reed
Steven J. Daroci
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2741 – direct
(215) 299-2150 – fax
EReed@foxrothschild.com

Gerard P. Norton (*pro hac vice*)
Cali R. Spota (*pro hac vice*)
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
(609) 896-3600 – telephone
(609) 896-1469 – fax
GNorton@foxrothschild.com
CSpota@foxrothschild.com

Jonathan R. Lagarenne (*pro hac vice*)
1225 17th Street
Suite 2200
Denver, CO 80202
(303) 383-7684 – direct
(303) 292-1300 – fax
jlagarenne@foxrothschild.com

*Attorneys for Plaintiff Polysciences, Inc.*

4